**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
James C. Vandermark, Esq.
810 Seventh Avenue, Suite 500
New York, NY 10019
(212) 631-4417
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel for Mr. Wei Cheong Tan and Ms.
Christina Khoo in Their Capacity as Joint
and Several Liquidators for Debtor J.G.
Jewelry Pte. Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| J.G. JEWELRY PTE. LTD., | |
| Debtor in Foreign Proceeding. | Case No. 26-22156 (SHL) |

## MOTION OF FOREIGN REPRESENTATIVES FOR AN ORDER FOR RECOGNITION OF FOREIGN MAIN PROCEEDING FOR J.G. JEWELRY PTE. LTD. (IN LIQUIDATION) AND CERTAIN RELATED RELIEF

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

Wei Cheong Tan (NRIC No. S7922708J) and Christina Khoo (NRIC No. S8128734A)

c/o Deloitte Singapore SR&T Restructuring Services Pte. Ltd. of 6 Shenton Way #33-00 OUE,

Downtown 2, Singapore, 068809, Singapore, in their capacity as the joint and several liquidators

and authorized Foreign Representatives (each a "Foreign Representative," and collectively, the

"Foreign Representatives") of J.G. Jewelry Pte. Ltd. (in Liquidation) (the "Chapter 15 Debtor") and

in support of recognition of the *Voluntary Chapter 15 Petition* (the "Verified Petition") filed

contemporaneously herewith, [1] moves the Court (this "Motion") and for an entry of an order for

---

[1] This Motion is also supported by declarations by the Joint Liquidators and the Chapter 15 Debtor's Singapore
Counsel, which will be filed following the Lunar New Year holiday.

*Recognition of Foreign Main Proceeding for J.G. Jewelry Pte. Ltd. (in Liquidation) and Certain Related Relief* pursuant to sections 105(a), 1504, 1508, 1509, 1510, 1512, 1515, 1516, 1517, and 1520 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Foreign Representatives have filed herewith the *Joint Declaration of Mr. Wei Cheong Tan and Ms. Christina Khoo in Support of (I) Motino of Foreign Representative for an Order Recognizing Foreign Main Proceeding and (II) Voluntary Chapter 15 Petition* and state as follows:

## PRELIMINARY STATEMENT

1.    The Chapter 15 Debtor is being liquidated by an order of the High Court of the Republic of Singapore (the "Singapore High Court") dated June 16, 2025 (the "Winding-Up Order"), made in HC/CWU 114/2025 (the "Singapore Liquidation Proceeding"). A certified copy of the Winding-Up Order is attached to the Verified Petition.

2.    The Foreign Representatives have commenced the above-captioned chapter 15 case (this "Chapter 15 Case") to obtain this Court's recognition of that Singapore Liquidation Proceeding and aid the Foreign Representatives in realizing the assets of the Chapter 15 Debtor for distribution to its creditors and resolving creditor claims against the Chapter 15 Debtor.

3.    Pursuant to section 1517 of the Bankruptcy Code, the Singapore Liquidation Proceedings should be recognized as a foreign main proceeding. Each of the requirements under section 1517 are met:

a.    The Singapore Liquidation Proceeding is pending in Singapore, the country where the Chapter 15 Debtor was formed, had its principal place of business and operated, such that the center of the Chapter 15 Debtor's main interest was in Singapore. Further, the Singapore Liquidation Proceeding is a proceeding intended for the liquidation of the Chapter 15 Debtor pursuant to the Singapore Insolvency, Restructuring and Dissolution

-2-

Act 2018.   Thus, the Singapore Liquidation Proceeding fits within the meaning of a "foreign main proceeding" under sections 101(23) and 1502 of the Bankruptcy Code.

b.   The Foreign Representatives are persons that have been appointed pursuant to the Winding Up Order by the Singapore High Court to liquidate the Chapter 15 Debtor and are authorized to administer the liquidation of the of the Chapter 15 Debtor's assets and affairs, and thus, each Joint Liquidator fits within the meaning of a "Foreign Representative" under section 101(24) of the Bankruptcy Code.

c.   This Petition satisfies the requirements of section 1515 and Fed. R. Bankr. P. 1007(a)(4) as the documents filed therewith include (i) a certified copy of the Winding Up Order, (ii) a statement identifying all foreign proceedings, (iii) a corporate ownership statement, (iv) a list containing all persons authorized to administer foreign proceedings, all parties to litigation pending in the United States, and all entities against whom provisional relief is sought, and (v) all documents are in English.

