**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
James C. Vandermark, Esq.
810 Seventh Avenue, Suite 500
New York, NY 10019
(212) 631-4417
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel for Mr. Wei Cheong Tan and Ms.
Christina Khoo in Their Capacity as Joint
and Several Liquidators for Debtor J.G.
Jewelry Pte. Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| J.G. JEWELRY PTE. LTD., | |
| Debtor in Foreign Proceeding. | Case No. 26-22156 (SHL) |

**JOINT DECLARATION OF MR. WEI CHEONG TAN AND MS. CHRISTINA KHOO
IN SUPPORT OF (I) MOTION OF FOREIGN REPRESENTATIVE FOR AN ORDER
RECOGNIZING FOREIGN MAIN PROCEEDING AND (II) VOLUNTARY CHAPTER
15 PETITION**

We, Wei Cheong Tan (NRIC No. S7922708J) and Christina Khoo (NRIC No.

S8128734A), hereby declare, under penalty of perjury, as follows:

1.     Wei Cheong Tan and Christina Khoo[1] are the duly appointed joint and

several liquidators (the "Joint Liquidators") and authorized foreign representatives (the "Foreign

Representatives") of the above-captioned debtor (the "Chapter 15 Debtor") in the foreign

proceeding before the High Court of the Republic of Singapore (the "Singapore High Court")

commenced pursuant to the Insolvency Restructuring and Dissolution Act of 2018 ("IRDA"), case

---

[1] Wei Cheong Tan  and Christina Khoo c/o Deloitte Singapore SR&T Restructuring Services Pte. Ltd. of 6 Shenton
Way #33-00 OUE Downtown 2, Singapore 068809.

number HC/CWU 114/2025 (the "Singapore Liquidation Proceeding").  We have served as the joint and several liquidators of the Chapter 15 Debtor since our appointment by the Singapore High Court on June 16, 2025.  A true copy of the Winding-Up Order (defined below) appointing the Joint Liquidators of the Chapter 15 Debtor is attached hereto at **Exhibit A**.

2.    We make this declaration (this "Declaration") in support of the (i) *Motion of Foreign Representatives for an Order (I) Recognizing Foreign Main Proceeding and (II) Request for Related Relief* (the "Recognition Motion") and (ii) *Voluntary Chapter 15 Petition* (the "Verified Petition") each filed contemporaneously herewith.

3.    Pursuant to chapter 15 of title 11 of the United States Code, we understand that the Recognition Motion seeks entry of an order recognizing the Singapore Liquidation Proceeding as a "foreign main proceeding."

4.    In our role as Foreign Representatives, we are generally familiar with the Chapter 15 Debtor's history, business and financial affairs, books and records, and liquidation efforts based on the information provided to us since our appointment, although potentially significant information and documents have still not been provided by those who controlled or acted for the Chapter 15 Debtor.

5.    Except as otherwise indicated, all facts and statements set forth in this Declaration are based upon: (a) our personal knowledge; (b) information supplied to us by other members of the Chapter 15 Debtor's management or professionals; (c) our review of relevant documents; and/or (d) our opinion based upon our experience and knowledge of the Chapter 15 Debtor.  If called upon to testify, we could and would testify to the facts and opinions set forth herein.

51481950v.5

**Personal Background and Qualifications**

6.      Mr. Wei Cheong Tan is a partner and Ms. Christina Khoo is a Director at Deloitte Singapore SR&T Restructuring Services Pte Ltd ("Deloitte Singapore"), with a focus in Turnaround and Restructuring in Singapore.  Deloitte Singapore maintains a location in Singapore at 6 Shenton Way #33-00 OUE Downtown 2, Singapore 068809.  Deloitte Singapore is a leading professional services firm and its services includes supporting distressed businesses navigate complex capital structures, liquidity crises, and insolvency.

7.      Mr. Tan has over 20 years of professional experience. He specialises in corporate restructuring and insolvency. He is well regarded in the field of restructuring and insolvency having been named a Thought Leader and Global Elite Thought Leader in Restructuring & Insolvency by Lexology (formerly known as Who's Who Legal) between 2017 to 2025. He is a Licensed Insolvency Practitioner in Singapore, a Singapore Public Accountant, a Chartered Accountant and a Chartered Valuer and Appraiser..

