FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 1 of 65

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| J.G. JEWELRY PTE. LTD., JDM IMPORT CO. INC., MG WORLDWIDE LLC, MILES BERNARD, INC., and ASIA PACIFIC JEWELRY, L.L.C.<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>SHREE RAMKRISHNA EXPORTS PVT., LTD, THE JEWELRY COMPANY, and TJC JEWELRY, INC.,<br><br>　　　　Defendants. | Index No. 651469/2018<br><br>Hon. Joel M. Cohen<br>IAS Part 3 |

### AFFIRMATION OF BRUCE A. GREEN

**BRUCE A. GREEN**, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following under penalty of perjury, pursuant to CPLR 2106:

1. I am a member of the bar of the State of New York.

2. I submit this affirmation on behalf of Plaintiffs JDM Import Co. Inc.; MG Worldwide LLC; Miles Bernard, Inc.; and Asia Pacific Jewelry, L.L.C. (collectively, the "JDM Entities"), regarding several questions of legal ethics raised in the Order to Show Cause ("OSC") and corresponding memorandum of law and affidavit/affirmation filed on January 18, 2026 by Tan Wei Cheong and Christina Khoo in their capacity as Joint and Several Liquidators (the "Liquidators") for Plaintiff J.G. Jewelry Pte. Ltd. ("JGJ").

### Qualifications

3. I hold the Louis Stein Chair at Fordham University School of Law, where I direct the Louis Stein Center for Law and Ethics. I joined the full-time faculty of Fordham University School of Law in 1987 after serving as a law clerk to Judge James L. Oakes of the United States

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 2 of 65

Court of Appeals for the Second Circuit, as a law clerk to Justice Thurgood Marshall of the Supreme Court of the United States, and as an Assistant United States Attorney for the Southern District of New York.  A copy of my current curriculum vitae is attached hereto.

4.      I have regularly taught courses on lawyers' professional responsibility at Fordham and elsewhere since 1987.  I currently teach courses on both Professional Responsibility and Ethics in Criminal Advocacy.  In addition, I co-author a casebook on professional responsibility for contemporary legal practice (now in its fifth edition).  *See* Jefferson, Pearce, Green, et al., *Professional Responsibility: A Contemporary Approach* (5th ed. 2023).

5.      I have organized or co-organized numerous conferences and other programs for legal academics and practitioners on issues of lawyers' professional responsibility, and I speak frequently at Continuing Legal Education programs and academic programs on this subject.

6.      I have written extensively on the subject of lawyers' professional conduct in both academic and professional publications.

7.      I have engaged extensively in professional work relating to lawyers' professional conduct, much of it involving the drafting, interpreting, or enforcement of professional conduct rules.

8.      On the national level, I currently chair both the ABA Standing Committee on Ethics and Professional Responsibility and the Multistate Professional Responsibility Examination drafting committee.  I previously chaired the ethics committees of both the ABA Litigation Section and the ABA Criminal Justice Section, as well as the Section on Professional Responsibility of the Association of American Law Schools.

9.      Further, I am a past chair of the New York City Bar's Committee on Professional Ethics.  I am a past chair and current member of the New York State Bar Association's

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026
26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 3 of 65

Committee on Professional Ethics; I am a current member of the New York State Bar Association's Committee on Standards of Attorney Conduct; and I am a member of the New York County Lawyers Association's Committee on Professional Ethics. I served for six years on the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department.

10. I occasionally testify as an expert witness, give advice, draft amicus briefs, and render other professional services on issues of lawyers' professional conduct. When serving as an expert witness, in this case and others, I render opinions in my individual capacity and do not speak on behalf of any of the entities with which I am, or have been, associated.

### Relevant Facts

11. I rely on the Affirmation of Wendy H. Schwartz ("Schwartz Affirmation"), filed simultaneously herewith, and the attachments thereto, for the facts set forth below.

12. The JDM Entities allege that they entered into a joint venture (the "Joint Venture") in 2015 with Defendants Shree Ramkrishna Exports Pvt. Ltd. ("SRK"), The Jewelry Company ("TJCI"), and TJC Jewelry, Inc. ("TJCNY") (collectively, the "SRK Entities"). Schwartz Aff. ¶ 3.

13. The main owners of the JDM Entities are Michael Kriss and David Kriss (collectively, the "Kriss Brothers"). Schwartz Aff. ¶ 6.

14. In March 2015, J.G. Jewelry Pte. Ltd. ("JGJ") was incorporated in Singapore. Schwartz Aff. ¶ 4.

15. The Kriss Brothers were each 25% shareholders in JGJ. The remaining 50% of JGJ's shares were held by Shaileshkumar Khunt ("Shailesh"), who held his shares as a nominee of the SRK Entities. Schwartz Aff. ¶¶ 6, 8.

3

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 4 of 65

16.   JGJ's directors were the Kriss Brothers, Shailesh as a nominee of the SRK Entities, and nominee resident director Ng Chee Wooi Michael.  Schwartz Aff. ¶¶ 7-9.

17.   JGJ was created to be a vehicle for the Joint Venture parties' collaboration.  It had no independent employees or business separate from those of the Joint Venture.  Schwartz Aff. ¶¶ 4, 10.

18.   The SRK Entities unilaterally walked away from the Joint Venture in August 2017 and took the position that the parties were never in a joint venture, leaving the management of JGJ to the Kriss Brothers.  Schwartz Aff. ¶¶ 11-13.

19.   In March 2018, the JDM Entities and JGJ filed the Complaint in the above-captioned action (the "Action" or "Litigation"), asserting claims against the SRK Entities.  Schwartz Aff. ¶ 26.

20.   The JDM Entities and JGJ were represented in the Action by Moses & Singer LLP ("Moses & Singer").  Schwartz Aff. ¶ 35.

21.   On April 16, 2024, Binder & Schwartz LLP ("Binder & Schwartz") was retained by the JDM Entities pursuant to an engagement letter (the "Engagement Letter").  Pursuant to the Engagement Letter, only the JDM Entities were obligated to pay Binder & Schwartz's fees and expenses.  However, the Engagement Letter provided that Binder & Schwartz would also represent JGJ pursuant to the terms of the Common Interest and Confidentiality Agreement (the "Agreement") between the JDM Entities and JGJ.  Schwartz Aff. ¶ 36.

22.   On or about April 16-17, 2024, JGJ and the JDM Entities entered into the Agreement, which is attached as Exhibit 1 to the Schwartz Affirmation.

23.   The Agreement provides, among other things, that:

4

a. Binder & Schwartz would replace Moses & Singer and represent the JDM Entities and JGJ collectively in prosecuting claims and defending against counterclaims in the Litigation (Schwartz Aff. Ex. 1 at 1);

b. The JDM Entities and JGJ would, from time to time, share documents, factual materials, oral reports, mental impressions, memoranda, interviews of individuals, interview notes, interview reports, experts (consultative and testimonial), experts' conclusions or reports, litigation strategies, and other information (collectively, "Materials") (*id.*);

c. Materials were to remain confidential and subject to all applicable privileges (*id.* ¶ 2);

d. In the event that the JDM Entities or JGJ determined that there was no longer a commonality of interest, JGJ would withdraw from the Agreement (*id.* ¶ 11);

e. JGJ's withdrawal from the Agreement would not "affect or impair its obligations of confidentiality with respect to Materials previously furnished pursuant to [the] Agreement" (*id.*);

f. JGJ's withdrawal from the Agreement would not "affect or impair the ability of Binder & Schwartz to continue its representation of the JDM Entities" (*id.*);

g. Upon withdrawal from the Agreement, JGJ "shall promptly destroy all Materials received from the JDM Entities (and confirm, in writing, to the JDM Entities, that such destruction was done) or return such Materials to the JDM Entities, and shall continue to be bound by the obligations of confidentiality with respect to Materials previously furnished pursuant to this Agreement" (*id.*);

5

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 6 of 65

h. In the event that the Agreement was terminated, each party waived, among other things, "any potential conflict with . . . Binder & Schwartz continuing to represent the JDM Entities in the Litigation for which this Agreement was formed" (*id.* ¶ 12). In such an instance, "nothing shall preclude Binder & Schwartz from representing any interest that may be construed to be adverse to JGJ; the present concurrent representation for the Litigation shall not be used as a basis for seeking to disqualify Binder & Schwartz from representing the JDM Entities or any one of them in the Litigation or any other proceeding; and Binder & Schwartz shall not be disqualified from examining or cross-examining any JGJ witness" (*id.*); and

i. Each of the JDM Entities and JGJ had the opportunity to consult with counsel regarding the Agreement (*id.*).

24. On April 17, 2024, Binder & Schwartz appeared in the Action on behalf of the JDM Entities and JGJ. Schwartz Aff. ¶ 37.

25. Pursuant to the Engagement Letter, Binder & Schwartz's fees and expenses have been charged to and paid by the JDM Entities, and not JGJ. Schwartz Aff. ¶ 36.

26. Binder & Schwartz has no information of JGJ that is not also known to the JDM Entities. All information concerning JGJ that is known to Binder & Schwartz originates either from (i) documents that were produced in discovery in this Action or in the Singapore litigation, or (ii) communications with the Kriss Brothers and JDM Entities' employees. Moreover, although JGJ is a separate legal entity, it had no employees and was operated by individuals at the SRK Entities and the JDM Entities. In other words, other than produced documents, any knowledge concerning JGJ comes from individuals associated with the SRK Entities and the JDM Entities. And Binder & Schwartz has had access only to the latter. Schwartz Aff. ¶¶ 10, 43-45.

6

27.     Binder & Schwartz kept no client file belonging to JGJ separate and apart from the client file belonging to the JDM Entities.  And there are no materials within that file that are not privileged and confidential materials of the JDM Entities.  Schwartz Aff. ¶¶ 40-42.

28.     JGJ's pre-litigation files, including accounting records and communications between and among employees of the SRK Entities and the JDM Entities, were produced in discovery in the Action.  Schwartz Aff. ¶ 45.

29.     JGJ has not asserted a claim against the JDM Entities in the Action nor in any other forum.  To the contrary, in the Action, both JGJ and the JDM Entities sought to recover from the SRK Entities amounts that they allege the SRK Entities improperly retained when they walked away from the Joint Venture, and to jointly defend against counterclaims brought by the SRK Entities.  Schwartz Aff. ¶¶ 32, 46.

30.     The decision whether JGJ would assert any claims against the JDM Entities or any other party, or take any other actions, in the Action resided solely with the Kriss Brothers. Schwartz Aff. ¶ 34.

31.     In April 2025, the JDM Entities and JGJ filed a motion in the Action seeking voluntary discontinuance of JGJ's claims and for leave for the JDM Entities to file and serve a Second Amended and Supplemental Complaint.  It was the Kriss Brothers' decision to seek to discontinue JGJ's claims in the Action based on the ruling of an appellate court in Singapore in a related lawsuit between JGJ and the SRK Entities.  Schwartz Aff. ¶¶ 29-31.

32.     On or about June 16, 2025, a winding up application was granted against JGJ, and the Liquidators were appointed in Singapore.  Schwartz Aff. ¶ 47.

7

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 8 of 65

33.    The Liquidators were never a client of Binder & Schwartz.  Nor were the Liquidators employees of or otherwise managing or working for JGJ prior to their appointment as JGJ's liquidators.  Schwartz Aff. ¶¶ 48-49.

34.    The Liquidators directed Binder & Schwartz to refrain from taking any further actions on behalf of JGJ in the Action and advised Binder & Schwartz that the Liquidators would be obtaining new counsel in the Action.  Schwartz Aff. ¶¶ 50-51.

35.    JGJ was thus withdrawn from the Agreement.  Schwartz Aff. ¶ 52.

36.    On June 23, 2025, consistent with the Liquidators' instructions, Binder & Schwartz moved to withdraw as counsel for JGJ in the Action.  Schwartz Aff. ¶ 53.  The motion was granted on or about September 16, 2025.  *Id.*

37.    New counsel from Foley & Lardner LLP ("Foley") thereafter appeared in the Action for the Liquidators.  Schwartz Aff. ¶ 54.

38.    On July 30, 2025, Binder & Schwartz provided to Foley copies of the following documents in Binder & Schwartz's possession: (i) the documents produced by Plaintiffs in the Action; (ii) written discovery served by Plaintiffs in the Action; (iii) transcripts of the depositions taken by Plaintiffs in the Action; (iv) transcripts of depositions of witnesses represented by Binder & Schwartz that were taken by Defendants in the Action; (v) expert reports served by the JDM Entities in the Action; and (vi) discovery communications between Plaintiffs and Defendants in the Action.  The Liquidators therefore have copies of the end-products generated during Binder & Schwartz's joint representation of JGJ and the JDM Entities.  Schwartz Aff. ¶¶ 55-56.

39.    White and Williams LLP has since been substituted for Foley as counsel for the Liquidators.  Schwartz Aff. ¶¶ 69-70.

8

40.    The JDM Entities have not asserted a claim against JGJ in any forum. Schwartz Aff. ¶ 33.

41.    The Liquidators contend that JGJ and the JDM Entities never shared a common interest because JGJ should have brought a claim against the JDM Entities for allegedly unpaid invoices, and that JGJ and the JDM Entities thus had an unwaivable conflict of interest between them. In other words, the Liquidators are contending that the Kriss Brothers, who had sole responsibility for directing litigation for JGJ, should have brought a claim against the JDM Entities that was inconsistent with their own understanding that as a vehicle of the Joint Venture, JGJ issued invoices to the JDM Entities with no expectation that they would be paid, as its only function was to facilitate the equal division of Joint Venture profits between the JDM Entities and the SRK Entities.

42.    Notwithstanding the Liquidators' contention as to what claims should have been brought, the position that JGJ and the JDM Entities in fact instructed counsel to take were not in conflict. JGJ has argued in both this Action and in litigation in Singapore that it was a vehicle of the Joint Venture and that the invoices created in connection with the Joint Venture were not payable as such.

43.    The Liquidators are seeking what they refer to as JGJ's "Client Files." By this request, the Liquidators appear to be seeking only confidential and privileged work product documents—as the Liquidators already are in possession of JGJ's pre-litigation documents and the end-products from Binder & Schwartz's joint representation of JGJ and the JDM Entities.

9

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 10 of 65

<u>**Opinions**</u>

***Insofar as JGJ agreed to return common work product after it withdrew from the Agreement, it is bound by that agreement.***

44.     The Liquidators seek documents from Binder & Schwartz that have not already been produced in discovery or voluntarily provided to JGJ and that are contained in what the Liquidators refer to as JGJ's "Client Files." NYSCEF 970 (Mem. of Law in Supp. of OSC) ("Liquidators' Br.") at 1.  JGJ has already received any filed documents, sent correspondence and other completed work product created or received on behalf of JGJ.  I understand that there is no literal "client file" of JGJ.  I assume that what JGJ now seeks is Binder & Schwartz's preliminary work product, notes and other internal documents insofar as they were created to further Binder & Schwartz's representation of JGJ, and not created exclusively in the context of Binder & Schwartz's representation of its primary client, the JDM Entities.  Binder & Schwartz has declined to provide any such materials, because to the extent they exist, they are part of the JDM Entities' client file, and JGJ previously agreed that it would return or destroy such materials after the common interest arrangement ended, which it now has.  I have not been asked to give an opinion on the interpretation of the Agreement, which is a matter of contract law, but insofar as JGJ agreed that it was not entitled to Binder & Schwartz's internal work product, I see no reason why, from the perspective of professional ethics, such an agreement should not be enforced.

