

Wendy H. Schwartz
Binder & Schwartz LLP
675 Third Avenue, 26th Floor
New York, NY 10017

(T) 212.510.7143
(F) 212.510.7299
wschwartz@binderschwartz.com

February 23, 2026

**VIA ECF**

Hon. Sean H. Lane
United States Bankruptcy Judge
United State Bankruptcy Court Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re:     *In re J.G. Jewelry Pte. Ltd., Debtor in Foreign Proceeding,* Chapter 15 Case No.
        26-22156 (SHL)

Dear Judge Lane:

We represent JDM Import Co. Inc., MG Worldwide LLC, Miles Bernard, Inc., and Asia Pacific Jewelry, L.L.C. (the "JDM Entities").  Pursuant to the Court's instruction at the February 19, 2026 hearing in the above-referenced matter, enclosed as Exhibit A please find the JDM Entities' proposed order regarding the *Ex Parte* Application (the "**Motion**") for Provisional Relief and Scheduling a Hearing on Shortened Notice Pursuant to Sections 105(a), 1519 and 1521(a)(7) of the Bankruptcy Code (ECF No. 5), filed by Mr. Wei Cheong Tan and Ms. Christina Khoo in their capacity as the joint and several liquidators (the "**Foreign Representatives**") for J.G. Jewelry Pte, Ltd ("**JGJ**").

The parties were unable to reach agreement on a proposed stipulation resolving the Motion and, in accordance with Your Honor's instruction at the February 19, 2026 hearing, each side now submits a proposed order for the Court's consideration.  The JDM Entities' proposed order aligns with this Court's statements at the hearing and addresses the sole purported imminent harm articulated by the Foreign Representatives—the pending state court action (the "**State Court Action**").  By contrast, the Foreign Representatives' proposed order would apply sweeping automatic stay relief far beyond what was contemplated at the hearing and that is neither necessary nor justified.

Consistent with the Court's guidance, our proposed order includes a provisional stay of the State Court Action without disturbing the Note of Issue or the action's placement on the trial calendar.  While the JDM Entities do not agree that the State Court Action poses any threat to any potential assets of the potential Chapter 15 estate, we recognize that the Court was inclined to grant a limited provisional stay of the State Court Action to preserve the status quo.  Ex. B (Feb. 19, 2026 Hr'g Tr. 30:6-14).  Our proposed order stays the State Court Action through the date of the hearing on the Foreign Representatives' motion for recognition of a foreign proceeding (ECF No. 3) (the "**Motion for Recognition**"), with the understanding that Your Honor may determine the necessity of further relief, if any, at the hearing.

The Foreign Representatives propose an order that would among other things, enjoin all persons and entities subject to this Court's jurisdiction from exercising control over any assets of



JGJ located in the United States.  We asked for an explanation why they belief such relief is necessary and they did not provide one.  The only assets the Foreign Representatives have identified as purported property of the Debtor in the United States are (i) two retainers with U.S. counsel (themselves and their predecessors), (ii) $4,431.87 in funds held in a U.S. bank account, (iii) a "Settlement Sum" due from one party to the State Court Action, (iv) purported client files held by my firm, Binder & Schwartz LLP, and (v) alleged "receivables" purportedly "due from" three of the JDM Entities.  *See* Mot. for Recognition, ECF No. 3, ¶ 13.  None of these assets are at any imminent risk, and no provisional stay is required to protect them.  In particular, (i) the retainers are held by the Foreign Representatives' counsel, (ii) the bank account has already been turned over to the Foreign Representatives, (iii) the Settlement Sum is due from one of the SRK parties that is a creditor of JGJ and upon information and belief is also funding the Foreign Representatives' counsel, (iv) the "client file" is in fact privileged information belonging to the JDM Entities and, in any event, is being and will be held by Binder & Schwartz as it is part of the active state court litigation and (v) the alleged receivables are contested, are simply money, which is fungible, and would require litigation, which to date has not been brought.

The Foreign Representatives' insistence on broader relief is troubling.  Given their failure to articulate a basis for the expansive relief and the timing of their Chapter 15 filing—submitted on the eve of a hearing in the State Court Action on the Foreign Representatives' own motion for JGJ's purported "client files"—we are left to infer that they may be attempting to obtain an indirect ruling on the "client file" issue through this order.  But Your Honor made clear at the hearing that the "client file" issue is not presently before this Court and the Court was not in a position to rule on it.  The Foreign Representatives should not be permitted to obtain a pro forma automatic stay that could be improperly construed by them to affect the "client file" issue, particularly where the Foreign Representatives have not established such relief is appropriate and the matter is not presently before this Court.

For the foregoing reasons, the JDM Entities respectfully request the Court enter their proposed order and reject the proposed order of the Foreign Representatives.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Wendy H. Schwartz
Wendy H. Schwartz