4.   The Chapter 15 Debtor has, *inter alia*, claims totaling nearly $37 million against certain U.S. companies, while, on the other hand, substantial claims have been asserted against the Chapter 15 Debtor in the State Court Action (defined below) pending before the Supreme Court of New York, County of New York.   These claims all arise out of the same series of transactions but are being litigated piecemeal in Singapore and in the United States leading to duplicative, unjust results.

5.   Requiring the Foreign Representatives to expend estate resources to litigate the same issues in two separate forums (the U.S. and Singapore) is antithetical to the purpose of chapter 15 and the comity that should be afforded to foreign insolvency proceedings. It is also prejudicial to the interest of the Chapter 15 Debtor's other creditors. This Court's recognition of the Singapore

Liquidation Proceeding as a foreign main proceeding will facilitate the fair, coordinated, and efficient administration of the liquidation of the Chapter 15 Debtor in Singapore.

6.      Accordingly, and consistent with the purpose and scope of chapter 15 of the Bankruptcy Code, the Foreign Representatives have filed the Verified Petition to achieve the fair and efficient coordination and administration of the Singapore Liquidation Proceeding and to protect the interests of the creditors and other stakeholders of the Chapter 15 Debtor.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New York, entered on July 10, 1984, and amended on February 11, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8.      The Foreign Representatives properly commenced this Chapter 15 Case pursuant to chapter 15 of the Bankruptcy Code by filing a petition for recognition of the Singapore Liquidation Proceeding under section 1515(a) of the Bankruptcy Code accompanied by all documents and information required by section 1515(b) and (c).

9.      The Foreign Representatives consents to the entry of a final order by the Court in connection with this Motion to the extent the Court later determines that, absent consent of the parties, it cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10.     Venue is proper before the Court pursuant to 28 U.S.C. § 1410.

51488370v.2

## BACKGROUND

**I.     The Chapter 15 Debtor**

11.     The Chapter 15 Debtor is a private company limited by shares incorporated in Singapore. Prior to its liquidation, the Chapter 15 Debtor was principally a holding company engaged in the wholesale trade of diamonds and fine jewelry.

12.     As of the Foreign Representatives' appointment on June 16, 2025, as joint and several liquidators of the Chapter 15 Debtor, all authority of the directors, officers, and equity owners to act on behalf of the company was terminated under Singapore law.

**II.    The Chapter 15 Debtor's Property, Including Property Located in the United States**

13.     As of the date hereof, the Chapter 15 Debtor owns property in the United States, including, without limitation, (a) interests in a USD $10,000 retainer with Foley & Lardner LLP, former counsel to the Foreign Representatives, (b) interests in a USD $24,975 retainer with White and Williams LLP, counsel to the Foreign Representatives, which funds are held in an account with Wells Fargo, N.A. located in Pennsylvania, (c) $4,431.87 held in a bank account at Israel Discount Bank of New York located in New York, (d) certain files and other materials held by Binder & Schwartz LLP, prior counsel, located in New York, and (e) balance of Settlement Sum due from TJCNY, and (f) receivables due from the 3 JDM Entities – save for MBI. The Debtor also holds claims against persons and entities located in the U.S.

**III.   The Singapore Liquidation Proceeding**

14.     Today, the Foreign Representatives continue to administer the affairs of the Chapter 15 Debtor in Singapore under the general supervision of the Singapore High Court. Among other acts, the Foreign Representatives are undertaking efforts to administer the assets of the Chapter 15 Debtor and adjudicate the claims of the Chapter 15 Debtor's creditors.   The Foreign

Representatives have also been conducting regular meetings with the estate's creditors, to keep the creditors informed, including with respect to the developments described herein. The Foreign Representatives remain engaged in the process of realizing the assets of the Chapter 15 Debtor for distribution to its creditors.

15.     Accordingly, the liquidation process of the Chapter 15 Debtor remains ongoing in Singapore under the Foreign Representatives' direction and subject to the supervision of the Singapore High Court.