8.      Ms. Khoo is a Chartered Accountant and Licensed Insolvency Practitioner with more than fifteen (15) years of professional experience, specializing in corporate rescue, restructuring, investigation and insolvency advisory.

9.      As court-appointed Joint Liquidators of the Chapter 15 Debtor, we are authorized to serve as its foreign representatives in seeking recognition from this Court of the Singapore Liquidation Proceeding and to commence any proceeding in connection therewith in any jurisdiction which is necessary or appropriate, including in the United States pursuant to chapter 15 of title 11 of the United States Code.

51481950v.5

## Part I

## Background and Corporate Overview

10.     The Chapter 15 Debtor was formed in 2015 under Singapore law.  Michael and David Kriss (the "Kriss Brothers") own 50% of the Chapter 15 Debtor, while the other 50% is owned by Shaileshkumar Manubhai Khunt ("Shailesh").

11.     Prior to its liquidation, the Chapter 15 Debtor was principally a holding company and engaged in wholesale trade of a variety of goods, including, but not limited to, diamonds and fine jewelry.

12.      The Chapter 15 Debtor's board consisted of four directors: (1) Shailesh, (2) the two Kriss Brothers, and (iii) Michael Ng Chee Wooi ("MN"). MN did not act independently but took instruction directly from one James Goldsborough, the Chief Financial Officer for the Kriss Brothers' companies. As a result, we are given to understand that the Kriss Brothers held complete control of the Debtor prior to the commencement of the Foreign Proceeding.

13.     Upon entry of the Winding Up Order and the appointment of the Joint Liquidators, all authority of the directors, officers, and equity owners to act on behalf of the of the Chapter 15 Debtor was terminated under Singapore law effective as of June 16, 2025.

## I.     The Chapter 15 Debtor's Property, Including Property Located in the United States

14.     As of the date hereof, the Chapter 15 Debtor owns property in the United States, including, *inter alia*, (a) interests in a USD $10,000 retainer with Foley & Lardner LLP, former counsel to the Chapter 15 Debtor, (b) interests in a USD $10,000 retainer with White and Williams LLP, counsel to the Chapter 15 Debtor, which funds are held in an account with Wells Fargo, N.A. located in Pennsylvania, (c) USD $4,431.87 held in a bank account at Israel Discount Bank of New York located in New York, and (d) certain files and other materials held by Binder

& Schwartz LLP, prior counsel, located in New York, (e) balance of Settlement Sum due from TJCNY, and (f) receivables due from the 3 JDM Entities – save for Miles Bernard, Inc. ("MBI").

## II.   The Chapter 15 Debtor's Business Operations

15.   The Chapter 15 Debtor is in the business of trading jewelry products and contracted with various suppliers, vendors and end-customers.

16.   In 2015, Shree Ramkrishna Exports Pvt., Ltd ("SRKI"), The Jewelry Company ("TJCI", collectively with SRK, the "SRK Entities") and TJC Jewelry, Inc. ("TJCNY"), on the one hand, entered into a business arrangement with the Kriss Brothers' companies: JDM Import Co., Inc. ("JDM"), MG Worldwide LLC ("MGW"), MBI, Asia Pacific Jewelry, L.L.C. ("APJ," and collectively with JDM, MGW, and MBI, the "JDM Entities"), on the other hand, wherein (i) the SRK Entities sold tens of millions of dollars' worth of diamonds and various kinds of jewelry (collectively, the "Goods") to the Chapter 15 Debtor, (ii) the SRK Entities shipped the Goods directly to the JDM Entities and TJCNY, (iii) the Chapter 15 Debtor  invoiced the JDM Entities and TJCNY for the Goods, and (iv) the JDM Entities and TJCNY would sell the Goods to third party retailers (such as Macy's, Zales and JCPenny) (the "Parties' Business Arrangement").

17.   The Chapter 15 Debtor relied on payment by the JDM Entities of the invoices JGJ issued to them for revenue to pay the invoices issued by the SRK Entities to JGJ.