45.     The leading New York decision on former clients' access to attorneys' files is *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30 (1997).  The decision addressed a law firm's obligation to provide its file to a client with which it "had a falling out" and which then retained a different law firm to assist in matters arising out of the initial mortgage financing representation.  *Id.* at 33.  The Court concluded that "upon termination of the attorney-client relationship, where no claim for unpaid legal fees is outstanding," the client is

10

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 11 of 65

"*presumptively* [entitled to] full access to the entire attorney's file on a represented matter with narrow exceptions." *Id.* at 34, 36 (emphasis added).

46.    In so holding, the Court in *Sage Realty* rejected the view of a minority of courts and other authorities (including the ABA) that the former client is entitled only to completed work product absent a specific need for other material. The Court reasoned that the minority approach "unfairly places the burden on the client to demonstrate a need for specific work product." *Id.* at 36. Further, "[a]ffording the client presumptive access to the attorney's entire file on the represented matter, subject to narrow exceptions, is also supported, although not necessarily dictated, by the lawyer's ethical obligations," including the fiduciary obligations "of openness and conscientious disclosure." *Id.* at 37. However, the Court concluded, the law firm "should not be required to disclose documents which might violate a duty of nondisclosure owed to a third party, or otherwise imposed by law" and "nonaccess would be permissible as to firm documents intended for internal law office review and use," such as documents reflecting "tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services." *Id.* at 37-38.

47.    There is no reason why the "presumption" recognized in *Sage Realty* that a former client is entitled to certain internal work product cannot be overcome by prior agreement, since the client's proprietary interest in the lawyer's file is a matter of implied agreement in the first place. Further, there are multiple reasons why it was fair and reasonable for the JDM Entities to insist on JGJ's agreement to return attorney work product, and not have further access to any, after the common interest arrangement ended. First, all of Binder & Schwartz's internal work product relating to this action would be either the JDM Entities' work product exclusively or joint work

11

product, and it would be burdensome and potentially complicated to distinguish. Second, even as to the joint work product, the JDM Entities had a legitimate interest in it not being disclosed to third parties, made public in a legal proceeding, or used against the JDM Entities. Third, to the extent it is uncertain whether a client's right to keep its file confidential supersedes a former co-client's right to its client file, it was reasonable to resolve this question by prior agreement in favor of confidentiality. *See, e.g.*, *Law Office of James P. Grifo, LLC v. Am. Fed'n of State, County & Mun. Emps.*, 2022 Wash. App. LEXIS 1128, *15-19 (Wash. App. May 31, 2022) (finding that a client's right to confidentiality superseded a co-client's right to their joint file).

48.     The Liquidators rely on *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2025 WL 893686 (S.D.N.Y. Mar. 24, 2025), for the proposition that "the attorney-client privilege and all documents falling within that privilege transfer with the client corporation and are not for the benefit of the temporary principals or custodians of its affairs," Liquidators' Br. 16, but *Eletson* is inapposite. In *Eletson*, unlike here, the question was whether the "entity entitled to the protection of the attorney-client privilege" was "the client corporation" or "the persons who were the temporary custodians or beneficiaries of its affairs." *Eletson*, 2025 WL 893686, at *15. There was no agreement not to retain work product developed for other parties and subject to a common interest agreement, as there is in this case. Moreover, *Eletson* expressly recognized the exception to the *Sage Realty* presumption that applies when disclosure "might violate a duty of nondisclosure owed to a third party[.]" *Id.* at *13.

**Binder & Schwartz could concurrently represent the JDM Entities and JGJ when these entities were under the common control of the Kriss Brothers.**

49.     The Liquidators assert that "[t]he Common Interest Agreement is unconscionable and unenforceable" principally because Binder & Schwartz had an impermissible conflict of interest when it represented both the JDM Entities and JGJ. Liquidators' Br. at 17-18. But even

12

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM        INDEX NO. 651469/2018
NYSCEF DOC. NO. 996                                                        RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 13 of 65

assuming in hindsight that the clients should not have been jointly represented (which should not be assumed given the facts presented), I see no reason why that would make the Agreement unconscionable or otherwise unenforceable. The Agreement was an agreement between the JDM entities and JGJ that set the terms of the relationship between them, including the disposition of shared documents. There is no reason why their lawyers' alleged conflict of interest should undermine the enforceability of their agreement. In any event, as discussed below, the above-described facts do not support the assertion that Binder & Schwartz had an impermissible conflict of interest.

50.      As a general matter, a lawyer may represent multiple entities as plaintiffs in a litigation in which the entities seek to achieve the same objective. *See, e.g.*, Restatement (Third) of the Law Governing Lawyers § 128, cmt. d(i) ("No conflict of interest is ordinarily presented when two or more of a lawyer's clients assert claims against a defendant."). Even if the concurrent representation constitutes the representation of "differing" or "different" "interests" within the meaning of Rules 1.0(f) and 1.7(a)(1) of the New York Rules of Professional Conduct (2025) ("NY Rules"), one lawyer may ordinarily represent the multiple entities with their informed consent under Rule 1.7(b), because it will be reasonable for the lawyer to "believe[] that the lawyer will be able to provide competent and diligent representation to each affected client." NY Rule 1.7(b). In particular, a conflict of interest arising out of the representation of co-plaintiffs with differing interests is "waivable" even if one co-plaintiff has a possible claim that it is not pursuing against the other – for example, when an injured passenger and driver are co-plaintiffs in a negligence action against the other driver. Restatement (Third) of the Law Governing Lawyers § 128, cmt. d(i) ("Where there are such possible claims, the lawyer must warn clients about the possibilities of

13

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl Doc 7-9 Filed 02/19/26 Entered 02/19/26 09:13:25 Exhibit
Affirmation of Bruce A. Green (NYSCEF 996( Pg 14 of 65

such differences and obtain the consent of each before agreeing to represent them as co-claimants").

51. Based on Binder & Schwartz's reasonable understanding at the time, it could represent both the JDM Entities and JGJ during the time when the parties were under the common control of the Kriss Brothers – just as predecessor counsel, Moses & Singer, had done. JGJ's objective was to secure amounts due from SRK and TJCI. The JDM Entities shared that objective when the Action was initiated. Today, the Liquidators control JGJ, which is pursuing different objectives based on a different legal theory, and JGJ's perceived interests in this action differ from those of the JDM Entities. But there was no conflict of interest at the time of Binder & Schwartz's representation, and even assuming there was one, it would certainly be waivable, because there was no possibility that JGJ would assert claims against the JDM Entities when the clients were under the common control of the Kriss Brothers.

***Binder & Schwartz may continue representing the JDM Entities notwithstanding that JGJ is controlled by the Liquidators, who retained new counsel, and withdrew from the Agreement.***

52. Prior counsel for the Liquidators, who have since been replaced, had suggested that Binder & Schwartz must withdraw from their representation of the JDM Entities. The Liquidators' instant motion does not explicitly seek the law firm's disqualification but does suggest that its continued representation of the JDM Entities violates Rule 1.9 of the NY Rules because Binder & Schwartz "is now defending the JDM Entities against JGJ's claims" relating to trade receivables and "has even asserted claims directly against JGJ on behalf of the JDM Entities[.]" Liquidators' Br. 2, 10-11, 18. My understanding is that JGJ has brought no claims against the JDM Entities in the Action or in another forum, nor have the JDM Entities brought any claims against JGJ. Schwartz Aff. ¶¶ 32-33. In any event, Rule 1.9, which governs "Duties to Former Clients," does not require Binder & Schwartz to withdraw from the representation for the following reasons.

14

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 15 of 65

53.     First, it is plain that Binder & Schwartz has no information relating to the representation of JGJ that is confidential vis-à-vis the JDM Entities.  Both the JDM Entities and JGJ were controlled by the Kriss Brothers.  To the extent that Binder & Schwartz communicated with anyone acting on behalf of JGJ, it was with the Kriss Brothers or others at the JDM Entities. The JDM Entities were Binder & Schwartz's principal client.  JGJ was represented at no fee as an accommodation to the JDM Entities.  JGJ's objective, as noted above, was ultimately to assist the JDM Entities in obtaining money they believed was owed to them.  Insofar as the Kriss Brothers communicated with the lawyers or directed the lawyers on behalf of JGJ, the Kriss Brothers were concurrently communicating on behalf of JDM Entities, in the context of the Agreement, between JGJ and the JDM Entities, with the aim of achieving these parties' shared objective.   The communications were not confidential vis-à-vis the JDM Entities and, as a practical matter, could not be, since the Kriss Brothers controlled both.  Under these circumstances, if the JDM Entities and JGJ become adverse parties in this action, the JDM Entities will possess and be entitled to use any information relating to the representation of JGJ regardless of whether Binder & Schwartz or another firm represents them.

54.     Even if JGJ had not given advance consent, Binder & Schwartz would be permitted to continue to represent the JDM Entities, its primary client.  Binder & Schwartz has not switched sides, JGJ has.  The leading case is *Allegaert v. Perot*, 565 F.2d 246 (2d Cir. 1977).  In that case, two law firms that regularly represented a brokerage firm, DGF, performed some legal work for another brokerage firm, Walston, when the entities entered into the equivalent of a joint venture. When the parties later became adverse in a bankruptcy proceeding, Walston's bankruptcy trustee (Allegaert) moved to disqualify the law firms on the ground that they were adverse to Walston, a former client, in a proceeding was substantially related to the law firms' earlier work for Walston.

15

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996
INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 16 of 65

The district court denied the motion, and the court of appeals affirmed, because Walston knew that any information it provided to the law firms would be shared with DGF and its affiliates, "their primary clients," and that the law firms had never changed sides. New York state courts have relied on the *Allegaert* decision. *See Talvy v. American Red Cross in Greater NY*, 205 A.D.2d 143, 151, 618 N.Y.S.2d 25, 30 (1st Dep't 1994); *LCA Holding, Inc. v. Karzhevsky*, 2010 N.Y. Misc. LEXIS 402, ***8-9 (Sup. Ct. NY C'ty Feb. 24, 2010); *Berkowitz v. Estate of Roubicek*, 122 Misc. 2d 322, 331, 471 N.Y.S.2d 208, 215 (Sup. Ct. Nassau C'ty, 1983).

55. Other New York state courts have undertaken the same analysis without reference to *Allegaert*. *See Volo Logistics, LLC v. Varig Logistica S.A.*, 51 A.D.3d 554, 555, 859 N.Y.S.2d 127, 128 (1st Dep't 2008); *Meyers v. Lipman*, 284 A.D.2d 207, 726 N.Y.S.2d 547 (1st Dep't 2001); For example, in *Volo Logistics, LLC*, *supra*, the Court reasoned:

> In this action for breach of a loan agreement representing $ 29.7 million worth of Brazilian airline financing, even if plaintiff lenders' attorneys did represent both sides in the loan transactions at issue, defendants knew at all times that they represented plaintiffs, did not have a reasonable expectation of confidentiality in their dealings with them, and thus cannot seek their disqualification in litigation over the loan obligations . . .. We note that [defendant] failed to identify any confidential information that might have been divulged to the attorneys . . . .

51 A.D.3d at 555.

56. Further, in this case, JGJ expressly agreed that if JGJ and the JDM Entities ceased to have common interests, that would not "affect or impair the ability of Binder & Schwartz to continue its representation of the JDM Entities." Schwartz Aff. Ex. 1 (Agreement) ¶ 11. In other words, what was only implicit in *Allegaert* and the decisions relying on it was explicit here. JGJ authorized Binder & Schwartz to represent the JDM Entities in the situation that now exists, where JGJ withdrew from the common interest agreement, secured separate counsel, and realigned itself against the JDM Entities.

16

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 17 of 65

57.     Advance waivers of conflicts of interest are effective in New York, as in most other states. *See, e.g., Macy's, Inc. v. J.C. Penny Corp., Inc.*, 107 A.D.3d 616, 616-17, 968 N.Y.S.2d 64, 65-66 (1st Dep't 2013).  There is no reason why the Court should not give effect to JGJ's prior authorization, which functions as a waiver of whatever conflict of interest arguably exists.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 30, 2026
        New York, New York

Bruce A. Green

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026
26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 18 of 65

## WORD COUNT CERTIFICATION

Pursuant to Rule 17 of Section 202.70(g) of the Uniform Civil Rules for the Supreme Court and the County Court, I hereby certify that the total number of words in this affirmation, excluding the caption and signature block, is 4,848.  I further certify that this word count complies with the word count limit set forth in Rule 17 of Section 202.70(g).

Dated: January 30, 2026                     /s/ Wendy H. Schwartz__
       New York, New York                    Wendy H. Schwartz

18

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 19 of 65

**BRUCE A. GREEN**
**Louis Stein Chair of Law**
**Fordham University School of Law**
**150 West 62nd Street**
**New York, NY 10023**
**(212) 636-6851; (212) 636-6899 (FAX)**
**bgreen@law.fordham.edu**

## Bar Admissions

New York State (since 1982)
U.S. District Courts for the Southern and Eastern Districts of New York
U.S. Supreme Court

## Education

**Columbia University School of Law**: J.D. 1981
>       Honors: James Kent Scholar; Harlan Fiske Stone Scholar
>       Associate Editor, *Columbia Law Review*

**Princeton University**:  A.B. 1978, *summa cum laude*

## Current Legal Employment

**Fordham University School of Law**:
>       Louis Stein Chair of Law, since 1997
>       Professor, 1996-97; Associate Professor, 1987-96
>       Director, Louis Stein Center for Law and Ethics, since 1997
>       Director, Stein Center for Ethics and Public Interest Law, 1992-97

## Prior Full-time Legal Employment

**New York University School of Law**: Visiting Professor: January-May 2007

**Office of the United States Attorney for the Southern District of New York**:
>       October 1983 to August 1987, Assistant United States Attorney
>       Deputy Chief Appellate Attorney, 1986-87; Chief Appellate Attorney, 1987

**U.S. Supreme Court**:  Law clerk to Justice Thurgood Marshall, 1982-83

**U.S. Court of Appeals for the Second Circuit**:  Law clerk to Judge James L. Oakes, 1981-82

4

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl Doc 7-9 Filed 02/19/26 Entered 02/19/26 09:13:25 Exhibit
Affirmation of Bruce A. Green (NYSCEF 996( Pg 20 of 65

**Other Legal Positions**

**Departmental Disciplinary Committee, App. Div., 1st Department**: Member, 1997-2002

**New York City Conflicts of Interest Board**: Member, Nov. 1995 to March 2005

**Handschu Authority**: Civilian member, July 1994 to Nov. 1995

**Office of Investigations Officer (U.S. v. I.B.T.)**: Special Counsel (part-time), 1991

**Office of Independent Counsel Lawrence Walsh**, Associate Counsel (part-time), 1988-91

**N.Y.S. Commission on Government Integrity**: Consultant and special investigator, 1988-90

**Columbia University School of Law**: Adjunct Professor (part-time), 1990

**Office of the United States Attorney for the Southern District of New York**: Special Assistant United States Attorney (part-time), September 1987 to June 1988

**Fordham University School of Law**: Adjunct Assoc. Professor (part-time), 1985-87

5

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 21 of 65

## Professional Service

**American Bar Association**:

    Commission on the American Jury Project: member, 2006-2008

    Commission on Multijurisdictional Practice: reporter, 2000-2002

    Coordinating Group on Bioethics and the Law: member, 1997-2003

    Criminal Justice Section:

        Chair: 2010-2011

        Chair-elect: 2009-2010

        Council: member, 2011-2017

        Criminal Justice Standards Committee: chair, 2017-2021; member, 2013-2017

        Criminal Justice Standards Task Force on Victims, member, 2020-present

        First Vice Chair: 2008-2009

        Ethics, Gideon and Professionalism Committee: co-chair, 2006-09

    Death Penalty Representation Project: member, 2006-09, 2014-17

    Section of Individual Rights and Responsibilities:

        Chair, Committee on Privacy and Information Protection, 2014-15

    Section of Litigation:

        Task Force on Sound Advice, 2012-13

        Task Force on Implicit Bias: member, 2011-12

        Task Force on the Litigation Research Fund: Chair, 2007-2011

        Division VII (Task Forces): Co-Director, 2007-2008

        Council member, 2004-07

        Committee on Law Faculty Involvement: co-chair, 1998-2001, 2003-2004

        Civil Justice Institute: member, 2001-03

        Task Force on Ethical Guidelines for Settlement Negotiations: member, 2000-02

        Ethics 2000 Task Force: member, 1999-2000

        Committee on Ethics and Professionalism: co-chair, 1995-1998

        Task Force on the Independent Counsel Act: reporter, 1997-1999

        Rep. to Sec./Div. Committee on Professionalism and Ethics, 1996-2003

        Committee on Amicus Curiae Briefs: chair, 1991-1995

    Standing Committee on Ethics and Professional Responsibility: chair, August 2023 to date; member, 2008-2011; liaison from the Criminal Justice Section, 2020-2023

    Standing Committee on Professionalism: reporter, 2000-2001

    Steering Committee for the Symposium on the Multijurisdictional Practice of Law: reporter, 1999-2000

    Task Force on the Attorney-Client Privilege: reporter, 2004-2010

    Task Force on Law Schools and the Profession: consultant, 1991-92

6

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 22 of 65

**Association of American Law Schools:** Chair, Section of Professional Responsibility, 1999-2000

**Criminal Law Bulletin**: Contributing editor, 1988-1998

**Evan B. Donaldson Adoption Institute**: Ethics Advisory Committee: member, 1998-2001

**Federal Bar Council**:
Board of Trustees, member, 2018 to present
Second Circuit Courts Committee: member, 1994-1997; chair, Subcommittee on Criminal Law and Ethics
*Federal Bar Council News*: member of the Editorial Board, 1995-2005
Inn of Court: master, 2000-2002

**International Association of Legal Ethics:** Treasurer, 2019-2022; Chair, Conference Planning Advisory Committee, 2014-16; Director, 2010-13

**Legal Ethics**: Member of Advisory Board, 2008 to present

**National Conference of Bar Examiners, MPRE Drafting Committee**, Chair, 2018 to present; Member, 2001-2018

**New York City Bar:**
Committee on Professional and Judicial Ethics: chair, 2016-2020; member, 1994-1997, 2003-2006, 2015-16
Litigation Funding Working Group: member, 2018-2020
Executive Committee: member, 2010-14
Working Group on the NYS Bar Exam: member, 2014
White Collar Crime Committee: member, 2013-16
Council on Criminal Justice: member, 2009-13
Delegate to NYS Bar Association, 2003-07
Nominating Committee: member, 2005
Ethics 2000 Committee: member, 1999-2001
Jt. Committee on the Legal Referral Service: chair, 1993-96; member, 1996-2000
Committee on International Access to Justice: member,1999-2000
Committee on Disaster Plan: member, 1996-1997
Marden Lecture Committee: member, 1991-1994
Criminal Law Committee: member, 1991-1994
Task Force on Lawyer Training: member, 1992-1994
Corrections Committee: member, 1988-1991

7

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM          INDEX NO. 651469/2018
NYSCEF DOC. NO. 996                                       RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 23 of 65

**New York County Lawyers' Association**:
> Director, 2004-2007, 2008-2012, 2013-2017
> Delegate to NYS Bar Association, 2009-2011
> Member, Committee on Professional Ethics, 2014 to present

**New York State Bar Association:**
> Committee on Professional Ethics: Chair, 1998-2001; member, 1991 to present
> Committee on Standards of Attorney Conduct: member, 1997 to present
> House of Delegates member, 2003-2007, 2009-2015
> Task Force on Attorney Client Privilege, 2006-2008
> Task Force on "Pay to Play" Concerns, member, 1998-2000

**New York State Continuing Legal Education Board:** Member, 2008-2011

**New York State Task Force on Attorney Professionalism and Conduct:** Member, 1996-1998

## Awards

Michael Franck Professional Responsibility Award, given by the ABA Center for Professional Responsibility, May 31, 2018

Powell Pierpont Award, given by the N.Y.C. Conflicts of Interest Board "for outstanding service to the New York City Conflicts of Interest Board," May 23, 2006

New York State Bar Association Criminal Justice Section Award for "outstanding contribution in the field of criminal law education," Jan. 23, 2003

Sanford D. Levy Award, given by New York State Bar Association Committee on Professional and Judicial Ethics, 1990

8

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl Doc 7-9 Filed 02/19/26 Entered 02/19/26 09:13:25 Exhibit
Affirmation of Bruce A. Green (NYSCEF 996( Pg 24 of 65

## PUBLICATIONS

### Articles in Law Journals

Subordinate Prosecutors' Independence, 55 Stetson L. Rev. 237 (2025) (with Jessica Roth)

Under Political Pressure: How Courts and Congress Can Help Prosecutors Seek Justice, 135 Yale L.J.F. 138 (2025) (with Rebecca Roiphe), https://www.yalelawjournal.org/forum/under-political-pressure-how-courts-and-congress-can-help-prosecutors-seek-justice

Can Prosecutors' Offices Preserve Public Confidence in Their Nonpartisanship – and, If So, How?, 93 Fordham L. Rev. 1177 (2025) (with Rebecca Roiphe)

Replacing This Old House: Certifying and Regulating New Legal Services Providers, 76 Wash. U. J.L. & Pol'y 45 (2025) (with Ellen Murphy)

Public Confidence, Judges, and Politics On and Off the Bench, 87 Law & Contemp. Prob. 183 (2024) (with Rebecca Roiphe) [reprinted in 2 Revista Forumul Judecătorilor (Romanian Judges' Forum Review) 17 (2025)]

Judges in the 21st Century: Confidence Lost?, 87 Law & Contemp. Prob. I (2024) (with Leslie C. Levin)

Good Lawyers, Good Sports?: The Professional Identity of Sports Lawyers Representing Not-for-Profit Entities, 11 Texas A&M L. Rev. 1019 (2024)

Should State Trial Courts Become Laboratories of UPL Reform?, 92 Fordham L. Rev. 1285 (2024)

Foreword: The Legal Profession and Social Change, 92 Fordham L. Rev. 1239 (2024) (with Atinuke O. Adediran)

Depoliticizing Federal Prosecution, 100 Denver L. Rev. 817 (2023) (with Rebecca Roiphe)

Should Prosecutors Be Expected to Rectify Wrongful Convictions?, 10 Tex. A&M L. Rev. 167 (2023)

Civil Justice at the Crossroads: Should Courts Authorize Nonlawyers to Practice Law?, 75 Stanford L. Rev. Online 104 (June 2023), https://www.stanfordlawreview.org/online/civil-justice-at-the-crossroads/

A Fiduciary Theory of Progressive Prosecution, 60 Am. Crim. L. Rev. 1431 (2023) (with Rebecca Roiphe)

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 25 of 65

De-Weaponizing the Federal Government, Voting Rights & Democracy Forum, Feb. 28, 2023 (with Rebecca Roiphe), https://fordhamdemocracyproject.com/2023/02/28/de-weaponizing-the-federal-government/

Why State Courts Should Authorize Non-Lawyers to Practice Law, 91 Fordham L. Rev. 1249 (2023)

For Deborah L. Rhode, Legal Ethics Scholar, 91 Fordham L. Rev. 1105 (2023)

Can the Fourth Amendment Keep People "Secure in their Persons?", 102 B.U. L. Rev. Online 92 (2022)

Lawyers and the Lies They Tell, 69 Wash. U. J. Law & Pol'y 37 (2022) (with Rebecca Roiphe)

Impeaching Legal Ethics, 49 Fla. St. Univ. L. Rev. 447 (2022) (with Rebecca Roiphe)

ABA Model Rule 8.4(g), Discriminatory Speech and the First Amendment, 50 Hofstra L. Rev. 543 (2022) (with Rebecca Roiphe)

Should Victims' Views Influence Prosecutors' Decisions?, 87 Brooklyn L. Rev. 1127 (2022) (with Brandon P. Ruben)

Foreword: Subversive Lawyering, 90 Fordham L. Rev. 1945 (2022) (with Bennett Capers)

Selectively Disciplining Advocates, 54 Conn. L. Rev. 151 (2022)

Who Should Police Politicization of the DOJ?, 35 Notre Dame J. L. Ethics & Pub. Pol'y 671 (2021) (with Rebecca Roiphe)

Mental Health and the Legal Profession: Foreword and Dedication, 89 Fordham L. Rev. 2415 (2021) (with Deborah Denno)

Technocapital@Biglaw.com, 18 Nw. J. Tech. & Intell. Prop. 265 (2021) (with Carole Silver)

The Judicial Role in Professional Regulation: Foreword, 89 Fordham L. Rev. 1099 (2021)

When Prosecutors Politick: Progressive Law Enforcers Then and Now, 110 J. Crim. L. & Criminology 719 (2020) (with Rebecca Roiphe)

May Class Counsel Also Represent Lead Plaintiffs?, 72 Florida L. Rev. 1083 (2020) (with Andrew Kent)

10

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 26 of 65

Victims' Rights from a Restorative Perspective, 17 Ohio St. J. Crim. L. 293 (2020) (with Lara Bazelon)

Restorative Justice from Prosecutors' Perspective, 88 Fordham L. Rev. 2287 (2020) (with Lara Bazelon)

Should Criminal Justice Reformers Care About Prosecutorial Ethics Rules?, 58 Duq. L. Rev. 249 (2020) (with Ellen Yaroshefsky)

A Fiduciary Theory of Prosecution, 69 Am. U. L. Rev. 805 (2020) (with Rebecca Roiphe)

The Supreme Court's Supervisory Authority over Federal Criminal Cases: The Warren Court Revolution That Might Have Been, 49 Stetson L. Rev. 241 (2020)

Punishment Without Process: "Victim Impact" Proceedings for Dead Defendants, Fordham Law Review Online, vol. 88 (2019) (with Rebecca Roiphe), http://fordhamlawreview.org/wp-content/uploads/2019/11/Green-Roiphe_November_FLRO_4.pdf

Regulating Prosecutors' Courtroom Misconduct, 50 Loy. U. Chi. L.J. 797 (2019)

Foreword: In Honor of Prof. Bennett L. Gershman, 16 Ohio St. J. Crim L. 291 (2019) (with Peter Joy & Ellen Yaroshefsky)

Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry, 123 Dickinson L. Rev. 589 (2019)

Prosecutors in the Court of Public Opinion, 57 Duquesne L. Rev. 271 (2019)

Judicial Activism in Trial Courts, 74 N.Y.U Ann. Survey of Am. Law 365 (2019) (with Rebecca Roiphe)

May Federal Prosecutors Take Direction from the President?, 87 Fordham L. Rev. 1817 (2019) (with Rebecca Roiphe)

Lawyers in Government Service – A Foreword, 87 Fordham L. Rev. 1791 (2019)

Can the President Control the Department of Justice?, 70 Ala. L. Rev. 1 (2018) (with Rebecca Roiphe)

Case Study 2: Advising Grassroots Organizations, 47 Hofstra L. Rev. 33 (2018) (with Marci Seville)

11

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 27 of 65

Learning to Live with Judicial Partisanship: A Response to Cassandra Burke Robertson, 70 Fla. L. Rev. F. 114 (2018) (with Rebecca Roiphe), http://www.floridalawreview.com/wp-content/uploads/GreenRoiphe_published.pdf

May Lawyers Assist Clients in Some Unlawful Conduct?: A Response to Paul Tremblay, 70 Fla. L. Rev. F. 1 (2018), http://www.floridalawreview.com/wp-content/uploads/Green_Published.pdf

Foreword, Symposium, Can a Good Person Be a Good Prosecutor in 2018?, Fordham Law Review Online, vol. 87 (2018), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3257914

The price of judicial economy in the US, International Journal of the Legal Profession (2018), https://doi.org/10.1080/09695958.2018.1516841

The Right to Two Criminal Defense Lawyers, 69 Mercer L. Rev. 675 (2018)

Urban Policing and Public Policy – the Prosecutor's Role, 51 Georgia L. Rev. 1179 (2017)

Prosecutorial Ethics in Retrospect, 30 Geo. J. Legal Ethics 461 (2017)

The Price of Judicial Economy in the US, 7 Oñati Socio-Legal Series no.4, 790-808 (2017), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3035295

Rethinking Prosecutors' Conflicts of Interest, 58 Boston College L. Rev. 463 (2017) (with Rebecca Roiphe)

Prosecutorial Accountability 2.0, 92 Notre Dame L. Rev. 51 (2016) (with Ellen Yaroshefsky)

Disciplinary Regulation of Prosecutors as a Remedy for Abuses of Prosecutorial Discretion: A Descriptive and Normative Analysis, 14 Ohio St. J. Crim. L. 143 (2016) (with Samuel Levine)

Should There Be a Specialized Ethics Code for Death-Penalty Defense Lawyers?, 29 Geo. J. Legal Ethics 527 (2016)

Candor in Criminal Advocacy, 44 Hofstra L. Rev. 1105 (2016)

Access to Criminal Justice: Where Are the Prosecutors?, 3 Tex. A&M L. Rev. 515 (2016)

The Lawyer as Lover: Are Courts Romanticizing the Lawyer-Client Relationship?, 32 Touro L. Rev. 139 (2016)

Legal Discourse and Racial Justice: The Urge to Cry "Bias!", 28 Georgetown J. Legal Ethics 177 (2015)

12

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996
INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026
26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 28 of 65

Prosecutors' Disclosure Obligations in the U.S., 42 Hitotsubashi J. L. & Politics 51 (2014) (with Peter Joy)

Judicial Regulation of US Civil Litigators, 16 Legal Ethics 306 (2013)

Gideon's Amici: Why Do Prosecutors So Rarely Defend the Rights of the Accused?, 122 Yale L.J. 2336 (2013)

The Right to Plea Bargain With Competent Counsel After Cooper and Frye: Is the Supreme Court Making the Ordinary Criminal Process "Too Long, Too Expensive, and Unpredictable . . . in Pursuit of Perfect Justice"?, 51 Duquesne L. Rev. 735 (2013)

Lawyers' Professional Independence: Overrated or Undervalued?, 46 Akron L. Rev. 599 (2013)

The Attorney-Client Privilege – Selective Compulsion, Selective Waiver and Selective Disclosure: Is Bank Regulation Exceptional?, 2013 Journal of the Professional Lawyer 85 (2013)

Unregulated Corporate Internal Investigations: Achieving Fairness for Corporate Constituents, 54 B.C. L. Rev. 73 (2013) (with Ellen S. Podgor)

Federal Criminal Discovery Reform: A Legislative Approach, 64 Mercer L. Rev. 639 (2013)

Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process, 40 Fordham Urb. L.J. 139 (2012) (with Jane Moriarty)

The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?, 19 Int' J. Legal Prof. 193 (2012)

Prosecutors and Professional Regulation, 25 Georgetown J. Legal Ethics 873 (2012)

The Community Prosecutor: Questions of Professional Discretion, 47 Wake Forest L. Rev. 285 (2012) (with Alafair S. Burke)

Foreword, Globalization and the Legal Profession, 80 Fordham L. Rev. 2305 (2012)

Developing Standards of Conduct for Prosecutors and Criminal Defense Lawyers, 62 Hastings L.J. 1093 (2011)

Prosecutors' Ethical Duty of Disclosure In Memory of Fred Zacharias, 48 San Diego L. Rev. 57 (2011)

The Legal Ethics Scholarship of Ted Schneyer: The Importance of Being Rigorous, 53 Ariz. L. Rev. 365 (2011)

13

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM          INDEX NO. 651469/2018
NYSCEF DOC. NO. 996          RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 29 of 65

The Civil Government Lawyer: A View From the Jury Box, 38 Hofstra L. Rev. 883 (2010) (with Karen Bergreen).