## IV.    Events Leading to the Commencement of the Chapter 15 Case

### A.    The Parties' Business Arrangement

16.     The Chapter 15 Debtor is in the business of trading jewelry products and contracted with various suppliers, vendors and end-customers.

17.     In 2015, Shree Ramkrishna Exports Pvt., Ltd ("SRKI"), The Jewelry Company ("TJCI", collectively with SRK, the "SRK Entities") and TJC Jewelry, Inc. ("TJCNY"), on the one hand, entered into a business arrangement with the Kriss Brother's companies: JDM Import Co., Inc. ("JDM"), MG Worldwide LLC ("MGW"), Miles Bernard, Inc. ("MBI"), Asia Pacific Jewelry, L.L.C. ("APJ," and collectively with JDM, MGW, and MBI, the "JDM Entities"), on the other hand, wherein (i) the SRK Entities sold tens of millions of dollars' worth of diamonds and various kinds of jewelry (collectively, the "Goods") to the Chapter 15 Debtor, (ii) the SRK Entities shipped the Goods directly to the JDM Entities and TJCNY, (iii) the Chapter 15 Debtor invoiced the JDM Entities and TJCNY for the Goods, and (iv) the JDM Entities and TJCNY would sell the Goods to third party retailers (such as Macy's, Zales and JCPenny) (the "Parties' Business Arrangement").

-6-

18.     The Chapter 15 Debtor relied on payment by the JDM Entities of the invoices JGJ issued them for revenue to pay the invoices issued by the SRK Entities to JGJ.

**B.     The New York State Court Action**

19.     The Parties' Business Arrangement soon broke down and on December 28, 2017, TJCNY commenced an action before the Supreme Court of the State of New York, New York County (the "State Court"), Index No. 657583/2017, seeking to recover, *inter alia*, certain loose diamonds, personal jewelry, books and records and other personal property purportedly held by the JDM Entities and related damages.   On March 27, 2018, the Chapter 15 Debtor (under the direction and control of the Kriss Brothers) and JDM Entities commenced an action against the SRK Entities and TJCNY in the State Court, under Index No. 651469/2018.   These actions were later consolidated under lead case no. 651469/2018 (the "State Court Action").

20.     On April 23, 2018, the SRK Entities commenced an action against the Chapter 15 Debtor before the High Court of the Republic of Singapore (the "Singapore Trial Court") under case no. HC/S 418/2018 (the "Singapore Action") seeking recovery for $25,611,534.16 worth of diamonds, jewelry, and other goods that were sold to the Chapter 15 Debtor but delivered to the JDM Entities and other end customers pursuant to the Parties' Business Arrangement.  On January 18, 2024, the Singapore Trial Court entered judgment in favor of the SRK Entities against the Chapter 15 Debtor in an amount of $19,566,846.40 as reasonable compensation for unpaid diamonds and jewelry.  The parties appealed.

21.     On March 7, 2025, the Appellate Division of the High Court of Singapore (the "Singapore Appellate Division") issued its judgment and ordered the Chapter 15 Debtor to pay the full, outstanding invoiced amounts for diamonds and jewelry provided by the SRK Entities, totaling approximately $25,611,534.16.

-7-

22.     On January 30, 2026, the JDM Entities filed their Second Amended and Supplemental Complaint (the "SASC") in the State Court Action asserting certain claims against the SRK Entities and TJCNY arising under the same series of transactions underlying the Parties' Business Arrangement.

23.     On February 18, 2026, the SRK Entities and TJCNY filed their Amended Answer and Amended Counterclaims in the State Court Action asserting certain claims against the Chapter 15 Debtor and the JDM Entities arising under the same series of transactions underlying the Parties' Business Arrangement.

24.     Based on the documents currently available to the Foreign Representatives, as of the commencement of the State Court Action, the JDM Entities owed trade receivables to the Chapter 15 Debtor amounting to almost $37 million.  However, the Kriss Brothers have been in full control over the Chapter 15 Debtor since the commencement of the State Court Action and have taken no action to address the Chapter 15 Debtor's substantial claims against the JDM Entities.  All the while the Kriss Brothers, through the State Court Action, seek to adjudicate the JDM Entities' obligations and liabilities under the Parties' Business Arrangement, which, if successful, will dispose of the Chapter 15 Debtor's $37 million claim against the JDM Entities without providing the Chapter 15 Debtor due process.