## Part II

## Events Leading to this Chapter 15 Case

18.   The relief sought in this Chapter 15 Case is needed to overcome the prolonged and continuing dilatory and value-destructive tactics of the Kriss Brothers and their companies that have failed to pay nearly USD$37 million in trade receivables to the Chapter 15 Debtor and to assist the Singapore High Court in the proper and equitable administration of the

51481950v.5

Chapter 15 Debtor's estate through the Singapore Liquidation Proceeding. A timeline of the key events leading to this Chapter 15 Case is provided below:

## I.        Litigation Between the Parties

19.     The Parties' Business Arrangement soon broke down and on December 28, 2017, TJCNY commenced an action before the Supreme Court of the State of New York, New York County (the "State Court"), Index No. 657583/2017, seeking to recover, *inter alia*, certain loose diamonds, personal jewelry, books and records and other personal property purportedly held by the JDM Entities and related damages. On March 27, 2018, the Chapter 15 Debtor (under the direction and control of the Kriss Brothers) and JDM Entities commenced an action against the SRK Entities and TJCNY in the State Court, under Index No. 651469/2018. These actions were later consolidated under lead case no. 651469/2018 (the "State Court Action").

20.     On April 23, 2018, the SRK Entities commenced an action against the Chapter 15 Debtor before the High Court of the Republic of Singapore (the "Singapore Trial Court") under case no. HC/S 418/2018 (the "Singapore Action") seeking recovery for $25,611,534.16 worth of diamonds, jewelry, and other goods that were sold to the Chapter 15 Debtor but delivered to the JDM Entities and other end customers pursuant to the Parties' Business Arrangement. On January 18, 2024, the Singapore Trial Court entered judgment in favor of the SRK Entities against the Chapter 15 Debtor in an amount of $19,566,846.40 as reasonable compensation for unpaid diamonds and jewelry. A true and correct copy of the Singapore Trial Court's decision is attached hereto as **Exhibit B**. The parties appealed.

21.     On March 7, 2025, the Appellate Division of the High Court of Singapore (the "Singapore Appellate Division") issued its judgment and ordered the Chapter 15 Debtor to pay the full, outstanding invoiced amounts for diamonds and jewelry provided by the SRK Entities,

totaling approximately $25,611,534.16.  A true and correct copy of the Singapore Appellate Division's judgment is attached hereto as **<u>Exhibit C</u>**.

22.    On January 30, 2026, the JDM Entities filed their Second Amended and Supplemental Complaint (the "<u>SASC</u>") in the State Court Action asserting certain claims against the SRK Entities and TJCNY arising under the same series of transactions underlying the Parties' Business Arrangement.  A true and correct copy of the SASC is attached hereto as **<u>Exhibit D</u>**. Counterclaims are due to be filed by February 19, 2026, and motions for summary judgment are due 45 days thereafter.

23.    On February 18, 2026, the SRK Entities and TJCNY filed their Answer and Second Amended Counterclaims in the State Court Action asserting certain claims against the Chapter 15 Debtor and the JDM Entities arising under the same series of transactions underlying the Parties' Business Arrangement.  A true and correct copy of the Amended Answer and Amended Counterclaims is attached hereto as **<u>Exhibit E</u>**.

24.    Based on the documents currently available to the Foreign Representatives, as of the commencement of the State Court Action, the JDM Entities owed trade receivables to the Chapter 15 Debtor amounting to almost USD$37 million.  However, the Kriss Brothers have been in full control over the Chapter 15 Debtor since the commencement of the State Court Action and have taken no action to address the Chapter 15 Debtor's substantial claims against the JDM Entities.  All the while the Kriss Brothers, through the State Court Action, seek to adjudicate the JDM Entities' obligations and liabilities under the Parties' Business Arrangement, which, if successful, will dispose of the Chapter 15 Debtor's USD$37 million claim against the JDM Entities without providing the Chapter 15 Debtor due process.

## II.     Commencement of Singapore Liquidation Proceeding and Appointment of the Joint Liquidators

25.     On June 16, 2025, upon application of the SRK Entities, the Singapore Trial Court ordered the "winding up" of the Debtor and appointed the Joint Liquidators, jointly and severally, as liquidators of the Chapter 15 Debtor. *See* Winding-Up Order, Ex. 1.  The Chapter 15 Debtor's liquidation is proceeding before the Singapore High Court under the Singapore Liquidation Proceeding.