Beyond Training Prosecutors About Their Disclosure Obligations: Can Prosecutors' Offices Learn From Their Lawyers' Mistakes, 31 Cardozo L. Rev. 2161 (2010)

Ethically Representing a Lying Cooperator: Disclosure as the Nuclear Deterrent, 7 Ohio St. J. of Crim. L. 639 (2010)

Fear of the Unknown: Judicial Ethics After *Caperton*, 60 Syracuse L. Rev. 229 (2010)

ABA Ethics Reform from "MDP" to "20/20": Some Cautionary Reflections, 2009 Journal of the Professional Lawyer 1 (2009)

Rationalizing Judicial Regulation of Lawyers, 70 Ohio St. L.J. 73 (2009) (with Fred C. Zacharias)

Regulating Federal Prosecutors: Let There Be Light, 118 Yale L.J. Pocket Part TK (2009), http://thepocketpart.org/2009/TK/TK/green.html.

The Duty to Avoid Wrongful Convictions: A Thought Experiment in the Regulation of Prosecutors, 89 Boston University L. Rev. 1 (2009) (with Fred C. Zacharias)

"Public Service Must Begin at Home": The Lawyer as Civics Teacher in Everyday Practice, 50 Wm. & Mary L. Rev. 1207 (2009) (with Russell Pearce)

Regulating Discourtesy on the Bench: A Study in the Evolution of Judicial Independence, 64 N.Y.U Ann. Survey of Am. Law 497 (2009) (with Rebecca Roiphe) (symposium on judicial transparency)

Prosecutorial Discretion and Post-Conviction Evidence of Innocence, 6 Ohio St. J. of Crim. L. 467 (2009) (with Ellen Yaroshefsky)

Foreword, The Lawyer's Role in a Contemporary Democracy, 77 Fordham L. Rev. 1229 (2009)

Remembering Mary Daly: A Legal Ethicist Par Excellence, 83 St. John's L. Rev. 23 (2009)

The Market for Bad Legal Scholarship: William H. Simon's Experiment in Professional Regulation, 60 Stanford L. Rev. 1605 (2008)

"The U.S. Attorneys Scandal" and the Allocation of Prosecutorial Power, 69 Ohio St. L.J. 187 (2008) (with Fred C. Zacharias)

14

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 30 of 65

Some Realism About Bar Associations, 57 DePaul L. Rev. 425 (2008) (with Elizabeth Chambliss)

Criminal Defense Lawyering at the Edge – A Look Back, 36 Hofstra Law Rev. 353 (2007)

Teaching Lawyers Ethics, 51 St. Louis L.J. 1091 (2007)

Permissive Rules of Professional Conduct, 91 Minn. L. Rev. 265 (2006) (with Fred C. Zacharias)

Taking Cues: Inferring Legality from Others' Conduct, 75 Fordham L. Rev. 1429 (2006)
The Religious Lawyering Critique, 21 J. of Law & Religion 283 (2006)

Representing Children in Families – Foreword, 6 Nevada L. Rev. 571 (2006) (with Annette R. Appell)

"Anything Rather Than a Deliberate and Well-Considered Opinion"–Henry Lord Brougham, Written by Himself, 19 Georgetown J. Legal Ethics 1221 (2006) (with Fred C. Zacharias)

Reconceptualizing Advocacy Ethics, 74 George Washington L. Rev. 1 (2005) (with Fred C. Zacharias)

Foreword, Professional Challenges in Large Firm Practices, 33 Fordham Urb. L.J. 7 (2005)

Prosecutorial Neutrality, 2004 Wisconsin L. Rev. 837 (with Fred C. Zacharias)

Foreword, Colloquium, Deborah Rhode's *Access to Justice*, 73 Fordham L. Rev. 841 (2004)

Federal Court Authority to Regulate Lawyers: A Practice in Search of a Theory, 56 Vand. L. Rev. 1303 (2003) (with Fred C. Zacharias)

Prosecutorial Ethics as Usual, 2003 Illinois L. Rev. 1573

Criminal Neglect: Indigent Defense from an Ethics Perspective, 52 Emory Law Review 1169 (2003)

Regulating Federal Prosecutors' Ethics, 55 Vand. L. Rev. 381 (2002) (with Fred C. Zacharias)

Bar Association Ethics Committees: Are They Broken?, 30 Hofstra L. Rev. 731 (2002)

May Judges Attend Privately Funded Educational Programs?  Should Judicial Education Be Privatized?: Questions of Judicial Ethics and Policy, 29 Fordham Urb. L.J. 941 (2002)

15

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026
26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 31 of 65

John D. Feerick: The Dean of Ethics and Public Service, 70 Fordham L. Rev. 2165 (2002)

Judicial Rationalizations for Rationing Justice: How Sixth Amendment Doctrine Undermines Reform, 70 Fordham L. Rev. 1729 (2002)

Thoughts About Corporate Lawyers After Reading *The Cigarette Papers*: Has the "Wise Counselor" Given Way to the "Hired Gun"?, 51 DePaul L. Rev. 407 (2001)

Reflections on the Ethics of Legal Academics: Law Schools as MDPs; or, Should Law Professors Practice What They Teach?, 42 S. Tex. L. Rev. 301 (2001)

Public Declarations of Professionalism, 52 S. Car. L. Rev. 729 (2001)

The Disciplinary Restrictions on Multidisciplinary Practice: Their Derivation, Their Development, and Some Implications for the Core Values Debate, 84 Minn. L. Rev. 1115 (2000)

The Uniqueness of Federal Prosecutors, 88 Georgetown L.J. 207 (2000) (with Fred C. Zacharias)

Must Government Lawyers "Seek Justice" in Civil Litigation?, 9 Widener J. Pub. L. 235 (2000)

There But for Fortune: Real-Life vs. Fictional "Case Studies" in Legal Ethics, 64 Fordham L. Rev. 977 (2000)

Rationing Lawyers: Ethical and Professional Issues in the Delivery of Legal Services to Low-Income Clients, 67 Fordham L. Rev. 1713 (1999)

Why Should Prosecutors "Seek Justice"?, 26 Fordham Urb. L.J. 609 (1999)

The Criminal Regulation of Lawyers, 67 Fordham L. Rev. 327 (1998)

Lawyers as Nonlawyers in Child-Custody and Visitation Cases: Questions From a "Legal Ethics" Perspective, 73 Ind. L.J. 665 (1998)

Lawyer Discipline: Conscientious Noncompliance, Conscious Avoidance, and Prosecutorial Discretion, 66 Fordham L. Rev. 1307 (1998)

Less is More: Teaching Legal Ethics in Context, 39 Wm. & Mary L. Rev. 357 (1998)

Conflicts of Interest in Legal Representation: Should the Appearance of Impropriety Rule Be Eliminated in New Jersey--Or Revived Everywhere Else?, 28 Seton Hall L. Rev. 315 (1997)

The Role of Personal Values in Professional Decisionmaking, 11 Geo. J. of Legal Ethics 19 (1997)

16

Conflicts of Interest in Litigation: The Judicial Role, 65 Fordham L. Rev. 71 (1996)

Whose Rules of Professional Conduct Should Govern Lawyers in Federal Court and How Should the Rules Be Created?, 64 George Washington L. Rev. 460 (1996)

Foreword: Children and the Ethical Practice of Law, in Ethical Issues in the Legal Representation of Children, 64 Fordham L. Rev. 1281 (1996) (with Bernardine Dohrn)

Contextualizing Professional Responsibility: A New Curriculum for a New Age, 58 Law & Contemp. Probs. 193 (1995) (with Mary Daly & Russell Pearce)

Policing Federal Prosecutors: Do Too Many Regulators Produce Too Little Enforcement?, 8 St. Thomas L. Rev. 69 (1995)

Of Laws and Men: An Essay on Justice Marshall's View of Criminal Procedure, 26 Ariz. St. L.J. 369 (1994) (with Daniel Richman)

Foreword, Ethical Issues in Representing Older Clients, 62 Fordham L. Rev. 961 (1994) (with Nancy Coleman)

Foreword, Urban Environmental Equity, 21 Fordham Urb. L.J. 425 (1994)

Lethal Fiction: The Meaning of "Counsel" in the Sixth Amendment, 78 Iowa L. Rev. 433 (1993) [reprinted in 6 Crim. Prac. L. Rev. 183 (1994)]

"The Whole Truth?": How Rules of Evidence Make Lawyers Deceitful, 25 Loyola of Los Angeles L. Rev. 699 (1992)

"Power, Not Reason": Justice Marshall's Valedictory and the Fourth Amendment in the Supreme Court's 1990-91 Term, 70 N.C.L. Rev. 373 (1992)

After the Fall: The Criminal Law Enforcement Response to the S&L Crisis, 59 Fordham L. Rev. S155 (1991)

Zealous Representation Bound: The Intersection of the Ethical Codes and the Criminal Law, 69 N.C.L. Rev. 687 (1991) [reprinted in 4 Crim. Prac. L. Rev. 323 (1992)]

"Hare and Hounds": The Fugitive Defendant's Constitutional Right to Be Pursued, 56 Brooklyn L. Rev. 439 (1990) [reprinted in 4 Crim. Prac. L. Rev. 67 (1992)]

The Good-Faith Exception to the Fruit of the Poisonous Tree Doctrine, 26 Crim. L. Bull. 509 (1990)

17

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018

NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl Doc 7-9 Filed 02/19/26 Entered 02/19/26 09:13:25 Exhibit
Affirmation of Bruce A. Green (NYSCEF 996( Pg 33 of 65

*Doe v. Federal Grievance Committee*: On the Interpretation of Ethical Rules, 55 Brooklyn L. Rev. 485 (1989)

"Through a Glass, Darkly": How the Court Views Motions to Disqualify Criminal Defense Lawyers, 89 Colum. L. Rev. 1201 (1989) [reprinted in 2 Crim. Prac. L. Rev. 551 (1990)]

Her Brother's Keeper: The Prosecutor's Responsibility When Criminal Defense Counsel Has a Conflict of Interest, 16 Am. J. Crim. L. 323 (1989)

"Package" Plea Bargaining and the Prosecutor's Duty of Good Faith, 25 Crim. L. Bull. 507 (1989)

Limits on a Prosecutor's Communications With Prospective Defense Witnesses, 25 Crim. L. Bull. 139 (1989)

A Prosecutor's Communications With Represented Defendants: What Are the Limits?, 24 Crim. L. Bull. 283 (1988)

The Ethical Prosecutor and the Adversary System, 24 Crim. L. Bull. 126 (1988)

Note, Court Appointment of Attorneys in Civil Cases: The Constitutionality of Uncompensated Legal Assistance, 81 Colum. L. Rev. 366 (1981)

Note, A Functional Analysis of the Effective Assistance of Counsel, 80 Colum. L. Rev. 1053 (1980)

### Articles in Legal Periodicals

"On Becoming a Great Trial Advocate," Litigation, vol. 51, no. 2, Winter 2025, p. 22 (with Paul Mark Sandler & John Barkett)

"Firing of Jack Smith's Team Is A Threat to Rule of Law," Law360.com, Jan. 31, 2025, https://www.law360.com/articles/2291287/firing-of-jack-smith-s-team-is-a-threat-to-rule-of-law (with Rebecca Roiphe)

"New York Mayor Adams Attacks Fed Prosecutor's Independence, Appeals to Trump," N.Y.L.J., Jan. 24, 2025, https://www.law.com/nationallawjournal/2025/01/24/new-york-mayor-adams-attacks-fed-prosecutors-independence-appeals-to-trump/ (with Rebecca Roiphe)

"Attorney Discipline, the First Amendment, and You!", NYCLA, Nov. 29, 2022

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 34 of 65

"Let's Not Condemn All the Lawyers: How Lawyers in the Trump Administration Protected Democracy," National Law Journal, March 4, 2022, https://www.law.com/nationallawjournal/2022/03/04/lets-not-condemn-all-the-lawyers-how-lawyers-in-the-trump-administration-protected-democracy/

"The Objectionable Client," Litigation, vol. 48, no. 2, Winter 2022, p. 8

"A January Massacre Averted and the Lawyers Who Helped Avert It," NYLJ, Jan. 28, 2021, https://www.law.com/newyorklawjournal/2021/01/28/a-january-massacre-averted-and-the-lawyers-who-helped/?slreturn=20210028120632 (with Rebecca Roiphe)

"Resolving Ethics Questions in Good Faith," Litigation, vol. 46, no. 2, Winter 2020, p. 39

"The Judge in Epstein's Case Should Not Turn the Dismissal Into a Drama for the Victims," LAW.COM/NYLJ, Aug. 26, 2019, https://www.law.com/newyorklawjournal/2019/08/26/the-judge-in-epsteins-case-should-not-turn-the-dismissal-into-a-drama-for-the-victims/ (with Rebecca Roiphe)

"Should We Let Funders Invest in Law Firms?," Litigation, vol. 45, no. 4, Summer 2019, p. 10

"The Challenges and Rewards of Teaching Legal Ethics," The Professional Lawyer, vol. 25, no. 2 (2018), p. 3, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/green_tpl_25_2.authcheckdam.pdf

"Threatening Litigation," Litigation, vol. 44, no. 1, Fall 2017, p. 13

"Balancing Act," ABA Journal, Nov. 2017, p. 24, available at: http://www.abajournal.com/magazine/article/opinion_gives_guidance_for_legal_services_lawyers_on_advising_with_nonlawye

"Handle With Care," Litigation, vol. 42, no. 4, Summer 2016, p. 9

"The Ethics of Global Litigation," Litigation, vol. 41, no. 4, Summer 2015, p. 9

"The Litigator's Monopoly," Litigation, vol. 40, no. 4, Summer 2014, p. 10

"Experiential Learning: Practice Makes Perfect," NYLJ, Apr. 21, 2014

"Two Wrongs Make it Worse in Cops' Retrial," Nat'l L.J., Sept. 13, 2013

"The Ethics-Procedure Dichotomy," Litigation, vol. 39, no. 3, Summer 2013, p. 11

19

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 35 of 65

"Federal Litigation: A "No-Contact" Sport?," Litigation, vol. 38, no. 4, Summer/Fall 2012, p. 11

"Prosecutors for Sale," Nat'l L.J., Oct. 1, 2012, p. 43

"Balancing Conscience and Confidentiality for Attorney Whistleblowers," Corporate Counsel, June 6, 2012 (with Jordan Thomas), available at: http://www.law.com/jsp/cc/PubArticleFriendlyCC.jsp?id=1202557377777

"The Perils of Sloppy Engagement Agreements," Litigation, vol. 38, no. 1, Fall 2011, p. 7

"The Perils of New Technology," Litigation, vol. 37, no. 4, Summer 2011, p. 6

"Criminal Justice: There's Always More to Learn," Criminal Justice, Summer 2011, p. 1

"What Use Are Legal Academics?," Criminal Justice, Spring 2011, p. 1

"Criminal Justice–What's Ahead?  Roadblocks and New Directions," Criminal Justice, Winter 2011, p. 1