C.      **Commencement of Singapore Liquidation Proceeding and Appointment of the Joint Liquidators**

25.     On June 16, 2025, upon application of the SRK Entities, the Singapore Trial Court ordered the "winding up" of the Debtor and appointed the Joint Liquidators, jointly and severally, as liquidators of the Chapter 15 Debtor. *See* Winding-Up Order.  The Chapter 15 Debtor's liquidation is proceeding before the Singapore High Court under Singapore Liquidation Proceeding.

26.     Upon appointment of the Joint Liquidators, the Chapter 15 Debtor's prior counsel, Binder & Schwartz LLP, withdrew as counsel to the Debtor and has refused to provide the Joint Liquidators with copies of the Debtor's files and materials.  The Chapter 15 Debtor has filed a motion for turn over of its files and materials (the "Turn Over Motion") in the State Court Action.

27.     A hearing on the Turn Over Motion is scheduled for February 19, 2026 at 2:00 p.m.

**D.     Section 1517(a) of the Bankruptcy Code Is Satisfied.**

28.     Section 1517(a) of the Bankruptcy Code provides that, after notice and a hearing, "an order recognizing a foreign proceeding shall be entered if . . . (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the Foreign Representatives applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517; *see also* H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, reprinted in 2005 U.S.C.C.A.N. 88, 169 at 175 (noting, in enacting chapter 15, that the "decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition").Here, each of the three requirements are met. As will be evidenced below, (i) the Singapore Liquidation Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code; (ii) the Foreign Representatives applying for recognition are each a "Foreign Representative" within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the Verified Petition meets the requirements of section 1515 of the Bankruptcy Code.

51488370v.2

**1.    The Singapore Liquidation Proceeding Is a "Foreign Proceeding" Under Section 101(23) of the Bankruptcy Code.**

29.    Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23); *see In re ABC Learning Ctrs. Ltd.*, 728 F.3d 301, 308 (3rd Cir. 2013) (delineating the elements of the definition of "foreign proceeding" as set forth in section 101(23) of the Bankruptcy Code). Section 1502(3) of the Bankruptcy Code defines "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding." 11 U.S.C. § 1502(3).

30.    As detailed below, the Singapore Liquidation Proceeding falls within the Bankruptcy Code's definition of "foreign proceeding" because: (i) it is a "proceeding;" (ii) that is "judicial" and "administrative" in character; (iii) "collective" in nature; (iv) located in a foreign country; (v) relates to insolvency; (vi) subjects the Chapter 15 Debtor to the jurisdiction of a foreign court; and (vii) is intended to facilitate a liquidation.

31.    Indeed, bankruptcy courts have granted recognition of Singapore liquidation proceedings, including staying litigation against a chapter 15 debtor in the U.S. and requiring litigants to pursue their claims against a chapter 15 debtor exclusively in a Singapore liquidation proceeding. *See, e.g., In re Deelish Brands Pte. Ltd.*, Case No. 2:24-bk-13625-DS (Bankr. C.D. Cal. June 18, 2024) (order recognizing Singapore liquidation proceeding as foreign main proceeding under chapter 15, staying state court litigation against the chapter 15 debtor, and requiring the state court litigant to limit its actions against the chapter 15 debtor to the claims process in the Singapore liquidation proceeding); *In re Berau Cap. Res. Pte Ltd*, 540 B.R. 80, 84 (Bankr. S.D.N.Y. 2015)

-10-

(referencing order previously entered by court recognizing Singapore insolvency proceeding as foreign main proceeding under chapter 15); *see also FTI GP I, LLC v. Point Investments, Ltd. (In re Point Investments, Ltd.)*, Case No. 23-360-CFC, at *12 (D. Del. Sept. 23, 2024) (affirming bankruptcy court's order denying creditor's motion to lift automatic stay to pursue adversary proceeding against chapter 15 debtor and observing that "the automatic stay in a Chapter 15 case serves to channel claims against the debtor to the debtor's foreign main proceeding.") (citations omitted).

i.    **The Singapore Liquidation Proceeding Is a "Proceeding."**

32.    A "proceeding" is a "statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets" and includes "acts and formalities set down in law so that courts, merchants and creditors can know them in advance, and apply them evenly in practice." *In re Manley Toys Limited* 580 B.R. 632, 637-638 (Bankr. D. NJ. 2018) (citing *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010).