26.     Upon appointment of the Joint Liquidators, the Chapter 15 Debtor's prior counsel, Binder & Schwartz LLP, withdrew as counsel to the Debtor and has refused to provide the Joint Liquidators with copies of the Debtor's files and materials.  The Chapter 15 Debtor has filed a motion for turn over of its files and materials (the "Turn Over Motion") in the State Court Action.  A true and correct copy of the Turn Over Motion is attached hereto as **Exhibit F**.  A hearing on the Turn Over Motion is scheduled for February 19, 2026.

## Part III

## Request for Recognition and Other Relief

27.     The Joint Liquidators have commenced this Chapter 15 Case on behalf of the Chapter 15 Debtor and respectfully request entry of the Proposed Order, annexed to the Recognition Motion, recognizing the Singapore Liquidation Proceeding as a foreign main proceeding.

28.     Recognition of the Singapore Liquidation Proceeding will also achieve what we understand to be some of the fundamental objectives of chapter 15, including:

    a.     the fair and efficient administration of cross-border insolvencies and to protect the interests of creditors by facilitating completion of the Chapter 15 Debtor's liquidation;

    b.     providing certainty for the creditors of the Chapter 15 Debtor through the Singapore Liquidation Proceeding;

c.     maximizing the value of the Chapter 15 Debtor's assets, including by avoiding the considerable expense associated with continued U.S. litigation and any other piecemeal litigation in jurisdictions around the world; and

d.     facilitating cooperation between the U.S. courts and the Singapore High Court through established principles of comity.

29.     Based on our understanding of the facts and circumstances of the Chapter 15 Debtor, including those set forth above, and after consultation with the Chapter 15 Debtor's advisors, it is our judgment that the relief requested in the Recognition Motion is necessary and appropriate to maximize value for and is in the best interests of the Chapter 15 Debtor's creditors and other parties in interest. Further, we understand that other Singapore liquidation proceedings have been recognized by U.S. Bankruptcy Courts and thus recognition of the Singapore Liquidation Proceeding is appropriate.

## Part IV

### Statement Pursuant to Section 1515(c) of the Bankruptcy Code

30.     In compliance with section 1515(c) of the Bankruptcy Code, we hereby declare that, to our knowledge, the only foreign proceeding (as such term is defined in section 101(23) of the Bankruptcy Code) with respect to the Chapter 15 Debtor is the Singapore Liquidation Proceeding.

## Part V

### Disclosures Pursuant to Bankruptcy Rule 1007(a)(4)

31.     We are also informed by counsel that Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that a foreign representative filing a petition for recognition under chapter 15 of the Bankruptcy Code shall file with such petition: (i) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1 (the "Corporate Ownership Statement"); and (ii) unless the court orders otherwise, lists containing

(a) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Chapter 15 Debtor, (b) all parties to litigation pending in the United States in which the Chapter 15 Debtor is a party at the time of the filing of the petition, and (c) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code.  In accordance with Bankruptcy Rule 1007(a)(4), we hereby provide the following information:

a.   <u>Corporate Ownership Statement</u>: The Corporate Ownership Statement for the Chapter 15 Debtor is annexed to the Verified Petition or filed contemporaneously therewith and is incorporated herein by reference.

b.   <u>Persons or Bodies Authorized to Administer Foreign Proceedings</u>: On June 16, 2025, Wei Cheong Tan and Christina Khoo were duly appointed as the Joint Liquidators of the Chapter 15 Debtor pursuant to the Winding-Up Order of the Singapore High Court.

c.   <u>Pending Litigation</u>: The *List of Parties to Pending U.S. Litigation* in which the Chapter 15 Debtor is a party is annexed to the Verified Petition or filed contemporaneously therewith and is incorporated herein by reference.

d.   <u>Provisional Relief</u>: The Chapter 15 Debtor is seeking provisional relief under section 1519(a) of the Bankruptcy Code.

*[Remainder of this page intentionally left blank]*

51481950v.5

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

JOINT FOREIGN REPRESENTATIVES

Dated: February 19, 2026

_____
Wei Cheong Tan

_____
Christina Khoo