"Thinking About White-Collar Crime and Punishment," Criminal Justice, Fall 2010, p. 1

"Question of the Week – Unauthorized Practice of Law," BNA's Corporate Counsel Weekly 372 (Dec. 9, 2009) [reprinted in BNA, "Legal Ethics for In-House Corporate Counsel," B-2601 (2010)]

Book Review [Peter A. Joy & Kevin C. McMunigal, Do No Wrong  - Ethics for Prosecutors and Defense Lawyers], The Champion 59-60 (Feb. 2009)

"Prosecutors' Professional Independence: Reflections on *Garcetti v. Ceballos*," Criminal Justice, Summer 2010, p. 4

"Deceitful Silence," Litigation, Winter 2007, p. 24

"Feeling a Chill," ABA Journal, Dec. 2005, p. 61 (with David C. Clifton)

"Prosecuting Means More Than Locking Up Bad Guys," Litigation, Fall 2005, p. 12

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," ABA Section of Litigation, Committee on Corporate Counsel Newsletter, vol. 19, no. 1, p. 1 (Fall 2004) [reprinted in ABA Section of Litigation, Professional Liability Litigation [Newsletter], vol. 3, no. 1, p. 1 (Winter 2005)]

20

Client Confidences: Should Lawyers Be Allowed to Reveal Them to Prevent Death or Serious Bodily Harm?: Yes, New York Lawyer, Oct. 2001, p. 20

Adventures in the Mortgage Trade: A Case Study in Legal Ethics, 27 N.Y. Real Property Law Journal 49 (Spring, 1999) (with Joshua Stein) [also published in Commercial Real Estate Financing: What Borrowers and Lenders Need to Know 1999 vol. 2, p. 749 (PLI 1999)]

Lying Clients: An Age-Old Problem, Litigation, Fall 1999, p. 19 [updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1105 (2007)]
When Conflicts of Interest Arise Unexpectedly, Litigation Ethics, Spring/Summer 1998, p. 11

The "No-Contact" Rule in New York State--Some Less Contentious Questions, N.Y. Professional Responsibility Report, Aug. 1998, p.1

The Ten Most Common Ethical Violations, Litigation, Summer 1998, p. 48 [reprinted in Trial (March 1999), p. 70; updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1077 (2007)]

Teaching Legal Ethics in Context, 70 N.Y.S.B.J. 6 (May/June 1998) (with Mary Daly)

Ethical Issues in Representing Children, 7 The Professional Lawyer 9 (1996)

Federal Prosecutors' Ethics: Who Should Draw the Lines?, 7 The Professional Lawyer 1 (1995)

Ethical Issues in Representing Older Clients, 5 The Professional Lawyer 18 (1994)

Crime and Punishment After the S&L Crisis, 46 Consumer Finance L.Q. Rep. 195 (1992)

Conflicts of Interest in Corporate Criminal Cases, 1 Corp. Crim. & Const'l L. Rptr. 98 (1990)

"Judge Kennedy Might Not Meet Expectations of Administration," Nat'l L.J., Dec. 21, 1987, p. 20

Articles in *Federal Bar Council News*: "Privileges in the Corporate Context," vol. 12, no. 1, p. 4 (2005); "Ethics Reform in New York," vol. 11, no. 2, p. 11 (2004); "MJP for Litigators," vol. 10, no. 4, p. 14 (2003); "Privately-Funded Seminars for Judges," vol. 9, no. 5, p. 1 (2002); "Multijurisdictional Issues," vol. 7, no. 4, p. 11 (2000); "Moral Ambiguity/Ambiguous Morals: Morgan Stanley and the $10,000 Payment," vol. 6, no. 4, p. 1 (1999); "When Prosecutors Accuse Criminal Defense Lawyers of Wrongdoing," vol. 5, no. 5, p. 1 (1998); "Prosecuting Lawyers," vol. 5, no. 4, p. 11 (1998); "A View From The 'Ethics' Front," vol. 5, no. 3, p. 7 (1998); "Professional Detachment," vol. 4, no. 4, p. 8 (1997); "The Philosophy of Our Ethical Rules," vol. 4, no. 3, p. 23 (1997); "The President vs. Mrs. Jones," vol. 4, no. 1, p. 11 (1997); "Should Judges Promote Professionalism?," vol. 3, no. 4, p. 4 (1996); "Bad Arguments," vol. 3, no. 1, p.

21

7 (1996); "The Sins of the Lawyer (and the Procedural Consequences)," vol. 2, no. 4, p. 9 (1995); "Attorney Discipline in the Second Circuit," vol. 2, no. 2, p. 11 (1995)

## **Books**

*Professional Responsibility: A Contemporary Approach* (West Publ. 5th ed. 2023) (with Renee Knake Jefferson, Russell G. Pearce, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy, Laurel S. Terry, Lonnie S. Brown, Jr. & Swethaa S. Ballakrishnen)

*Professional Responsibility: A Contemporary Approach* (West Publ. 4th ed. 2020) (with Renee Knake Jefferson, Russell G. Pearce, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy, Laurel S. Terry & Lonnie S. Brown, Jr.)

*Professional Responsibility: A Contemporary Approach* (West, 3d ed. 2017) (with Russell G. Pearce, Renee Newman Knake, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2d ed. 2014) (with Russell G. Pearce, Daniel J. Capra, Renee Newman Knake & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2011) (with Russell G. Pearce & Daniel J. Capra)

*Tax Fraud and Money Laundering* (The John Marshall Publ. Co., 1993) (with Robert H. Hishon & Richard A. Westin)

Editor, *Government Ethics for the 1990's: The Collected Reports of the New York State Commission on Government Integrity* (Fordham Univ. Press, 1991)

## **Book Chapters**

Prosecutors' Independence (Chapter 19), <u>in</u> *Handbook on Sociology and the Legal Profession* (Scott Cummings et al., ed., 2025) (with Rebecca Roiphe), available in draft at: https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5869062

Bar Authorities and Prosecutors (Chapter 15), <u>in</u> *Oxford Handbook on Prosecutors and Prosecution* (Ronald W. Wright et al., ed. 2021)

The flood of US lawyers: natural fluctuation or professional climate change?, <u>in</u> *Too Many Lawyers?  The future of the legal profession* 71-86 (Eyal Katvan et al., ed.) (Routledge 2017)

22

Attorneys' Conflicts of Interest in International Arbitrations, in *Contemporary Issues in International Arbitration and Mediation: The Fordham Papers 2014* 73-89 (Arthur W. Rovine, ed.) (Brill Nijhoff 2015)

Prosecutors' Ethics in Context: Influences on Prosecutorial Disclosure," in *Lawyers in Practice: Ethical Decision Making in Context* 269-92 (Leslie C. Levin & Lynn Mather, ed.) (University of Chicago Press 2012) (with Ellen Yaroshefsky)

"Rule 1.10: Imputation of Conflicts of Interest," in The New York Rules of Professional Conduct: Rules and Commentary 235-66 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.11: Special Conflicts of Interest for Former and Current Government Officers and Employees," in The New York Rules of Professional Conduct: Rules and Commentary 267-86 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.12: Specific Conflicts of Interest for Former Judges, Arbitrators, Mediators or Other Third-Party Neutrals," in *The New York Rules of Professional Conduct: Rules and Commentary* 287-95 (2010) (NYCLA Ethics Inst., ed.)

"Ethical Issues in Dealing with Experts," in *Litigators on Experts* 126 (ABA 2010) (with Lawrence J. Fox)

"Ethics in Criminal Advocacy," in The State of Criminal Justice 181 (2009) (with Ellen Yaroshefsky)

"Ethics in Criminal Advocacy," in *The State of Criminal Justice* 123 (2007-2008) (with Ellen Yaroshefsky)

"The Ethics of Marketing Legal Services," in *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 1996) (with Russell Pearce), and *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 2d ed. 2005) (with Russell Pearce)

Reporter to *Evidence in America*: The Federal Rules in the United States (1989-91 supp., Fed. R. Evid. 801, 802, and 804)

### **Other Legal Writings**

"When the Prosecutor Becomes the Judge," ACSblog, Feb. 25, 2016, https://www.acslaw.org/acsblog/when-the-prosecutor-becomes-the-judge

"A Professional Responsibility Perspective on Turner v. Rogers," Concurring Opinions, June 2, 2011, http://concurringopinions.com/archives/author/bruce-green

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 39 of 65

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," in ABA Section of Litigation, 2004 Annual Conference

Report of the Commission on Multijurisdictional Practice (Aug. 2002)

"Representing Corporations Under Fire: Ethical Considerations – A Hypothetical," and "Representing Corporations Under Fire: Ethical Considerations," in MCLE Marathon 2002 521, 527 (PLI 2002)

Interim Report of the Commission on Multijurisdictional Practice (Nov. 2001)

"A Guide to Professionalism Commissions" report of the ABA Standing Committee on Professionalism (2001)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 2001 413 (PLI 2001) (with Mary Lu Bilek)

Editor, *Litigation Ethics: Course Materials for Continuing Legal Education* (ABA Section of Litigation 2000) (with John Q. Barrett)

"Assisting Clients with Multi-State and Interstate Legal Problems: The Need to Bring the Professional Regulation of Lawyers into the 21st Century" (report summarizing the proceedings of the Symposium on the Multijurisdictional Practice of Law) (June 2000)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 1999 311 (PLI 1999)

"The Duty to Report Ethical Misconduct," in ABA Section of Family Law, *1998 Annual Meeting* 17 (July 31-Aug. 3, 1998)

"Local Rules Limiting Attorney Speech in Criminal Proceedings" (Federal Bar Council, June 1996) (principal author)

"Establishing Ethical Standards for Federal Prosecutors and Defense Attorneys," 49 The Record of the Assn. of the Bar of the City of New York 21 (1994) (principal author)

"Ex Parte Contacts With Employees of a Corporate Party in Civil Litigation," in ABA Section of Litigation, *Best Evidence Seminar* 41 (Apr. 19, 1991)

"Use of an Attorney's Statements Against His or Her Client," in ABA Section of Litigation, Best Evidence Seminar 35 (Mar. 9-10, 1990)

24

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 40 of 65

### Articles in Non-legal Publications

"Ed Martin is the wrong person to investigate Biden-era prosecutors," The Hill, Feb. 8. 2025, https://thehill.com/opinion/5133395-edward-martin-jan6-investigation/ (with Rebecca Roiphe)

"Political warfare: Why the House accusations against Liz Cheney are baseless and wrong," The Hill, Jan. 8 2025, https://thehill.com/opinion/congress-blog/5071600-house-republicans-weaponize-professional-conduct-liz-cheney/

"Opinion: Defendants in the Georgia election case have no reason to complain — even if the Fani Willis allegations are true," CNN, Jan. 25, 2024, https://edition.cnn.com/2024/01/24/opinions/fani-willis-trump-georgia-election-case-green/index.html

Letter to the Editor, NY Times, June 1, 2023 (with Nora Freeman Engstrom)

"What's Wrong With Getting a Little Free Legal Advice?", NY Times, March 17, 2023 (with David Udell)

"Congress must protect DOJ's independence," NY Daily News, Oct. 14, 2021, Congress must protect DOJ's independence - New York Daily News (nydailynews.com) (with Rebecca Roiphe)

"As the Giuliani case goes forward, courts should think deeply about the First Amendment," Washington Post, June 25, 2021, Opinion | As the Giuliani case goes forward, courts should think deeply about the First Amendment - The Washington Post (with Rebecca Roiphe)

"Is Jeffrey Clark's Secret Conversation With Trump 'Privileged'?", Just Security, Feb. 5, 2021, Is Jeffrey Clark's Secret Conversation With Trump "Privileged"? (justsecurity.org) (with Rebecca Roiphe)

"Trump's lawsuits are good for American democracy," The Hill, Nov. 9, 2020, https://thehill.com/opinion/white-house/525008-trumps-lawsuits-are-good-for-american-democracy (with Rebecca Roiphe)

"Congress Needs to Empower DOJ IG to Hold Prosecutors Accountable," Bloomberg Law, Oct. 2, 2020 (with Rebecca Roiphe), https://news.bloomberglaw.com/us-law-week/congress-needs-to-empower-doj-ig-to-hold-prosecutors-accountable?context=search&index=3

"A Lawyer's Client was Abused by his Father. But he also Paid the Lawyer's Fees. Now the Client is on Death Row." Newsweek, Mar. 11, 2019, https://www.newsweek.com/acklin-alabama-lawyer-fee-conflict-scotus-1358937

25

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 41 of 65

"Pardoning Paul Manafort might not be such a bad idea if Donald Trump wants to take a risk," USA Today, Aug. 27, 2018, https://www.usatoday.com/story/opinion/2018/08/27/paul-manafort-convicted-trump-pardon-obstruction-justice-column/1083646002/ (with Rebecca Roiphe)

"Judge Kavanaugh and Justice Kennedy do not have conflicts of interest," The Hill, July 13, 2018 (with Rebecca Roiphe), http://thehill.com/opinion/judiciary/396922-judges-kavanaugh-and-justice-kennedy-do-not-have-conflicts-of-interest

"The president is the chief executive, but does not control the Mueller probe," The Hill, March 26, 2018, http://thehill.com/opinion/white-house/380036-the-president-is-the-chief-executive-but-does-not-control-the-mueller (with Rebecca Roiphe),

"Third Party Legal Fee Payments – A Problem for Trump But Not for Corporations (Perspective)," Oct. 3, 2017, https://biglawbusiness.com/third-party-legal-fee-payments-a-problem-for-trump-but-not-for-corporations-perspective/

"Are Systemic Legal Problems Like Public Health Problems? (Perspective)," Bloomberg Law, June 9, 2017, https://bol.bna.com/are-systemic-legal-problems-like-public-health-problems-perspective/

"Trump Should Hire His Own Lawyers to Defend Emoluments Suit (Perspective)," Bloomberg Law, May 3, 2017, https://bol.bna.com/trump-should-foot-legal-bill-to-defend-emoluments-suit-perspective/

"Justice Gorsuch Should Take Inspiration From John Adams (Perspective)," Bloomberg Law, April 13, 2017, https://bol.bna.com/justice-gorsuch-should-take-inspiration-from-john-adams-perspective/

"Michael Flynn Should Listen to a Lawyer (Perspective)," Bloomberg Law, April 3, 2017, https://bol.bna.com/michael-flynn-should-listen-to-a-lawyer-perspective/

"Trump Loves 'Fake Judges,' Can't Stand Real Judges (Perspective)", Bloomberg Law, March 28, 2017, https://bol.bna.com/trump-loves-fake-judges-cant-stand-real-judges-perspective/

"Bharara Firing Shows Trump's Ethics Problem, Says Law Professor (Perspective)," Bloomberg Law, March 13, 2017, https://bol.bna.com/bharara-firing-shows-trumps-ethics-problem-says-law-professor-perspective/

"What Michael Bloomberg can teach Donald Trump about ethics," Newsday, Jan. 21, 2017, http://www.newsday.com/opinion/commentary/what-michael-bloomberg-can-teach-donald-trump-about-ethics-1.12991254

26

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 42 of 65

## Participation in Professional and Academic Programs (since January 2010)

Panelist, "Endangered Lawyers? Attorney Independence in the Department of Justice," NY City Bar, Jan. 20, 2026

Panelist, "*Brady v. Maryland* at 60+: Prosecutorial Ethics, Polarization, and Emperics," AALS Annual Meeting, New Orleans, Louisiana, Jan. 7, 2026