33.    The Singapore Liquidation Proceeding is governed by the statutory framework set forth in the Insolvency, Restructuring and Dissolution Act 2018 ("IRDA"), in effect since July 30, 2020, and in related Acts and/or subsidiary legislation.

34.    The IRDA sets out, among others, the (i) effects of commencing a winding-up application and making of a winding-up order; (ii) the powers and duties of a liquidator including, among others, to take into his custody or under his control all the property and things in action of the company; (iii) treatment of creditors in the distribution of assets; (iv) statutory priority for payments; and (v) rights of creditors to submit claims and to apply to the Singapore court to reverse or vary the decision of the liquidation.

35.     Pursuant to the Winding-Up Order, the Chapter 15 Debtor is being liquidated by the Singapore High Court under the IRDA. Given the foregoing, the Singapore Liquidation Proceeding is a "proceeding" because the IRDA falls within the type of specific statutory framework described in the Bankruptcy Code.

**ii.     The Singapore Liquidation Proceeding Is "Administrative" and "Judicial" in Character.**

36.     A liquidator's tasks – such as collecting assets, distributing assets pursuant to the priorities set forth in the relevant legislation, conducting investigations of possible voidable transactions, circulating information to creditors, preparing various required reports, and convening creditor meetings – are largely administrative in nature. A winding up becomes judicial in character when the "court exercises its supervisory powers." *ABC Learning Ctrs. Ltd.*, 445 B.R. at 328 (finding that an Australian voluntary winding up is, generally, a proceeding with an administrative character but becomes judicial in character whenever the Australian Court exercises its supervisory powers under the Corporations Act), *aff'd*, 728 F.3d 301 (3d Cir. 2013); *In re Manley Toys Ltd.*, 580 B.R. 632, 638 (Bankr. D.N.J. 2018), aff'd, 597 B.R. 578 (D.N.J. 2019). The Singapore Liquidation Proceeding is both administrative and judicial in character.

37.     The Foreign Representatives' duties, as joint and several liquidators, includes (a) collecting assets and returning them to legitimate creditors subject to the statutory priority of preferential debts; (b) summoning general meetings of the creditors for the purpose of ascertaining their wishes; (c) bringing or defending any action on behalf of the company; and (d) circulating notices to creditors to inform them to file their proofs of debt. Additionally, the Foreign Representatives are required to prepare a final accounting and conduct a final meeting with the creditors at the conclusion of the liquidation. Thus, the Singapore Liquidation Proceeding is administrative in character.

-12-

38.     The Singapore Liquidation Proceeding is also a judicial proceeding because it and the Foreign Representatives' actions are subject to the Singapore High Court's supervisory powers. The Singapore High Court exercises its supervisory powers under the IRDA when the creditors of the Chapter 15 Debtor access the Singapore High Court to protect their rights or when the Foreign Representatives apply for directions. Creditors may apply to the Singapore High Court with respect to any exercise or proposed exercise of any of the Foreign Representatives' powers in the Singapore Liquidation Proceeding and the Foreign Representatives may also apply to the Singapore High Court for directions in relation to any particular matter arising under the Singapore Liquidation Proceeding. Additionally, the Foreign Representatives are officers of the court and remain accountable to the Singapore High Court. Therefore, the Singapore Liquidation Proceeding is also judicial in character.

> iii.     **The Singapore Liquidation Proceeding Is "Collective" in Nature.**

39.     A proceeding is "collective" if it considers the rights and obligations of all creditors. *See ABC Learning Ctrs. Ltd.*, 445 B.R. at 328 (finding an Australian liquidation proceeding collective in nature because the liquidator was required to "consider the rights of all of creditors in distributing the corporation's property" and distribute the property according to priorities on a pro rata basis); *see also In re Manley Toys Ltd.*, 580 B.R. at 640-642 (citing *ABC Learning Ctrs. Ltd.*, 728 F.3d 301) (finding a Hong Kong liquidation proceeding collective in nature because the liquidator's duty is to all creditors, whether those creditors are from Hong Kong or another country and there are requirements for the collection and distribution of funds as well as a priority scheme and a requirement that similarly situated creditors be treated equally).