Panelist, "Big Law and the Rule of Law: Ethical Boundaries in the Face of Executive Power," 2025 Oklahoma Law Review Symposium on Public Responsibilities of Private Law Firms, Oklahoma Law School, Oct. 17, 2025

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," New York City Bar, Sept. 29, 2025

Panelist, "This Just In: Annual Highlights from the ABA Center for Professional Responsibility, ABA webinar, July 28, 2025

Keynote speaker, "Ethics Day 2025," Office of the New York State Attorney General, June 30, 2025

Panelist, "Rules 5.4 and 5.5 and the 'Lawyer Monopoly': Historical Perspectives," ABA 50th National Conference on Professional Responsibility, Pentagon City, Virginia, May 30, 2025

Co-presenter, "Outside Counsel Guidelines, Power, Prestige, and the Evolution of the Corporate Bar," Legal Ethics Schmooze, Texas A&M School of Law, May 17, 2025

Panelist, "Global Trends in the Legal Profession," IE Law School LawAhead Center on the Legal Profession, Madrid, Spain, April 7, 2025

Panelist, "Prosecutorial Ethics," 2025 Stetson Law Review Symposium, Prosecutorial Independence and White Collar Crime, Stetson Univ. College of Law, March 28, 2025

Discussant, Access to Justice Roundtable, Vanderbilt Law School, March 21, 2025

Presenter, "*Brady* Workshop," Notre Dame Law School, Keough School of Global Affairs Washington Office, Feb. 21, 2025

Moderator, "Restorative Justice in Practice: Perspectives from the Bench, Defense, and Prosecution," Symposium on Restorative Pathways: Reimagining Justice Reform for a Better Tomorrow, Fordham Law School, Feb. 14, 2025

27

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 43 of 65

Co-speaker, "Using AI Ethically to Review Cases," Conviction Integrity/Wrongful Convictions Monthly Meeting & Training, Quattrone Center for the Fair Administration of Justice, Feb. 12, 2025 (online)

Co-panelist, "Hot Topics in Legal Ethics in 2025," Federal Bar Council, Feb. 13, 2025

Co-speaker, "Is Criminal Justice About Truth?," Ethics Breakfast Series, Dirah Brooklyn, Jan. 12, 2025

Presenter, "Court-Ordered Representation in Adjudication and Professional Discipline: Mandatory Pro Bono as Payback," Symposium, Beyond Mandatory Pro Bono: Compulsory Lawyer Mechanisms in Access to Justice, National University of Singapore, Dec. 5, 2024 (online)

Panelist, "41st Annual Section 1983 Civil Rights Litigation," PLI, Nov. 22, 2024

Speaker, "Everything You Ever Wanted to Know About Conflicts of Interest, But Were Afraid to Ask," District of Arizona Mandatory CJA Ethics Training, Oc5. 16, 2024 (online)

Panelist, "The Role of Lawyers in Defending Democracy," Hofstra Law School, Sept. 27, 2024

Panelist, "Ethical Considerations for Corporate Investigations," New York City Bar, Sept. 25, 2024

Presenter, "Challenges in the Regulation of Prosecutors: experiences and thoughts from the US," Center for Constitutional Studies of the Mexican Supreme Court of Justice (Centro de Estudios Constitucionales de la Suprema Cort de Justicia de la Nacion), Mexico City, Mexico, Sept. 13, 2024

Co-Presenter, "Replacing This Old House: Certifying and Regulating New Legal Services Providers," Symposium on New Frontiers in Attorney Regulation," Washington Univ. (St. Louis) School of Law, Sept. 6, 2024 (online)

Presenter, "Prosecutorial Independence," Special Workshop on Research Handbook on the Sociology of Legal Ethics, International Legal Ethics Conference 2024, Amsterdam, The Netherlands, July 18, 2024

Panelist, "Lawyers Challenging the Rule of Law," International Legal Ethics Conference 2024, Amsterdam, The Netherlands, July 17, 2024

Moderator, "The Role of the Legal Profession in a Time of Crisis – Part 2: Democracy and Insurrection," online program co-sponsored by Hofstra Law's Freedman Institute and Fordham Law's Stein Center for Law and Ethics, Apr. 11, 2024

28

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996
INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 44 of 65

Panelist, "This Just In!  Annual Highlights from the ABA Center for Professional Responsibility," ABACLE webinar, Mar. 18, 2024

Panelist, "Cutting Edge Ethics Issues When Dealing With New Technologies," NYSBA Dispute Resolution Section, Mar. 5, 2024

Panelist, "Criticizing and Baiting Judges: The Limits of Aggressive Advocacy," The Eastern District Association, Brooklyn, NY, Feb. 16, 2024

Moderator, Panel on "the Movement Toward Democratizing the Law," Symposium on "With People Struggling and the Law Failing, What are the Solutions to the Access to Justice Crisis in America?", Fordham Law School, Feb. 9, 2024

Panelist, "Ethics for Mediators and Counsel," 18th Annual Conference on International Arbitration and Mediation, Fordham Law School, Nov. 17, 2023

Panelist, "Hot Topics in Ethics," Federal Bar Council Fall Bench and Bar Retreat, Westbrook, Connecticut, Nov. 5, 2023

Panelist, "Ethical Considerations for Corporate Investigations," New York City Bar, Oct. 4, 2023

Panelist, "More than Sports: What Comes After NIL," Texas A&M Schol of Law, Sept. 29, 2023

Presenter, "Prosecutorial Independence," Research Committee on Sociology of Law Annual Conference, Lund University, Sept. 1, 2023

Speaker and moderator, conference on "Oversight of prosecutorial decision making and conduct," Georgia State University School of Law, Aug. 18, 2023

Panelist, "Lawyers Behaving Badly: Sanctions, Suspensions and General Shenanigans," New York Women's Bar Ass'n, April 25, 2023

Panelist, "Ethical Challenges for Government Lawyers," Denver Law Review Symposium on The Watergate State, Denver Law School, Apr. 14, 2023

Moderator and discussant, "The Future of Prosecution," Fordham Law School, March 3, 2023

Speaker, "Should Courts Authorize Nonlawyers to Practice Law?," Access to Justice: 2023 Stanford Law Review Symposium, Stanford Law School, Feb. 10, 2023

Moderator, "Outside Counsel Guidelines: Fair or Foul?," Association of Professional Responsibility Lawyers 2023 Midyear Meeting, New Orleans, LA, Feb. 3, 2023

29

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 45 of 65

Panelist, "Ethics in Criminal Advocacy," Federal Bar Council, Jan. 27, 2023

Panelist, "Witness Ethics: Avoiding the Minefields," ABA Section of Litigation, Dec. 14, 2022

Panelist, "How new technologies are transforming the provision of legal services: analysis and strategy," Third Symposium on Technology, Legal Services, and Legal Education, Fordham Law School, Dec. 9, 2022

Panelist, "The Latest Changes to New York's Law of Lawyering," NYS Bar Ass'n, Dec. 7, 2022

Panelist, "Ethics for Corporate Counsel 2022," NYS Bar Ass'n Corporate Counsel Section, Nov. 3, 2022

Panelist, Symposium on Reform-Minded Prosecution, Georgetown Law School, Oct. 31, 2022

Panelist, Short Circuit Live in NYC, Institute for Justice, NY, NY, Oct. 30, 2022

Speaker, "Why State Courts Should Authorize Non-lawyers to Practice Law," Stein Center colloquium, Fordham Law School, Oct. 21, 2022

Speaker, "Should Prosecutors Be Expected to Rectify Wrongful Convictions?", Texas A&M Law School, Sept. 30, 2022

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," NY City Bar, Sept. 14, 2022

Panelist, "Conflicts of Interest: Evaluating the Current Framework," International Legal Ethics Conference IX, UCLA, Aug. 15, 2022

Panelist and Chair, "Prosecution amid Political Contestation and Polarization," International Legal Ethics Conference IX, UCLA, Aug. 13, 2022

Speaker, "Cutting Edge Ethical Dilemmas in Criminal Defense," NY County Defender Services, July 12, 2022

Co-presenter, "A Progressive Theory of Progressive Prosecution," Criminal Justice Ethics Schmooze, NY Law School, June 10, 2022

Presenter, "Why State Courts Should Authorize Non-lawyers to Practice Law," A2J Roundtable, Fordham Law School, May 20, 2022

30

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 46 of 65

"Should You Have to Be a Lawyer to Do That?," Howard Lichtenstein Distinguished Professorship in Legal Ethics Lecture, Hofstra Law School, April 21, 2022

Moderator, panel on "Lawyering in Private: Privilege and Confidentiality – Sacred Protection or Overused Cloak of Secrecy?," Symposium on Lawyering for the President: Testing the Limits of Ethics and Professionalism, University of Georgia School of Law (virtual), Feb. 25, 2022

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 23, 2021

Moderator, "Lawyering in the DC Spotlight," ABA National Conference on Professional Responsibility, June 4, 2021

Co-moderator, "Ethical Issues in Crisis Lawyering," Fordham Law School, March 16, 2021

Presenter, symposium on "The Ethics of Government Service," Notre Dame Law School, Feb. 13, 2021

Panelist, "From Rudy Giuliani to Josh Hawley: What is the Role of Lawyer Discipline?," Hofstra Law School, Jan. 27, 2020

Panelist, Report by the Working Group on Litigation Funding, N.Y. City Bar, Jan. 26, 2020

Co-speaker, "Ethical Obligations in Misdemeanor Courts," ABA Public Defense Summit, Jan. 22, 2020

Co-interviewee, "Prosecutorial Discretion: Police Killings and Sexual Abuse," Talks on Law, recorded Dec. 8, 2020, available at:: https://www.talksonlaw.com/talks/prosecutorial-discretion-police-killings-and-sexual-abuse

Panelist, "The Next 50: Looking to the Future of Criminal Justice Ethics," Hofstra Law School, Nov. 16, 2020

Moderator, "The Problem of Lawyers' Mental Health in the Decade of the 2020s," symposium on Mental Health and the Legal Profession, Fordham Law School, Nov. 6, 2020

Panelist, "Lawyer Discipline and Executive Branch Lawyers," Cardozo Law School, Oct. 29, 2020

Panelist, "Ethical Considerations for Corporate Investigations in the World of Covid-19," N.Y. City Bar, Sept. 17, 2020

31

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 47 of 65

Co-speaker, "CJS History: The History of the CJS Standards Project," The JustPod, Aug. 20, 2020, https://www.buzzsprout.com/252350/4970960-cjs-history-the-history-of-the-cjs-standards-project

Commenter, "Discussion Group: State Your Case: The Influence of State Court Decisions, Tribal Courts, and State and Local Level Reforms on Criminal Practice," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 3, 2020

Speaker, "Discussion Group: Prosecution: Implications of the Progressive Prosecution Movement," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 2, 2020

Faculty, "Are Outside Counsel Guidelines a Threat to the Practice?," ABA webinar, April 20, 2020

Co-speaker, "Ethical Issues in the Practice of the Attorney General's Office," Office of the NYS Attorney General, Feb. 13, 2020

Panelist, "Ethical Considerations for Corporate Lawyers in 2020," Cardozo Law School, Feb. 5, 2020

Panelist, "Achieving Access to Justice Through ADR: Fact or Fiction?," Fordham Law School, Nov. 1, 2019

Panelist, discussion of Lonnie T. Brown, Jr., Defending the Public's Enemy: The Life and Legacy of Ramsay Clark, University of Georgia School of Law, Oct. 3, 2019

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 18, 2019

Moderator, "Risky Business: The Mueller Minefield and Ethical Dilemmas for Lawyers Involved in Government Investigations," ABA 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Panelist, "'Less fast, Less Furious'?: Protecting Clients & the Public in an Era of Regulatory Reform," Association of Professional Responsibility Lawyers 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Moderator, "Discussion Group: A 2020 Vision of Criminal Prosecution and Defense," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 30, 2019

Speaker, "Discussion Group: Vulnerable People, Fragile Rights, Criminal Justice," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 28, 2019

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 48 of 65

Presenter, Legal Ethics and Fiduciaries Workshop, Kylemore Abbey Global Center, University of Notre Dame, Connemara, County Galway, Ireland, June 20-21, 2019

Moderator, "Hard Legal Ethics Questions – How to Resolve Them or, Even Better, Avoid Them," NY City Bar, May 16, 2019

Panelist, "Litigators and Witnesses: Ethical Considerations and Limitations," NELA/NY Spring Conference, NY, NY, May 10, 2019

Panelist, "Conversations on the Warren Court's Impact on Criminal Justice – After 50 Years," Stetson University College of Law, April 5, 2019

Co-panelist, "Legal Ethics and Professional Responsibility," Legal Issues in Museum Administration 2019, ALI-CLE, Washington, DC

Speaker, "Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry," Symposium on Discretion and Misconduct: Examining the Roles, Functions, and Duties of the Modern Prosecutor, Penn State - Dickinson Law School, March 15, 2019

Panelist, "Avoiding Ethical Pitfalls in a Complicated Business Environment," Cardozo Law School, Feb. 27, 2019

Panelist, "Special Counsel Investigations and Legal Ethics," Duquesne University School of Law, Feb. 8, 2019

Speaker, "Current Developments in internal investigations in US Criminal Law and Procedure," Internal Investigations – Comparative Workshop on US, UK and German Law, House of Finance, Goethe University, Frankfurt, Germany, Jan. 31, 2019

Panelist, "The Ethical Obligations of a Lawyer to Learn the True Facts," NYS Bar Ass'n Annual Meeting, Jan. 15, 2019

Panelist, "Refresher Ethics: Steering Clear of Witness Minefields," ABA Webinar, Dec. 18, 2018

Panelist, "The Ethics of Copyright Trolling (And More): A Game Show," the Copyright Society of America, NY, NY, Dec. 13, 2018

Panelist, "Ethics for Corporate Counsel," NYSBA Corporate Counsel Section, NY, NY, Nov. 30, 2018

33

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 49 of 65

Co-presenter, "May Federal Prosecutors Take Direction from the President?," Faculty workshop, Rutgers Law School (Newark), Nov. 29, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" ABA Center for Professional Responsibility, Webinar, Oct. 11, 2018

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Oct. 4, 2018

Panelist, "Polish Your Ethics: Legal Sand Traps Trial Lawyers Should Avoid," 2018 Annual Meeting, American College of Trial Lawyers, New Orleans, Louisiana, Sept. 27, 2018

Discussant, "Discussion Group: The Ethics of Legal Education," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 9, 2018

Moderator, "Discussion Group: Judging – 50 Years After the Chicago Seven Trial," al Defense," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 7, 2018

Discussant, "Discussion Group: Conversations on the Warren Court's Impact on Criminal Justice," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 6, 2018

Panelist, "Litigators' Ethics CLE," 2018 Second Circuit Judicial Conference, Saratoga Springs, NY, June 14, 2018

Presenter, "More than a Stern Rebuke: A 'Broken Windows' Strategy for Judges Policing Prosecutors," Criminal Justice Ethics Schmooze, Brooklyn Law School, June 11, 2018

Panelist, "Ethics of Working with Witnesses, ABA Webinar, recorded June 6 2018, to be aired Aug. 15, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" 44th ABA National Conference on Professional Responsibility, Louisville, Kentucky, May 31, 2018

Panelist, "Social Media: Legal, Ethical and Practical Considerations for Lawyers," Federal Bar Council, Bridgeport, Connecticut, May 21, 2018

Moderator, "An Ounce of Prevention: How to Reduce Liability, Disciplinary and Reputational Risks, N.Y. City Bar, May 16, 2018