40.     A Singapore liquidation proceeding bears the hallmarks of a "collective" judicial proceeding. First, the Foreign Representatives, as a liquidator, has the duty to collect assets and return

them to legitimate creditors. Second, the legislative framework under the IRDA provides for a priority scheme with any distribution of assets to be subject to the statutory priority of debts. Third, the pari passu principle is a fundamental principle of Singapore's insolvency law and is enshrined in provisions in the CA. Fourth, if any creditor is dissatisfied with the decision of the Foreign Representatives in relation to their claims, they may apply to the Singapore High Court to reverse or vary the decision. Fifth, the Foreign Representatives' duties are to all creditors and foreign creditors have the same rights as creditors in Singapore in relation to the commencement of and participation in the Singapore Liquidation Proceeding. The Singapore Liquidation Proceeding is, therefore, collective in nature.

> **iv.    The Singapore Liquidation Proceeding Is Located in a Foreign Country.**

41.    The Singapore Liquidation Proceeding was commenced in and remains pending before the Singapore High Court in Singapore as evidenced by the Winding up Order.  Therefore, the Singapore Liquidation Proceeding is located in a foreign country.

> **v.    The Singapore Liquidation Proceeding is Conducted Under a Law Related to Insolvency.**

42.    The Singapore Liquidation Proceeding is governed by sections of the IRDA that are applicable to corporate insolvencies. As explained in paragraphs 20 through 22 above, the basis for commencement of the Singapore Liquidation Proceeding by the Petitioning Creditor was the Chapter 15 Debtor's failure to [satisfy the Statutory Demand.] The circumstances in which the Singapore High Court may exercise its jurisdiction to wind-up a company include where "the company is unable to pay its debts." The "inability to pay debts" is defined at Section 254(2)(a) of the IRDA and includes a situation where a creditor to whom a company is indebted in a sum exceeding S $10,000 has served at the registered office of the debtor company a demand to pay the

-14-

sum so due, and the debtor-company has for three weeks thereafter neglected to pay the sum, secure, or compound it to the satisfaction of the creditor.

43.     Further, the Winding-Up Order explicitly provides that the Chapter 15 Debtor be wound up by order of the Singapore High Court under the IRDA. Accordingly, the Singapore Liquidation Proceeding is authorized and conducted under a law related to insolvency or the adjustment of debts.

> ### vi.     The Singapore Liquidation Proceeding Subjects the Chapter 15 Debtor to the Supervision of a Foreign Court.

44.     The requirement that the debtor's assets be subject to the control and supervision of a foreign court does not require that the foreign proceedings play out entirely in a judicial context like cases under the Bankruptcy Code. The ability of a party to ask for court assistance concerning the proceeding is sufficient to satisfy this element. *See* 8 *Collier on Bankruptcy* ¶ 1501.03 (16th ed. 2023); *ABC Learning Ctrs. Ltd.*, 445 B.R. at 331-32 (finding a "proceeding" to be subject to supervision of a foreign court where provisions allow interested parties to seek relief from the court).

45.     The Singapore Liquidation Proceeding meets this standard. The Foreign Representatives as well as creditors of the Chapter 15 Debtor are able to seek assistance from the Singapore High Court concerning any matter arising in the liquidation of the Chapter 15 Debtor. The Foreign Representatives may apply to the Singapore High Court for directions in relation to any particular matter arising under the winding up such as directions to resolve any disputes relating to the realization and sale of any assets of the Chapter 15 Debtor. Additionally, the Foreign Representatives, each as court appointed liquidators, remain accountable to the Singapore High Court, and the exercise of his powers is subject to control by the Singapore High Court.

51488370v.2

46.     The Singapore Liquidation Proceeding, the Foreign Representatives with respect to the liquidation of the Chapter 15 Debtor, and the Chapter 15 Debtor are therefore subject to the control or supervision of a foreign court.