Panelist, "Ethics: Financing Mass Torts," 2018 Drug & Medical Device Seminar, Defense Research Institute, NY, NY, May 11, 2018

34

Presenter, "Professional Discipline of US Advocates," Workshop on "Regulating Lawyers Through Disciplinary Systems," International Institute for the Sociology of Law, Oñati, Spain, April 26, 2018

Panelist, "Sentencing Reform from the Bench: The Emerging Role of District Court Judges," NYU Annual Survey of American Law, NYU School of Law, March 26, 2018

Panelist, "Ethical Pitfalls and Pratfalls in Corporate Representations: Conflicts, Waivers, and Common Interest and Joint Defense Agreements," Cardozo Law School, March 7, 2018

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border: Think Again," 32nd Annual National Institute on White Collar Crime, ABA, San Diego, CA, March 2, 2018

Moderator, "Creating Groundbreaking Research on Neuroscience and Law," conference on The Future of Neuroscience and Law, Fordham Law School, Feb. 21, 2018

Panelist, Litigation Ethics and New Technology, Federal Bar Council 2018 Winter Bench & Bar Conference, Nevis, Feb. 16, 2018

Speaker, "Love in the Time of Cholera or Ethics in the Time of Trump?," McInerney Inn of Court, U.S. Courthouse, SDNY, NY NY, Feb. 7, 2018

Panelist, "Whistleblowers, Reporting Up, and the Professional Rules of Ethics, NYS Bar Ass'n Annual Meeting, NY, NY, Jan. 24, 2018

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 14, 2017

Organizer and commentator, "Regulation of Legal and Judicial Services Conference: Comparative and International Perspectives," Stein Center for Law and Ethics, Fordham Law School, Dec. 8-9, 2017

Panelist, "Ethics in Legal Practice: An Update and Review of Recent Ethics Opinions in 2017," NYS Bar Ass'n, Albany, NY, Dec. 6, 2017

Moderator, "Ethics and Criminal Justice Hypotheticals," Appellate Division, Third Department, Albany, NY, Oct. 31, 2017

Panel moderator, "Access to Justice and the Legal Profession in an Era of Contracting Civil Liability," Fordham Law School, Oct. 27, 2017

35

Panelist, "The Death of Conflicts," Federal Bar Council Fall Bench & Bar Retreat, New Paltz, NY, Oct. 22, 2013

Speaker, "The Right to Two Criminal Defense Lawyers," Symposium on Disruptive Innovation in Criminal Defense, Mercer University School of Law, Oct. 6, 2017

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 27, 2017

Presenter, "Comparative Approaches to Regulation and Protection of Lawyers," 2017 Seasonal Meeting of the NYSBA International Section, Antigua, Guatemala, Sept. 14, 2017

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border? Guess Again.," ABA CLE Showcase Program, ABA 2017 Annual Meeting, NY, NY, Aug. 11, 2017

Panelist, "Defending the Public's Enemy: The Journey of Ramsay Clark," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Reflections on the 2016 ABA Report on the Future of Legal Services in the United States," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Incorporating Developments in Forensic Science and Technology into the Criminal Justice System," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 2, 2017

Discussant, "Discussion Group: Criminal Justice and Technology: Changes in Law, Practice, and Culture," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2017

Moderator & organizer, "Discussion Group: Disruptive Innovation in Criminal Defense," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, July 31, 2017

Co-presenter, "The President, the Department of Justice, and Prosecutorial Independence" (work-in-progress), Legal Ethics Schmooze, UCLA, July 21, 2017

Panelist, "Ethics for OAG Lawyers," Office of the NYS Attorney General, June 20, 2017
Moderator, "A Difference of Opinion: Federal-State Conflict in Lawyer Ethics Matters," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter, work-in-progress, "Academic Scholarship Roundtable," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter on Legal Ethics, Office of the Public Defender, Tel Aviv, Israel, May 22, 2017

"Candor to the Court and Client," Annual Lecture on Legal Ethics, The David Weiner Center for Lawyers' Ethics and Professional Responsibility, The Haim Striks School of Law - The College of Management and Academic Studies, Rishon LeZion, Israel, May 21, 2017

Moderator, "Ethical Issues in Criminal Defense and Prosecution: the Role of Rules, Standards, Case Law and Professional Judgment," ABA Criminal Justice Section Spring Meeting, Jackson Hole, Wyoming, May 5, 2017

Co-presenter, ethics training, Federal Defender - Eastern District of Pennsylvania, Philadelphia, PA, May 2, 2017

Panelist, "Common Ground on Criminal Discovery and the Future of Brady v. Maryland, 2017 Spring Symposium: Finding Common Ground: Preventing Errors in Criminal Justice, Quattrone Center for the Fair Administration of Justice, University of Pennsylvania Law School, April 21, 2017

Moderator, "Working Ethically with Non-Lawyer Professionals in Public Interest Settings," Fordham Law School, March 30, 2017

Panelist, "Ethical Considerations for the Business and Corporate Attorney," Cardozo Law School, March 7, 2017

Panelist, "Timely Ethics Issues: Interacting With Witnesses, Firm General Counsel," 2017 Winter Bench & Bar Conference, Federal Bar Council, Palm Springs, California, Feb. 24, 2017

Presenter, "The Challenges and Rewards of Teaching Legal Ethics," 2017 Legal Ethics Conference – New Challenges in Legal Ethics, California Western School of Law, Feb. 11, 2017

Presenter, Symposium, "Protect and Serve: Perspectives on 21st Century Policing," Univ. of Georgia School of Law, Jan. 27, 2017

Panelist, "The Attorney's Role in Promoting a Strong Corporate Culture," NYSBA Annual Meeting, Business Law Section & Corporate Counsel Section, NY, NY, Jan. 25, 2017

Co-presenter, "Immigration Ethics," Justice AmeriCorps Year 3 National Training, Potomac, Maryland, Jan. 11, 2017

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 15, 2016

37

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl   Doc 7-9   Filed 02/19/26   Entered 02/19/26 09:13:25   Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(   Pg 53 of 65

Panelist, "Managing Your Client's Image in the Court of Public Opinion," NYCLA, Nov. 16, 2016

Panelist, "Wearing Two Hats as a Neutral and an Attorney: How to deal with inconsistent mandates in the ethical codes for lawyers and neutrals," NYSBA Dispute Resolution Section Fall Meeting, NY Law School, Oct. 28, 2016

Co-panelist, "Ethical considerations when representing clients with, or defending actions brought by individuals with, mental disabilities and impairments," Disability Law Forum, N.Y. City Bar, Oct. 13, 2016

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 21, 2016

Moderator & organizer, "Discussion Group: Re-imagining the Ideal Role of Prosecutors," 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 6, 2016

Discussant, "The Future of Legal Ethics Scholarship: Are We in the End Days or Just Getting Started?" 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 5, 2016

Organizer, The Ethics and Regulation of Lawyers Worldwide: Comparative and Interdisciplinary Perspectives, Seventh biannual International Legal Ethics Conference, International Association of Legal Ethics, New York, July 14-16, 2016

Co-presenter, "Rethinking Prosecutors' Conflicts of Interest," CrimFest, Cardozo Law School, July 12, 2016

Presenter, "The Price of Judicial Economy in the US," Workshop on "Too Few Judges? Regulating the Number of Judges in Society," International Institute for the Sociology of Law, Oñati, Spain, July 1, 2016

Panelist, "Corruption Scandals, the Panama Papers, and the Transnational Lawyer in Latin America: Strengthening the Profession through Better Ethics Standards," NY City Bar, June 6, 2016

Moderator, "The Decision-Making Conundrum When Representing a Child or Mentally Impaired Adult," ABA National Conference on Professional Responsibility, Philadelphia, PA, June 3, 2016

Panelist, "Litigators' Ethics: An Interactive Discussion of Problems of Confidentiality and Disclosure," 2016 Second Circuit Judicial Conference, Saratoga, NY, May 25, 2016

38

Moderator, "Ethics Gumbo: First You Make a Roux," ABA National Legal Malpractice Conference, New Orleans, Louisiana, April 28, 2016

Panelist, "Surveillance and the Attorney-Client Relationship: Recent International Developments," Seventh International Professional Responsibility Conference, Association for Professional Responsibility Lawyers, Paris, France, April 13, 2016

Presenter, "Ethics in Class Actions: 2015-16 Update," Institute for Law & Economic Policy, 22nd Annual Symposium, April 8, 2016, Miami Beach, Florida

Moderator, "Brandeis and Lawyering (II)," Conference on Louis D. Brandeis: An Interdisciplinary Perspective, Touro Law Center, Mar. 31, 2016

Speaker, Georgetown Journal of Legal Ethics Symposium on "Remaining Ethical Lawyers in a Changing Profession," Georgetown Univ. Law Center, Mar. 18, 2016

Panelist, "Current Issues in Corporate Representation," Cardozo Law School, Feb. 9, 2016

Panelist, "Watch Out Below! Avoiding Ethical Pitfalls in Class Action Litigation," NYSBA Antitrust Law Section, Annual Meeting, NY, NY, Jan. 28, 2016

Moderator, "Ethics in Criminal Practice, The Hardest Questions Today: A Conversation in Honor of Monroe Freedman," AALS Annual Conference, NY, NY, Jan. 7, 2016

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 11, 2015

Panelist, "Social Responsibility of Corporations," CJS Global White Collar Crime Institute, ABA Criminal Justice Section & KoGuan Law School, Shanghai, China, Nov. 20, 2015

Presenter & Facilitator, Professional Responsibility and Ethics in the Global Legal Market, Moscow State University Law School, Moscow, Russia, Oct. 28-31, 2015

Panelist, "What Line? Reining in Prosecutorial Excesses: The Ethics and Strategy of Negotiations," NACDL's 11th Annual White Collar Crime Seminar, Fordham Law School, Oct. 22, 2015

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 11, 2015

Discussant, "Keeping the Conversation Going on Intractable Problems in the Criminal Justice System," 2015 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2015

39

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
INDEX NO. 651469/2018
NYSCEF DOC. NO. 996
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 55 of 65

Commentator, "Defense Attorneys," CrimFest 2015, Cardozo Law School, July 20, 2015

Presenter, "Rethinking Prosecutors' Conflicts of Interest," 2015 Legal Ethics Schmooze, Stanford Law School, June 25, 2015

Moderator, "Attorney Privilege and Work Product," New York State-Federal Judicial Counsel & the Second Circuit Judicial Counsel, Brooklyn, NY, June 18, 2015

Moderator, "Ethics and Corporate Social Responsibility," Corporate Social Responsibility Leadership Course, Fordham Law School, June 11, 2015

Organizer, moderator and presenter, "Criminal Justice Ethics Schmooze," Fordham Law School June 8-9, 2015

Moderator, "Ineffective Assistance of Counsel and Forensic Evidence," 6th Annual Prescription for Criminal Justice Forensics, ABA Criminal Justice Section & Louis Stein Center for Law and Ethics, Fordham Law School, June 5, 2015

Panelist, "Ethics and Professionalism: Best Practices for Attorneys," N.Y. City Bar, May 18, 2015

Panelist, "Ethical Issues in FCPA Compliance & Investigations," Practical Advice from the Front Lines," Fordham Law School, May 12, 2015

Panelist, "Negotiation Ethics: Pitfalls and Rules," NYSBA Committee on Women in the Law, NYC, May 5, 2015

Speaker, Conference on "Reconsidering Access to Justice," Texas A&M Law School, May 1, 2015

Co-interviewee, "The Power of the Prosecutor," Talks on Law, recorded April 22, 2015, available at: http://www.talksonlaw.com/talks/26

Moderator, Panel discussion: Thurgood Marshall's Legacy, NYCLA, April 15, 2015

Moderator, "Hot Topics: Ethical Issues in Public Interest Lawyering," Fordham Law School, March 31, 2015

Speaker, "Lawyers as Lovers: Are We Romanticizing the Lawyer-Client Relationship?," Conference on Billy Joel & the Law, Touro Law School, March 22, 2015

Moderator, "Ethical Issues in Insurance Law: 2015 Update," NYCLA, March 18, 2015

Panelist, "Developments in Ethics for Antitrust Lawyers," ABA teleseminar, Feb. 24, 2015

40

Presenter, "Prosecutorial Accountability in the Information Age" (work-in-progress), faculty workshop, Notre Dame Law School, Feb. 21, 2015

Panelist, "The Ethics of Conflicts of Interest," Clifford Law Offices Continuing Legal Education Program, Chicago, IL, Feb. 20, 2015

Panelist, "Current Ethical Issues in Corporate Representation," Cardozo Law School, Feb. 11, 2015

Panelist, "The Ethical Minefields of Witnesses: A Refresher," ABA Webinar, Dec. 19, 2014

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 16, 2014

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 30, 2014

Panelist, "Taz, Morality & Ethics," The Taslitz Galaxy: A Gathering of Scholars at Howard, Howard University School of Law, Sept. 19, 2014

Panelist, "Supreme Court Update and Other Notable Developments in Criminal Law," Southeastern White Collar Crime Institute, ABA Criminal Justice Section, Braselton, Georgia, Sept. 12, 2014

Co-presenter, "Regulation of U.S. Prosecutors in the Information Age," International Legal Ethics Conference VI, London, England, July 11, 2014

Presenter, "Reforming the regulation of the prosecutors: A slightly comparative perspective," Conference of the International Working Group for Comparative Studies of the Legal Professions, Frauenchiemsee, Germany, July 7, 2014

Panelist, "International Ethics," Ninth Annual Fordham Law School Conference on International Arbitration and Mediation," June 12, 2014

Panelist, "Fifth Annual Prescription for Criminal Justice Forensics," ABA Criminal Justice Section, NY, NY, June 6, 2014

Panelist, "Ethics of Working With Witnesses," Professional Education Broadcast Network, May 16, 2014

Panelist, "Plenary: Twenty Years After the MacCrate Report: Revisiting the Continuum," NCBE Annual Admissions Conference, Seattle, WA, May 3, 2014

41

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018

RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 57 of 65

Moderator, "Conflicts: The Basics and Recent Developments," Ethics for In-House Counsel: New Developments & Future Challenges, Fordham Law School, March 20, 2014

Panelist, "Race and Access to Justice," Georgetown Univ. Law Center, Washington, D.C., March 18, 2014

Co-speaker, "Professional Ethics for Public Interest Lawyers," Brennan Center for Social Justice, NY, NY, Feb. 28, 2014

Panelist, "Attorney Client Privilege and Selective Waiver in Bank Regulation," Cardozo Law School, Feb. 24, 2014

Panelist, "Who Are They to Judge?  Ethical and Professionalism Issues Facing the Bench," 1tth Annual Legal Ethics & Professionalism Symposium, Univ. of Georgia Law School, Feb. 21, 2014

Panelist, "Bridge the Gap" C.L.E. Orientation Program, Committee on Character & Fitness (Supreme Court, Appellate Division, First Judicial Department), NYCLA, Feb. 19, 2014

Moderator, "Ethical Choices in Dealing with Crime Victims: What is a Prosecutor, Defender and Judge to Do?," 2014 ABA Midyear Meeting, Chicago, IL, Feb. 7, 2014

Panelist, "Stop, Frisk & Judicial Independence: An Ethics CLE," NY Chapters of the Puerto Rican Bar, Federal Bar and National Bar Associations, U.S. Courthouse, NY, NY, Jan. 8, 2014

Commentator, "The Lost Lawyer and the Lawyer-Statesman Ideal: A Generation Later – the Shifting Sands of Professional Identity," AALS Annual Meeting, NY, NY, Jan. 4, 2014