### vii.     The Singapore Liquidation Proceeding Is Intended to Facilitate the Liquidation of Assets.

47.     The Singapore Liquidation Proceeding was commenced to wind up the Chapter 15 Debtor and liquidate its assets. Pursuant to the Winding-Up Order, the Foreign Representatives have the duty to take into their custody or under their control all the property and actions to which the Chapter 15 Debtor is or appears to be entitled. The Foreign Representatives' duty is to prevent the fragmentation of the Chapter 15 Debtor's assets and as expeditiously as practicable administer the process of collecting assets and returning them to legitimate creditors. In compliance with the Winding-Up Order, the Chapter 15 Debtor has been wound up and the liquidation of its assets and adjudication of claims is underway. As such, the Singapore Liquidation Proceeding is intended to facilitate the liquidation of the Chapter 15 Debtor's assets.

### 2.     The Singapore Liquidation Proceeding Is a "Foreign Main Proceeding."

48.     Section 1502(4) defines a "foreign main proceeding" as a "foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4). The Bankruptcy Code does not define the term "center of its main interests" ("COMI"), but section 1516 establishes a statutory presumption that a debtor's COMI is the place of its registered office. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests."). Where this statutory presumption is called into question by the Court or an interested party, courts have generally considered the following non exhaustive list of factors when determining a corporate debtor's COMI:

- the location of the debtor's headquarters;

- the location of those who actually manage the debtor (which, conceivably, could be the headquarters of a holding company);

- the location of the debtor's primary assets;

- the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and

- the jurisdiction whose law would apply to most disputes.

*See In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006)), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007)); *ABC Learning Ctrs. Ltd.*, 445 B.R. at 333 (quoting *In re Bear Stearns*, 389 B.R. 325 (S.D.N.Y. 2008)); *Manley Toys Limited* 580 B.R. at 645).

49.     Additionally, courts have held that any relevant activities, including liquidation activities and administrative functions, may be considered in the COMI analysis. *See In re Fairfield Sentry Ltd.*, 714 F. 3d 127, 133 and 137 (2d Cir. 2013); *In re Ocean Rig UDW Inc.*, 570 B.R. 687 (S.D.N.Y. 2017) (some of the factors considered by the court in finding COMI in the Cayman Islands were that face-to-face creditor meetings were held in the Cayman Island, numerous conference calls with creditors had been hosted by the foreign debtors from the Cayman Islands, and the foreign debtors had met frequently in the Cayman Islands with their legal and financial advisers); *In re Ascot Fund Limited*, 603 B.R. 271 (S.D.N.Y. 2019) (citing *In re Fairfield Sentry Ltd*, 714 F.3d 127, 137) (in determining that Cayman Islands was the COMI of the fund, the Court considered the fact that the cayman-centric management did not change with the appointment of the liquidators who were based in the Cayman Islands and the liquidators had directed and conducted the fund's liquidation in the Cayman Islands).

50.     Here, the Chapter 15 Debtor was incorporated, headquartered and operated in Singapore.  Thus, it is entitled to the statutory presumption that its COMI is in Singapore. *See* 11 U.S.C. § 1516(c).

51.     Accordingly, the Chapter 15 Debtor's COMI is Singapore and the Singapore Liquidation Proceeding qualifies as a foreign main proceeding,

**3.     This Chapter 15 Case Was Commenced by a Duly Authorized "Foreign Representative."**

52.     For recognition to be granted, a foreign debtor's application for recognition must be made by a "foreign representative" who is a person or body. *See* 11 U.S.C. §§ 1515(a), 1517(a)(2). Section 101(24) provides that:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24). Moreover, section 1516(a) of the Bankruptcy Code provides that "[i]f the decision or certificate [commencing or affirming the existence of the foreign proceeding] . . . indicates . . . that the person or body is a Foreign Representative, the court is entitled to so presume." 11 U.S.C. § 1516(a).

53.     The Winding-Up Order states that the Foreign Representatives were appointed and authorized by the Singapore High Court to act as the joint and several liquidators of the Chapter 15 Debtor in the Singapore Liquidation Proceeding.  As the court appointed liquidators, the Foreign Representatives' powers include bringing or defending any action or other legal proceeding in the name and on behalf of the Chapter 15 Debtor and to do all such things as are necessary for winding up the affairs of the Chapter 15 Debtor and distributing its assets. Accordingly, the Foreign Representatives are the duly authorized Foreign Representatives of the Chapter 15 Debtor within the meaning of section 101(24) of the Bankruptcy Code.