Co-presenter, Workshop on Prosecutorial Ethics, Hitotsubashi Univ., Tokyo, Japan, Dec. 18, 2013

Co-presenter, Workshop on Prosecutorial Ethics, Japan Federation of Bar Associations, Tokyo, Japan, Dec. 17, 2013

Presenter, "Comparing the Honesty and Candor Obligations of U.S. Prosecutors and Defense Lawyers," Chukyo Univ., Nagoya, Japan, Dec. 16, 2013

Moderator, panel on "Unbundled Legal Services," "Until Civil Gideon: Expanding Access to Civil Justice," Fordham Law School, Nov. 1, 2013

Moderator, "Ripped from the Headlines," 9th Annual White Collar Seminar, NACDL, Washington, D.C., Oct. 24, 2013

42

Panelist, Federal Criminal Practice Institute, New York County Lawyers' Association, Oct. 19, 2013

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," Association of the Bar of the City of New York, Sept. 25, 2013

Moderator, "Criminal Discovery Under Brady v. Maryland: Current Developments,  Association of the Bar of the City of New York, Sept. 19, 2013

Moderator, "Navigating the Ethical Challenges in Counseling Unaccompanied Minors," DCS Legal Access Project Managers' Meeting, Vera Institute of Justice, July 31, 2013

Presenter, Ethics Workshop, Annual Capital Defense Training Program, New York City Bar, July 15, 2013

Panelist, "Culpability and White Collar Crime," 2013 AALS Midyear Meeting, San Diego, CA, June 10, 2013

Panelist, "The Ethics of Sub-Prime Lending," conference on The Mortgage Crisis–Five Years Later, Coalition for Debtor Education, Fordham Law School, June 3, 2013

Moderator, "Prosecutors' Ethical and Professional Decision Making – Is it Unique?," 39th ABA National Conference on Professional Responsibility, San Antonio, TX, May 30, 2013

Co-presenter, "Hot Topics in Legal Ethics," Fordham Law School, May 20, 2013

Panelist, "Criminal Law and Ethics," NYCLA, April 23, 2013

Panelist, "Religion and the Practice of Law," 2013 Conference on Religious Legal Theory, Touro Law Center, April 11, 2013

Commentator, Conference on "The Ethical Infrastructure and Culture of Law Firms," Hofstra Law School, April 5, 2013

Presenter, "The Gideon Effect: Rights, Justice and Lawyers Fifth Years After Gideon v. Wainwright," Yale Law Journal Symposium, Yale Law School, March 9, 2013

Panelist, "Complying with Brady and Strategies for Defense Counsel," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 8, 2013

Panelist, "Ethics in White Collar Cases," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 7, 2013

43

Presenter, "Imagining Plea Bargaining Without Competent Counsel: Justice Scalia's Pursuit of Less Perfect Justice," conference on Plea Bargaining After Lafler and Frye, Duquesne Univ. School of Law, March 1, 2013

Moderator, "The Business and Ethics of Managing a 21st Century Law Firm: New, Smart and Ethical Business Models," Fordham Law School, Feb. 26, 2013

Panelist, "Representing Financial Institutions and their Employees in SEC Enforcement Actions," ABA Section of Business Law, White Collar Crime Committee, NY, NY, Feb. 13, 2012

Speaker, "New Developments in Attorney-Client Privilege," AALS 2013 Annual Meeting, New Orleans, LA, Jan. 5, 2013

Chair and moderator, "Ethical Issues in Pro Bono Representation 2012," PLI, Dec. 18, 2012

Panelist, "Ethical Issues for the Modern Day Prosecutor," Kings County District Attorney's Office, Nov. 20, 2012

Panelist, "Navigating Ethical Waters: Obstruction of Justice, Destruction of Evidence and False Statements," 8th Annual White-Collar Seminar, NACDL, Fordham Law School, NY, NY, Nov. 15, 2012

Lecture, "Lawyers' Professional Independence: Overrated or Undervalued?," Miller-Becker Center for Professional Responsibility Distinguished Lecture Series, Akron Law School, Nov. 9, 2012

Speaker, "Federal Criminal Discovery Reform: A Legislative Approach," symposium on Defining and Enforcing the Federal Prosecutor's Duty to Disclose Exculpatory Information, the 13th Annual Georgia Symposium on Ethics and Professionalism, Mercer Law School, Oct. 5, 2012

Moderator, "Ethical Issues for Criminal Practitioners," National Law Journal/Legal Times & Fordham Law School, recorded webinar broadcast on Oct. 2, 2012

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2012," Association of the Bar of the City of New York, Sept. 12, 2012

Speaker, "Lawyers' Professional Independence: Is it undervalued or overrated?," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Panelist, "Law Without Walls," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

44

Presenter, "Ethical Practice in the Criminal Justice System: Finding Common Ground," National Institute for Teaching Ethics & Professionalism, Seattle, WA, June 22-24, 2012

Panelist, "Parallel Proceedings: Emerging Issues & Best Practices," Association of the Bar of the City of New York, June 13, 2012

Presenter, "Rehabilitating Lawyers: Perceptions of Deviance and Its Cures in the Lawyer Disciplinary Process," 2012 International Conference on Law & Society, Honolulu, HA, June 5, 2012

Panelist, "So You Think You're Up-to-Date on Attorney Client Privilege & Confidentiality," 38th ABA National Conference on Professional Responsibility, Boston, MA, June 1, 2012

Panelist, "Conflicts in the Face of Corporate Representations and Government Investigative Techniques," 1st Annual White Collar Crime Institute,  Association of the Bar of the City of New York, May 14, 2012

Panelist, "Conflicts and Choice of Law Updates," Professional Responsibility and Legal Ethics: Exploring the Similarities and the Differences Across Legal Systems, Association of Professional Responsibility Lawyers International Conference, Istanbul, Turkey, May 4, 2012

Co-speaker, "Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process," The Law: Business or Profession? - The Continuing Relevance of Julius Henry Cohen for the Practice of Law in the Twenty-First Century, Fordham Law School, April 24, 2012

Speaker, "The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?," Too Many Lawyers? - Facts, Reasons, Consequences, and Solutions, International Institute for the Sociology of Law, Oñati, Spain, April 20, 2012

Presenter, "Prosecutors and Professional Regulation," faculty workshop, Fordham Law School, March 22, 2012

Speaker, "Ethics," Counseling Clients in the Entertainment Industry 2012, PLI, March 12, 2012

Panelist, "Ethics for Government Lawyers 2012," PLI, March 9, 2012

Speaker, "Ethics for Government Lawyers," U.S. Environmental Protection Agency, Region 2, Office of Regional Counsel, March 8, 2012

45

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018
NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl Doc 7-9 Filed 02/19/26 Entered 02/19/26 09:13:25 Exhibit
Affirmation of Bruce A. Green (NYSCEF 996( Pg 61 of 65

Moderator, "Top Ten Reasons You'll Wish You had Become a Trust & Estates Lawyer: Ethical Pitfalls and Blunders in White Collar Practice," 26th National Institute on White Collar Crime, ABA, Miami, Florida, March 1, 2012

Panelist, "Developments in Ethics for Antitrust Lawyers," live webinar and teleconference, ABA Section of Antitrust Law, Feb. 16, 2012

Panelist, "Prosecutorial Accountability in the Post-Connick v. Thompson Era: Reforms and Solutions," ABA Death Penalty Representation Project et al., New Orleans, Louisiana, Feb. 4, 2012

Speaker, "Ethical Issues in Federal Practice," Current Developments in Federal Civil Practice 2012, PLI, Feb. 1, 2012

Panelist, "Technology in Your Practice - Trends, Tools and Ethics Rules," NYSBA Annual Meeting, Jan. 26, 2012

Panelist, "Rules of Professional Conduct and the Government Lawyer," NYSBA Annual Meeting, Jan. 24, 2012

Panelist, "Ethical Considerations in Setting Attorney Fees," NYSBA Annual Meeting, Jan. 24, 2012

Speaker, "Government Lawyering," 2012 Annual Meeting, AALS, Washington, D.C., Jan. 5, 2012

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Panelist, "Ethical Issues with Group Representation," LEAP conference on Civil Justice as bedrock value in Difficult Times, Nov. 29, 2011

Panelist, "The Watergate CLE," U.S. District Court - EDNY, Nov. 15, 2011

Panelist, "Future Ethics: Who Will Regulate Lawyers in 2020?," New York Law School, Nov. 14, 2011

Panelist, "Community Prosecution & Community Defense," Wake Forest Univ. School of Law, Nov. 4, 2011

Panelist, "Multi-jurisdictional rules of ethics and professional conduct: Coping with conflicting legal rules and privileges in a global business environment," German-American Lawyers' Association, NY, Oct. 25, 2011

46

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM
NYSCEF DOC. NO. 996

INDEX NO. 651469/2018
RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 62 of 65

Panelist, "What to Do?  Has the Potential Client (Who Will Not Disclose) Intentionally Misrepresented?", Working Group on Legal Opinions Fall 2011 Seminar, NY, Oct. 25, 2011

Panelist, "Sentencing Advocacy," 2011 Federal Criminal Practice Institute, NYCLA, Oct. 15, 2011

Moderator, "Representing Clients With Diminished Capacity," Association of the Bar of the City of New York, Oct. 13, 2011

Moderator, "The ABCs of D-efense in an E-lectronic Age: Ethics and Strategies," 7th Annual White Collar Seminar, NACDL, Fordham Law School, Sept. 22, 2011

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2011,"  Association of the Bar of the City of New York, Sept. 15, 2011

Panelist, "Alternative Litigation Financing: A New Way to Help Pay for Lawsuits and Stay Out of Trouble While Doing It," NYCLA, Sept. 14, 2011

Panelist, "The Ethical and Practical Challenges of Representing a Controversial Client," Federal Bar Council & Stein Center, E.D.N.Y. federal courthouse, June 29, 2011

Panelist, "What is Good Lawyering?," Conference on Padilla and the Future of the Defense Function, NACDL, Cardozo Law School, June 20, 2011

Luncheon speaker, "Staying Ahead of the Curve: What Every Criminal Defense Lawyer Needs to Know," NYSBA, Albany, NY, June 17, 2011

Panelist, "Tackling Ethical Issues Arising in Criminal Cases," NYCLA, June 16, 2011

Panelist, "Third Party Funding of International Arbitration Claims: The Newest 'New New Thing,'" NYSBA Dispute Resolution Section & Fordham Law School ADR and Conflict Resolution Program, June 15, 2011

Panelist, "How the Rules of Professional Conduct Apply to Government Lawyers," Seventeenth Annual Seminar on Ethics in New York City Government, NYC COIB & Center for New York City Law, New York Law School, May 17, 2011

Panelist, "Hypothetically Speaking II: Issues in the Attorney-Client Relationship under the Rules of Professional Conduct," Association of the Bar of the City of New York, May 16, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, E.D.N.Y. federal courthouse, May 11, 2011

47

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, S.D.N.Y. federal courthouse, May 10, 2011

Panelist, "An Overview of Attorney Error: Malpractice, Breach of Ethical Rules and Ineffective Assistance of Counsel," Mental Hygiene Legal Service, May 3, 2011 (videotape)

Panelist, "The Top Five Ethical Violations and Resulting Claims for Legal Malpractice," Spring 2011 National Legal Malpractice Conference, ABA Standing Committee on Lawyers' Professional Liability, Boston, MA, April 28, 2011

Panelist, "Anatomy of a Trial: Young Lawyer Trial Skills Training," ABA Section of Litigation & Criminal Justice Section Annual CLE Conference," Miami, Florida, April 14, 2011

Panelist, "Ethics," IP Enforcement and Litigation 2011: Civil and Criminal Update, PLI, March 30, 2011

Panelist, "Ethical Implications of Legal Aid and Pro Se Assistance," Legal Aid Society, March 18, 2011

Speaker, "Criminal Defense Ethics," 25th Annual Metropolitan New York Trainer, NYS Defenders Ass'n, March 12, 2011

Moderator, "Criminal Defense?: The Ethical and Legal Line Between Zealous Advocacy and Obstruction of Justice ," 25th National Institute on White Collar Crime, ABA Criminal Justice Section, Mar. 3, 2011, San Diego, CA

Panelist, "2011 Ethical Issues," 2011 Winter Bench & Bar Conference, Federal Bar Council, Los Cabos, Mexico, Feb. 21, 2011

Keynote Speaker, "Ted Schneyer's Impact on Legal Ethics Scholarship," The Ted Schneyer Ethics Symposium: Lawyer Regulation for the 21st Century, Univ. Of Arizona, James E. Rogers College of Law, Jan. 28, 2011

Panelist, "Ethical Pitfalls for Business Lawyers," Business Law Section, NYSBA Annual Meeting, Jan. 26, 2011

Co-speaker, "Legal Ethics & Professionalism," Nineteenth Annual London MCLE Fair, CLE Europe Limited, Jan. 15, 2011

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Moderator, "Ethical and Privilege Issues for Pharmaceutical Whistleblowers Counsel," Institutional Investor Educational Foundation, New York, NY, Dec. 9. 2010

Moderator, program on ethics and professionalism in criminal prosecution and defense, Multnomah County Courthouse, Portland, OR, Dec. 3, 2010

Panelist, "Ethics and the Construction Lawyer," NYCLA, Nov. 30, 2010

Speaker, "Ethical Practices for the Modern Prosecutor," Brooklyn District Attorney's Office. Oct. 26, 2010

Speaker, "Prosecutive Ethics," annual conference, National Association of Former United States Attorneys, Oct. 9, 2010

Moderator, "A Prosecutor's Brady/Discovery Obligations For Production of Documents," ABA Criminal Justice Section White Collar Crime Mid-Atlantic Regional Committee, Widener Law School, Wilmington, DE, Oct. 7, 2010

Panelist, ""Ethics and Litigation for Today's Trial Counsel," 2nd Annual Litigation Summit, Oct. 6, 2010

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2010," Association of the Bar of the City of New York, September 15, 2010
Panelist, "Hot Ethics Issues for Young Trial Lawyers (and the Young at Heart)," ABA ANNUAL Meeting 2010, San Francisco, CA, August 7, 2010

Speaker, "Criminal; Defense Ethics," New York State Defenders Association 43rd Annual Meeting & Conference, Saratoga Springs, NY, July 27, 2010

Panelist, "Lawyers in Context: Ethical Decision Making in Practice," International Legal Ethics Conference IV, Stanford Law School, July 17, 2010

Moderator, "Prosecutors and their Disclosure Duties: A Regulatory Conundrum," 36rd National Conference on Professional Responsibility, ABA, June 3, 2010

Panelist, "Hypothetically Speaking: Considering Issues for the Practitioner under the New Rules of Professional Conduct," Association of the Bar of the City of New York, May 17, 2010

Panelist, "Bloomberg Corporate Internal Investigations: Ethical Considerations Seminar 2010," Bloomberg, NY, March 11, 2010

Panelist, "Protecting the Attorney-Client Privilege and Attorney Work Product," 24th Annual National Institute on White Collar Crime, Miami, Florida, Feb. 25, 2010

FILED: NEW YORK COUNTY CLERK 02/02/2026 08:03 PM INDEX NO. 651469/2018

NYSCEF DOC. NO. 996 RECEIVED NYSCEF: 02/02/2026

26-22156-shl    Doc 7-9    Filed 02/19/26    Entered 02/19/26 09:13:25    Exhibit
Affirmation of Bruce A. Green (NYSCEF 996(    Pg 65 of 65

Panelist, "Half a Century of Advice," Committee on Professional Ethics, NYSBA Annual Meeting, Jan. 29, 2010

50