51488370v.2

    **4.**      **This Chapter 15 Case was Properly Commenced under Chapter 15 and the Verified Petitions Satisfy Section 1515 and Bankruptcy Rule 1007(a)(4).**

54.    The Foreign Representatives properly commenced these cases by filing the Verified Petition in accordance with section 1515(a) of the Bankruptcy Code, accompanied by all documents and information required by Bankruptcy Rule 1007(a)(4) and sections 1515(b) and (c) of the Bankruptcy Code, including this Motion. Pursuant to sections 1515(b) and (c) of the Bankruptcy Code:

    (b)    A petition for recognition shall be accompanied by—

        (1)    a certified copy of the decision commencing such foreign proceeding and appointing the Foreign Representatives;

        (2)    a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the Foreign Representatives; or

        (3)    in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the Foreign Representatives.

    (c)    A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the Foreign Representatives.

11 U.S.C. § 1515(b)-(c).

55.    Bankruptcy Rule 1007(a)(4) requires that a chapter 15 petition include: (i) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1, and (ii) a list containing (a) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, (b) all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and (c) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code.

-19-

56.     In accordance with section 1515(b), the Foreign Representatives filed the *List Filed Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4)* [ECF No. 2] (the "FRBP 1007(a)(4) Statement") and a certified copy of the Winding-Up Order [ECF No. 1-1] ordering the liquidation of the Chapter 15 Debtor and the appointment of the Foreign Representatives. In addition, the Verified Petition was accompanied by all documents and information required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice, and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). *See* Verified Petition. Accordingly, the Foreign Representatives have satisfied the requirements of sections 1515(b) and (c) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

## V.     The Relief Requested By this Motion Is Consistent with the Bankruptcy Code's Objectives and Public Policy.

57.     The purpose of chapter 15 is set forth in section 1501 of the Bankruptcy Code and includes:

> (i)     cooperation between (a) courts of the United States, the United States Trustee, trustees, examiners, debtors, and debtors in possession; and (b) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases; (ii) greater legal certainty for trade and investment; (iii) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor; (iv) protection and maximization of the value of the debtor's assets; and (v) facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501.

58.     The relief requested here will achieve these objectives. Recognition of the Singapore Liquidation Proceeding will promote the fair and efficient administration of a cross-border liquidation that protects the interests of all stakeholders.

-20-

59.     In particular, recognition will further promote the "protection and maximization of the value of the debtor's assets." 11 U.S.C. §§ 1501(a)(4)-(5).  The Foreign Representatives believe that it would be more cost-efficient and be in the best interests of the Chapter 15 Debtor's creditors for any disputes or claims to be holistically resolved through chapter 15 and the Singapore Liquidation Proceedings.

## NO PRIOR REQUEST

60.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 15 Case.

## NOTICE

61.     Notice of this Motion has been provided to (a) creditors of the Chapter 15 Debtor, (b) parties in interest of the Chapter 15 Case, and (c) the New York, New York office of the United States Trustee for Region 2. In light of the nature of the relief requested herein, the Foreign Representatives submit that such notice is sufficient and no other or further notice need be provided.

## RELIEF REQUESTED

62.     For the reasons set forth herein, the Foreign Representatives respectfully request that the Court enter the form of Proposed Order attached hereto.

## CONCLUSION

**WHEREFORE**, the Foreign Representatives respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.


Dated: New York, New York,
        February 18, 2026

-21-

51488370v.2

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:  /s/ Heidi J. Sorvino_____
     Heidi J. Sorvino, Esq.
     James C. Vandermark, Esq.
     810 Seventh Avenue, Suite 500
     New York, NY 10019
     (212) 631-4417
     sorvinoh@whiteandwilliams.com
     vandermarkj@whiteandwilliams.com

     *Counsel for Mr. Wei Cheong Tan and Ms.*
     *Christina Khoo in Their Capacity as Joint*
     *and Several Liquidators for Debtor J.G.*
     *Jewelry Pte. Ltd.*