# Exhibit B

**February 19, 2026 Hearing Transcript**



Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 26-22156-SHL

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

J.G. Jewelry Pte. Ltd. and Cheong Tan,

          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                    United States Bankruptcy Court

                    300 Quarropas Street

                    White Plains, NY 10601


                    February 19, 2026

                    10:33 AM








B E F O R E :

HON. SEAN H. LANE

U.S. BANKRUPTCY JUDGE


ECRO:  ART

Page 2

HEARING re Doc. # 5 Ex-Parte Motion For Provisional Relief Under 11 U.S.C. Section 1519/Motion To Shorten Time Re: Motion To Approve Motion Of Foreign Representatives For An Order For Recognition Of Foreign Main Proceeding For J.G. Jewelry Pte. Ltd (In Liquidation) And Certain Related Relief

Transcribed by: Lindsay Peacock

Page 3

APPEARANCES:

WHITE AND WILLIAMS, LLP
    Attorneys for J.G. Jewelry Pte. Ltd.
    810 Seventh Avenue, Suite 500
    New York, NY 10019
BY: HEIDI J. SORVINO
    JAMES CHRISTOPHER VANDERMARK
    JEREMIAH VANDERMARK

BINDER & SCHWARTZ
    Attorneys for JDM Imports
    675 3rd Ave 26th Floor
    New York, NY 10017
BY: WENDY H. SCHWARTZ
    TESSA HARVEY

HODGSON RUSS LLP
    Attorneys for TJC Jewelry Inc., Shree Ramkrishna
    Exports Pvt. Ltd., and The Jewelry Company
    22 Adelaide St W
    Toronto, ON M5H 4E3, Canada
BY: TRAVIS POWERS
    JOSEPH GOLDBERG
    MICHAEL ZAHLER

Page 4

P R O C E E D I N G S

THE COURT: Good morning. Once again, this is Judge Sean Lane in the United States Bankruptcy Court for the Southern District of New York, and we're here for the Chapter 15 case of J.G. Jewelry Pte. Ltd., and as part of that, there is a request for provisional relief in this newly-filed Chapter 15.

So let's start, as we always do, by getting appearances. First, on behalf of the Chapter 15 Debtor?

MS. SORVINO: Good morning, Your Honor. Heidi Sorvino of White & Williams, along with my partner, James Vandermark, and my counsel, Jeremiah Vandermark.

THE COURT: All right.

MS. SORVINO: I'd like to also thank the Court for hearing this on an emergency basis, Your Honor.

THE COURT: All right. Happy to do so.

So I did see that there were some things filed by the Binder & Schwartz firm. I wasn't sure if there was somebody here from those folks?

MS. SCHWARTZ: Yes, Your Honor. Good morning. Wendy Schwartz, from Binder & Schwartz, and I'm joined by my colleague, Tessa Harvey. And our main purpose of appearing today is to explain why there actually is no emergency.

THE COURT: Oh, all right. Good morning.

And let me find out who else is here for this

Page 5

case.

MR. POWERS: Good morning, Your Honor. Travis Powers of Hodgson Russ on behalf of TJC Jewelry Inc., Shree Ramkrishna Exports Pvt. Ltd., and The Jewelry Company. And Your Honor, appearing with me this morning is Joseph Goldberg and Michael Zahler, both from Hodgson Russ.

THE COURT: All right. Good morning to you all. Anyone else who needs to make an appearance? All right.

So I was able to take a look at everything. It was good to have a training meeting in the morning. So I did take a look at the pleadings that were filed by the Debtors, everything from the petition, to the various lists, to the motion for recognition, to the joint declaration, and to the application for provisional relief. I did take a look at the letter from the Binder & Schwartz firm on behalf of JVM Import and other folks, the JVM entities, which contained some attachments from the State Court proceeding in front of Judge Cohen, the memorandum of law, and an affirmation, all dealing with a motion to compel.

And so I have all that. We're doing today's hearing by Zoom, and given the shortened amount of time involved for everybody, it actually is one of the rare legacies of the pandemic that actually is still of some use. It gives people an ability to participate no matter how short the notice is. So let me sort of level set with a

2 (Pages 2 - 5)

Page 6

couple of thoughts about where we are.

So first and foremost, my job here is not to litigate what's going on in State Court. I know there's a motion to compel, I know it was mentioned in the Debtors' papers. I was not stunned and amazed, given that it was mentioned there, that the Binder & Schwartz firm filed something in response. That's sort of the action, and prompts a reaction. And I'm not here -- Nobody needs to defend their honor in front of me. I know there's a history in front of the State Court that you all, no doubt, can ably present to that judge.

So the question is what impact that has here, and I guess there's twofold. Well, one is it really has to do with the provisional relief. Provisional relief is often sought, as you all know, where there is legal action, or potential legal action here in the U.S. dealing with assets, and/or some harm that could happen. I remember Alitalia was here once, worrying about their planes being seized at JFK, and so -- and it's designed to get us to a recognition hearing because as we know, in Chapter 15, there's no stay that automatically happens when the case is filed. And so that's one aspect of it, but sometimes the practicalities of it become very important, where we're just wondering what harm are we worried about, and here, it did seem that the only thing that I know about what's going on in State Court,

Page 7

and obviously I have a huge information deficit compared to all you nice people, is the motion to compel. And so -- and I guess that's teed up for fairly soon.

So in assessing the request for provisional relief, we do look at the typical injunctive standards here in the U.S., and so which you're all no doubt very familiar with, and if there's a TRO, it goes 14 days, and that doesn't quite get you to the 21 days for the actual recognition hearing. So usually people sort of work out certain things, and sometimes the question of, well, what legal peril is there or isn't there for the Debtor. So -- but again, the request for provisional relief is often something that is either granted by court, or some sort of statements on the record about what will or won't happen are another way of skinning that cat just because it then removes the concerns about the time period between the filing and the recognition.

But again, so sorry, that's more comments than I intended to make, but I didn't want people to have to worry about defending their honor from what's going on in State Court. Again, that's not what we're here for. It's very practical, in terms of we've got a very narrow request today for provisional relief.

And so with that, let me start first by hearing from the Chapter 15 Debtor, and then I will make sure to

Page 8

canvass the virtual room after that. Ms. Sorvino.

MS. SORVINO: Thank you very much, Your Honor. So just a quick two things at the outset that -- I don't want to belabor the Court with the whole history because I think we thoroughly set that out in our papers. But we do believe, and I will, or we will address this, that Binder & Schwartz does have a conflict because they represented this Chapter 15 Debtor --

THE COURT: Well, today is not the day to get in.

MS. SORVINO: Okay. Okay. But --

THE COURT: And that, like, that seems, frankly -- You're litigating with them in State Court. That seems like an issue that is -- I'm probably very poorly positioned to be the lead dog on that fight. Right? If there's an issue to be raised about who's representing who in State Court, you can deal with that in the State Court. If we need to deal with it at recognition, we'll deal with it at recognition.

MS. SORVINO: Okay. That's fine.

THE COURT: But immediate provisional relief is something that's basically saying something is on fire, or potentially on fire. We'll deal with that today, and then see where we end up.

So again, I can't do --

MS. SORVINO: That's fine, Your Honor. I

Page 9

apologize.

THE COURT: And no, no, it's fine. But as a practical matter, there's no way for me to get a handle on any of that without appropriate extensive briefing, which sounds like, frankly, is going on in the State Court to some degree already, or in the near term. So -- all right. Ms. Sorvino.

MS. SORVINO: Just so that Your Honor is aware, the Chapter 15 Debtor and the JVM entities are co-plaintiffs in the State Court action, and up until the foreign proceeding was commenced in Singapore in June of 2025, the co-plaintiffs were represented by the same firm. And then once the foreign proceeding came into play, the Chapter 15 Debtor had to get its own counsel in the State Court action. So just so that Your Honor is aware.

THE COURT: Yeah, no, I have -- not to bore you, I have a little chart with all the suits, and various things.

MS. SORVINO: Okay. And it's a lot of different (indiscernible)

THE COURT: (indiscernible)

MS. SORVINO: -- Your Honor, it's JVM, SRK --

THE COURT: Well, I understand that there's a, whether you call it a business arrangement, a joint venture agreement that's operative, or merely color, that there is the SRK folks on the one side, and the JVM folks on the

3 (Pages 6 - 9)

Page 10

other side, and the Debtors, you know, were sort of affiliated with the JVM folks, which is the Kriss brothers, and with the joint liquidators appointed, that they are no longer in charge of the Debtor. So I did see that there was some discussion about the joint liquidators thinking about potentially suing the JVM folks, but again, that's not an issue for today.

So I guess my question is what, for the -- what is it, the legal peril that you're worried about, for purpose of the provisional relief between now and recognition?

MS. SORVINO: We don't believe that until the hearing, until Your Honor can hear the hearing on the foreign proceeding, that anything should happen. Everything should remain status quo in the State Court action, nothing should occur until we can get this proceeding recognized as a foreign proceeding under Chapter 15. We don't believe that there will be any harm to any party, and that a short stay is all we are asking for, until Your Honor can accommodate us. And we've asked for the foreign proceeding to be heard on shortened notice also (indiscernible)

THE COURT: Well, so that to me is another issue. I guess now is as good a time as any to talk about it.

MS. SORVINO: Yes.

THE COURT: I've never had that request, and frankly, I was surprised enough about it that I pinged Judge

Page 11

Glenn, since he's sort of the Chapter 15 czar. I think I've had 30 or 40, or whatever number it is, but he's had probably double that number, and he's never had it either. And why would we -- There's no explanation in the papers about why, in a foreign proceeding where notice is usually important, seven days makes any sense, or why that would be appropriate. I mean, my thought is provisional relief (indiscernible) is the request, to protect the Debtor between now and recognition, and we'll get to that, unpack that a bit more. But I don't understand why this should be shortened notice for the recognition hearing.

MS. SORVINO: (indiscernible)

THE COURT: I understand I could do it. I don't think there's anything that bars me from doing it. But I never have, and I'm trying to understand why it would make sense.

MS. SORVINO: Your Honor, we believe it would make sense just because the foreign proceeding has been going on in Singapore in June. We believe that --

THE COURT: Yeah, but that's always true. Right?

MS. SORVINO: Well --

THE COURT: That's every Chapter 15 case that I -- That's why the statute tells us what the order of proceedings are, and what the timing is, and all that sort of stuff, and that I understand. They were appointed in

Page 12

June, so there certainly is a notion, when seeking injunctive relief, or shortening time, or any of those sort of things, that Courts do look to the speed at which various folks act. And so you got the case filed yesterday, and they've been appointed since June, and that's fine, all these things go on their own schedule. But I will tell you, it's going to be a tough sell to get me to shorten time. And certainly, the idea that there's a proceeding pending, there's always a proceeding pending.

MS. SORVINO: Yes, Your Honor. Provisional relief is granted, 21 days is fine. We were -- we did find cases in the Southern District where it has been shortened. But if we can get provisional relief, then 21 days is absolutely fine. Our request is so that nothing proceeds in the State Court litigation until the provisional -- until the hearing on the foreign recognition proceeding can occur. So that was our --

THE COURT: Let me ask you a question. Is there anything going on in the State Court proceeding other than the motion to compel, which I think was something that your client had requested?

MS. SORVINO: Correct. Counterclaims were just asserted against the Chapter 15 Debtor, and an amended complaint was filed by the co-plaintiff. And we need an opportunity to assert our claims, and that has all come to

Page 13

light recently, based on our involvement. Because we are new counsel, Your Honor. We've just been involved in the last couple of months.

THE COURT: All right. So I understand -- Well, let me ask, anything else on the provisional relief request?

MS. SORVINO: We believe that a status quo, Your Honor, hurts no one, that if we wait 21 days until the hearing, no one is being harmed. There's no harm, we believe we satisfy the test, we will definitely succeed on the merit tier. Foreign proceedings of Singapore liquidations are recognized all the time in the U.S., so we believe that the foreign representatives have a very high likelihood of success. We believe that if actions continue in the State Court action, that the Debtor could suffer harm, so that is why we're asking for a stay until the hearing on the recognition of the foreign proceeding. There's no hardship to the other defendants or the co-plaintiff, and we only really seek the provisional relief until the hearing. So -- And obviously, public policy favors a successful reorganization and/or liquidation. So we believe we can satisfy the test of the four requirements of the stay, Your Honor.

THE COURT: All right. So let me follow through with the idea of circling the virtual room, and let me start with Binder & Schwartz, who did file some papers. So I will

4 (Pages 10 - 13)

Page 14

say I did find it a bit odd that the request for provisional relief, when the only thing that I understood to be teed up is the request for the motion to compel. That said, it is a not uncommon request, if there's proceedings here in the U.S., and people are worried about what potentially could happen in the time between now and the recognition hearing, a stay then would attach. Oftentimes, people sort of come up with some sort of guardrails and moot out requests for relief, provisional relief.

But Ms. Schwartz, let me ask you for your views.

MS. SCHWARTZ: Thank you, Your Honor.

On the issue of the provisional relief, the petitioners are seeking to stay their own motion, and they're seeking to stay their own motion after it's been briefed, and when it was supposed to be argued this afternoon.

THE COURT: Well, but they could do that in State Court anyway, I suppose. They could say, well, we're not -- we're going to withdraw it without prejudice, and we'd end up in the same spot. I guess the question is, is there any -- What's the harm from doing that? Again, I think you can appreciate judges, when we get cases, we're always the last to the party, we know the least amount about it, and the provisional relief is basically used to make sure that there's nothing that could go horribly wrong between now and

Page 15

recognition.

So what are your thoughts -- Again, I have a huge information deficit about what's going on in the State Court. Is there any other color about what's going on in the State Court that would be helpful here?

MS. SCHWARTZ: Yes, Your Honor. So the State Court action has been pending for eight years. It is at the end, not the beginning. The amended complaint that was just filed, discovery is done, the amended complaint -- There was an action in Singapore that had claims that were related, and the action in Singapore resulted in a ruling, which has also been provided to Your Honor. That ruling, and the results of discovery necessitated an amendment to the complaint to conform with the evidence (indiscernible) at the end of discovery. Right? So we are not at the beginning of anything.

THE COURT: Well, it sounds like, if I understand this right, I mean, this is litigation that the -- The 2017 action, the 2018 action, those are consolidated, those are here in the U.S. Then there's the Singapore action in 2018, but not one but two decisions. I didn't get a long way through the 137 pages of the Appellate decision, but I got about halfway through (indiscernible) So I understand there's a lot that's been done, but is there -- What is the harm for waiting 21 days just so we can avoid the

Page 16

possibility of a fire drill if a party, perhaps not your client, perhaps some other party, decides to seek some sort of relief that would impact the Debtor's, you know, estate here? Is there --

Again, I know it's odd that it's their motion. I get it. But that just, that doesn't trouble me, even if it's exceedingly odd, but we have different counsel involved, doing different things. So what's the potential harm from a 21-day delay, given that this has been going on for eight years?

MS. SCHWARTZ: So Your Honor, if I can just give you some additional color?

THE COURT: Sure.

MS. SCHWARTZ: So there are no other interested parties. This is a closed-loop bankruptcy, which is to say, JGJ, the Debtor, or the putative Debtor, I should say, was formed by the JVM entities and the SRK entities together, when they were in their joint venture. When the SRK entities exited the joint venture, they basically left the JGJ in the hands of the JVM entities, which is why the JVM entities have been basically in charge of JGJ since that time. In order to assert JGJ's rights and the JVM entity's rights, because the JVM -- JGJ was basically like an accounting mechanism between the two parties, the JVM entities entered into a common interest agreement to be able

Page 17

to represent JGJ and JVM together. I'm not going to get into that motion. I heard Your Honor loud and clear --

THE COURT: No, no, that's not -- This all tracks with what I understand, and I understand there's now various parties, and various ways between the two large sides on the business arrangement, or joint venture, whatever you want to call it, and then, based on what the foreign -- the joint liquidator said, there's sort of a further fracturing, given their appointment, between them and potentially, the JVM entities.

But I guess, is there a trial date in the (indiscernible)

MS. SCHWARTZ: No. So -- no. So the issue here is to not derail the State Court proceedings between the JVM entities and SRK. If JGJ wants to pull itself out, and be in a liquidation and have its own proceedings happen, whatever it wants to do as a liquidator, that's one thing. But what is happening here in reality is that JGJ is, we assume, funded by SRK, the defendant in our case, because there's no other place that funding would come from. There's no other creditor for JGJ other than SRK. SRK is only a creditor because the Singapore court found that while there was a joint venture, it didn't prevent certain invoices from being payable to SRK.

And so this is not a typical bankruptcy, where you

5 (Pages 14 - 17)

Page 18

have, like, a whole bunch of creditors, and they're all lining up, and there's potential, you know, harm, and assets will be dissipated, or there's some issue among the creditors. This is basically a commercial dispute where one side has managed to put the entity that was the accounting vehicle into liquidation, effectively having that entity "switch sides," if you want to say. Right? Because as an accounting mechanism, when the JVM entities were sort of left with JGJ, JGJ was part of the attempt to get an accounting, and kind of wrap up all of these joint venture issues between the parties. The SRK entities don't want that, and have engaged in, basically, a long-term strategy to try to derail that.

And so even though, to Your Honor, a 21-day stay may seem like not a lot in the scheme of things, this is just another way to kick us -- We're on the trial calendar probably for a 2027 trial date. The only thing that needs to happen between now and 2027 is summary judgment briefing. The counterclaims that SRK just filed against JGJ in response to our cleanup amended complaint, those counterclaims are not new. Those counterclaims are actually the same counterclaims that were originally in the case, and that have been resolved by the Singapore proceeding. There's no reason for them to refile those counterclaims other than to try and gin up a dispute.

Page 19

THE COURT: But let me -- but let me -- So I'm drinking from the firehose a little bit in terms of the background here. But I think you're going to end up with some of the same problems anyway. If you're on the trial calendar for 2027, and there's a -- even if I didn't grant any provisional relief, there's going to be a recognition hearing, if the case is recognized, and certainly there seems -- You know, from that point of view, it's a fairly sleepy case, at least it appears, and then there's a stay. So my -- Isn't a more, well, more of a productive way of proceeding be the following, to grant provisional relief up through recognition? But then, that gives your client an opportunity to write the motion it might have to write anyway, to lift the stay if there's recognition. Because again, I don't -- Maybe, maybe I'm wrong about this, so I don't want to put words in your mouth. I don't see your client really caring all that much about recognition. I see your client caring about its ability to proceed with this lawsuit. And that just feels like stay relief.

And so, I just want to -- I don't want people to spend a lot -- Like, another way to do this is to say, oh, you put a TRO, and then we'll have some briefing before we get to recognition about whether to extend the TRO. I'm just trying to figure out a productive and efficient way to do this. Because that seems to me, and again, I am the

Page 20

least knowledgeable person on this call, that seems to be one way to perhaps efficiently tee up what you care about, and what you have a legitimate right to have addressed by the Court, but also to allow the Chapter 15 Debtor to sort of handle this in a way that allows it to get to recognition and then sort things out.

MS. SCHWARTZ: So Your Honor, I think we are going to care about recognition. I think there are some serious issues about whether or not this Chapter 15 is a foreign main proceeding or a foreign non-main proceeding. There are going to be some significant issues there. There is also potentially a Section 305 issue, which is, I know, unusual. But you know, we think there's a significant question about whether or not this is a bad faith filing. So the recognition proceedings, I think, are not going to be as cut and dried as they might otherwise be.

And the reason I say that is not because we care so much. As I said, we don't care about JGJ, per se. Like, if JGJ needs to be in liquidation, it needs to do something to wrap itself up, and it needs Chapter 15 help for that, if it could make out an appropriate proceeding in the U.S., that would be one thing. But they've already announced in their pleading, in their motion in this case, in their filings, that they intend to try to remove the entire State Court case, including the JVM versus SRP claims, and try to

Page 21

take it out of the jurisdiction of the State Court.

THE COURT: I know, but you can't -- we can't shoehorn in things I don't have in front of me, which your client will know about have heard and have strong views about when it comes up. But that doesn't necessarily -- Again, we've gone from provisional relief to talking about recognition, although I opened that door, but we're now talking about, you know, removal. And again, we're going to take it one step at a time. I'm trying to figure out an efficient way to do this, and I just -- My concern is that the 21 days between now and recognition are not necessarily on an emergency request, where you had six hours to read the papers, the way to do this. And so --

MS. SCHWARTZ: (indiscernible)

THE COURT: And so my question is, what is the right way to do this so everybody has an opportunity to be heard? And that, in order to be heard and to keep the status quo, that's what provisional relief does. And so I don't know if that motion is to stay the relief motion, I don't know if it's a challenge to recognition. I don't know what it is, but we'll get there. But that -- but again, today is not the day to -- for me to make any findings or conclusions about anything, because that's -- you're all entitled to a more fulsome process for us to get there.

So that's my question, is what procedural -- let's

6 (Pages 18 - 21)

Page 22

just focus on procedure. What procedurally makes the most sense to get where we need to go?

MS. SCHWARTZ: Yeah, and so procedurally, Your Honor, let me say this. The judge in the State Court case has already put off the hearing on the motion for today, because his position apparently was if the plaintiffs don't want to proceed with their own motion, who am I to tell them to do that. Right? So that's --

THE COURT: Not a stunning -- not a stunning thing, given how busy they are (indiscernible)

MS. SCHWARTZ: We have asked, we have asked to have a conference with that judge, just to update him as to what's happening, but that's a different issue.

What I would not want is to stop us from being able to appear in the State Court, tell the State Court what is happening, ask the State Court for whatever we need to ask the State Court for. As a practical matter, the only thing that is happening, if their motion is not going forward, is summary judgment. Those schedules can be adjusted in the State Court case if they need to be. What we do not want to happen is we don't want anything to issue from the Bankruptcy Court that would somehow have the effect of taking us off the trial calendar unintentionally, because once you get off, then it's like another year before you can get back on.

Page 23

So in terms of the provisional relief they want --

THE COURT: Can I make a suggestion then? Maybe the way, one way to accomplish what Ms. Sorvino is trying to accomplish, and what you're trying to accomplish, is a stipulation as opposed to an order that makes it clear that -- what's not going to happen, but includes the fact that it will stay on the trial calendar for now, and that there will be a recognition hearing, and things will get sorted out, a recognition hearing or other things where everybody deserves their rights to sort of address it in a more fulsome way. That might -- Or frankly, I mean, I could, I could, in granting injunctive relief, I certainly could issue an order that does that as well, in terms of considering all the four factors. But --

MS. SCHWARTZ: Yes, Your Honor. I think a stipulation would make the most sense here. In other words, we're not trying to -- What we want, what we primarily want from this Court is, at the appropriate time, to put our papers in and make our arguments, you know, on notice, and with everybody having a full and fair opportunity, and to -- we can stipulate to do whatever we need to do in the State Court to make sure it's status quo without, you know, requiring anyone to do our briefing there. We don't think they need to (indiscernible) requirements, and we don't, frankly, want to see findings that don't have any basis.

Page 24

But that doesn't mean we're not amenable to, like, a practical stipulation.

THE COURT: Yeah. Well, the hard thing always in these requests for provisional relief is what is the likelihood that something bad is going to happen? And it's the kind of thing that if you're a party, you're very rarely going to say -- and bad is the pejorative characterization, and what's really appropriate is who may take steps to exercise their legal rights, which they have. And so it can be very hard to figure that out, and so I think judges will sort of look at the likelihood, and then look at the potential harm or downside. What I'm hearing, the harm or downside is to be kicked off the trial calendar and lose a year. That I get, which seems to me that we could probably --

Now, of course, that is the State Court's call, just like canceling their own hearing today. They didn't need my assistance on that either. And -- But I do think, certainly to the extent that there's a way to give appropriate information and guidance to the State Court vis-à-vis the Chapter 15, that you know, we're not at the point where anything happening here requires that case to get off the trial calendar, and that the parties -- that there will be, essentially, a standstill when we sort out recognition, and brief the issues that may be necessary to be briefed.

Page 25

So other thoughts, Ms. Schwartz, before I continue to hear from other folks?

MS. SCHWARTZ: I think Your Honor has captured our position. Thank you.

THE COURT: All right. Thank you.

So before I hear back from the Debtor's counsel, let me ask who else might want to be heard.

MR. GOLDBERG: Your Honor, this is Joseph Goldberg. Thank you for giving us the time to share with you this morning.

I heard Ms. Schwartz say a number of things concerning the Singapore action, and the alleged status of JGJ. I won't get into the details, refuting her assertions point by point. I know the Court is not interested in that today. I'll just say that Ms. Schwartz has totally mischaracterized her client's control of JGJ. That's through --

THE COURT: Well, we'll get there. I will say I'm not saying I'm not interested. I am saying that today, and right now is not the time. Yeah.

MR. GOLDBERG: We live to fight another day. I appreciate that, Your Honor.

We do not oppose the requested relief and the stay. We think it will be salutary. Just by way of background, the plaintiffs, Ms. Schwartz's clients, sought

7 (Pages 22 - 25)

Page 26

and were granted leave to file a second amended complaint. The second amended complaint was filed on or about January 30th. As the Court is aware, we filed our answer and counterclaims, including claims against the JGJ, and new claims. Unlike the description that Ms. Schwartz gave, we filed new claims conforming with the Singapore trial and Appellate Court decisions, and those, those claims would be -- would require both Ms. Schwartz's clients and JGJ's counsel to respond within 20 days, given the schedule that had been laid out in State Court. And so we very much appreciate and agree that there should be a standstill in place so we're not in a situation where JVM entities are answering claims, and JGJ is not, or doesn't have the ability to bring any claims it may or may not wish to bring against the JVM entities.

Separately, I would just note, I am in partial agreement with Ms. Schwartz. It doesn't happen often. But the point I'd like to make is all of these claims are inextricably intertwined, and that the alleged --

THE COURT: Well, again, I'm not -- You can make that argument. But making it today about what's going on in State Court, and how related they are or they aren't, is a bridge too far.

MR. GOLDBERG: Okay.

THE COURT: And again, it's -- The reason there is

Page 27

procedural due process and all that is to make sure judges have the best shot of getting the right information, and trying to -- and a process by which they can hopefully get it right. And so again, pearls before swine, perhaps. I guess that puts me in an uncomfortable characterization. But I'd save that argument for another day, and whether it ends up in this Court or the State Court, which seems perhaps to be more likely.

So am I understanding correctly you don't have a problem with the stay request? The idea is to keep the status quo in the State Court. Do you have any issue with Ms. Schwartz's concern to say, hey, we don't want to be kicked off the trial calendar. Let's see where we end up, and not have to sort of lose a potentially long chunk of time by getting kicked off, and then trying to get back on?

MR. GOLDBERG: Not in particular, Your Honor. We had that conversation before Justice Cohen the last time we were before him. It's not clear to me -- You know, there was discussion about getting on the calendar for 2027. I don't know where we left that, quite particularly. But at this point, I think the stay that we're contemplating is modest, it's practical, it's pragmatic, and can go forward with whatever Your Honor thinks is appropriate guardrails.

THE COURT: All right. Anyone else who wishes to be heard before I look back to Ms. Sorvino?

Page 28

All right. Ms. Sorvino, your responses and thoughts on what -- o where we have found ourselves?

MS. SORVINO: Thank you, Your Honor.

I don't see any evidence that a 21-day stay would kick anyone off the trial calendar for 2027, when the date hasn't even been set.

THE COURT: Well, I will say it can be -- As difficult as it is for me to figure out precisely what's going on in State Court, the State Court has exactly the same deficit. And so once we do hear, we lose the ability to characterize it or spin it or whatever it is. And so, the question I have, I guess, is a practical one, is, is there a prospect that the parties would be able to reach, consistent with the discussions today, some sort of stipulation about staying the proceedings essentially in terms of moving things forward, but in a way that doesn't take it off the trial calendar, or that judge's, the justice's contemplation about putting it on the trial calendar? And then, that gives you what you need, but it doesn't potentially lose some procedural ground.

And again, we'll have to see where recognition gets us, or any other pleadings that are filed. But that will happen in the not-too-distant future, so we'll have a better record to figure it all out.

MS. SORVINO: We would agree today, Your Honor,

Page 29

that the provisional stay until the motion for the foreign proceeding is heard would not affect any trial calendar date in 2027. But as Your Honor is aware, it is the Debtor's job in a 15, and in the Singapore proceeding, to make sure that, you know, there are other creditors -- I'm sorry, there are other creditors. It's not just SRK and JVM. There are other creditors in Singapore and whatnot. And our job is, as you know, in a 15, once it's recognized, is to garner all the assets, liquidate, and distribute to the creditors. And if there is this $37 million claim --

THE COURT: Well, again, again, everybody reserves their rights. And all I'm saying is I don't know. Like, so --

MS. SORVINO: Right, right, we don't know. But that's the job of the Debtor, to investigate all the claims. And I can't be, and I cannot hamper --

THE COURT: Oh, hold on a second.

Phew. Okay, good. Because I would have no idea how to fix that, so I'm glad it got fixed.

Continue.

MS. SORVINO: I just don't want to hamper the Debtor, Your Honor (indiscernible)

THE COURT: No, but just like I said to other folks, there's nothing that I think is going on today that I can make any reasonably intelligent comments on in terms of

8 (Pages 26 - 29)

Page 30

the merits of anything in State Court. And that's true for the 15 as well, and what the Debtors need to do. It's all premature. And so we'll look at it all in the lens of recognition, and consistent with the normal schedule of 21 days.

So here's what I think would make sense. I'm happy to essentially give a very soft ruling, which is if the parties can't reach an agreement, I think you can pretty much tell where I would head, which is that nothing should -- I'll give provisional relief so that nothing goes ahead in terms of substantive steps in the State Court. But none of that should affect the status of the proceedings in State Court in terms of its being on the trial calendar, and I'm certainly not trying to send that message.

I think it probably makes more sense for you to wordsmith that so that it's said in a way that accomplishes the goal here, that I think nobody has a particular problem with walking this line. I can say it, but I might not use the right magic words in terms of what a justice in the Supreme Court might need to hear. If you can't get there, I'll do it. So I'd like to give you a day or two to see if you can come up with a stipulation and order. But if you can't, you'll let me know, and then I'll -- you can send me your competing versions, and I'll get something out.

But I can sort of in the meantime just tell you

Page 31

that my ruling is what we've been discussing, which is just clear the heels in the State Court for the moment. I'm going to deny the request for having recognition on seven days. We're going to use the normal 21 days notice requirement. I have some dates that I will discuss with you in a minute.

And that leaves us with, before we get to the dates, sort of next steps. Certainly the obvious next step is a hearing on recognition, a briefing schedule for that. What I don't know, and you all can think about, is if there's anything else that is potentially on the horizon lift stay motions, whatever it is that would go along. Right? The stay would extend -- would by operation of law come into existence on recognition. Maybe the fight that various parties have is to say, oh, we don't think it should be recognized, maybe it's a fight about the stay relief. I don't know. And maybe there's a way to thread the needle in terms of procedurally, given the fact that the Debtor is a plaintiff in the State Court, as opposed to a defendant. So there's a lot of interesting questions here.

And so today is the 19th of February. I'm counting out three weeks or so, I'm looking for a date in March. So I think I would -- I'm going to be out of town on the 16th, so that doesn't work. I think I will give you the 19th of March, at 10:00, and then we can look for a briefing

Page 32

schedule in terms of recognition. And so --

MS. SORVINO: Your Honor?

THE COURT: Yes?

MS. SORVINO: Sorry. I am out of town on the 19th. Any way to do the 18th, or no?

THE COURT: I don't have that on my list of available dates. I don't know exactly what's on that date, but it seems that that is unlikely. Hold on one second. Maybe I can answer that question.

MS. SCHWARTZ: Your Honor, I actually cannot do the 16th through 18th. I'll be out of town.

THE COURT: Okay. All right. So thank you. That's very helpful, saves me some time.

So why don't we say the 24th, then, if the week of the 16th is really not particularly good? We could do the 20th, which is the Friday, if any of you want to go Boy Scout camping with me, but I think that's probably not a great place to have an oral argument. So the 24th, at 10:00 would work.

MS. SORVINO: Your Honor, I actually have another hearing at 10:00 on the 24th. But I could do later in the day, that day.

THE COURT: All right. So 11:30 work?

MS. SORVINO: Would this be remote, or in person?

THE COURT: If it's complicated, I would prefer to

Page 33

have it in person. I think it's -- Zoom is a particular circle of hell for complicated arguments. Right? So we can't see the nonverbal cues --

MS. SORVINO: Got it.

THE COURT: And then I feel like I end up cutting people off way too much, and I always feel guilty about that. So I would say if we're going to have an oral argument, let's get together.

So the 24th at 11:30 work for (indiscernible)

MS. SORVINO: So I'm going to be -- The other one is in person in Connecticut, so (indiscernible)

THE COURT: Ah (indiscernible)

MS. SORVINO: (indiscernible) White Plains?

THE COURT: I -- Not currently (indiscernible) But normally, yes.

So the other dates -- Hold on one second. What does the 26th look like?

MS. SORVINO: Could you do the 31st, Your Honor?

THE COURT: I could do the 31st. I think I would do it in the afternoon, because I have a Spirit omnibus hearing at 11:00. But I think I could do 2:00 on the 31st.

MS. SORVINO: Perfect.

MS. SCHWARTZ: That's fine here, Your Honor.

THE COURT: And the 26th also is something that looks pretty good, so -- if that's better for folks.

9 (Pages 30 - 33)

Page 34

MS. SCHWARTZ: Either one of those is fine with me.

MS. SORVINO: The 31st is better for me. I already have hearings in other cases on the 26th.

THE COURT: All right. Let me just check something. The 31st, I'm not -- Well, I think the 26th would work better in the morning, actually, just because I have something that I don't quite know -- a Schrodinger's cat moment, whether it's going ahead or not on the 31st. So if we could do the 26th, that would -- or even the 27th, at 10:00, which is the Friday.

MS. SCHWARTZ: Either of those are fine with me.

THE COURT: Ms. Sorvino?

MS. SORVINO: The 27th is better than the 26th, Your Honor.

THE COURT: All right. So let's make it the 27th, at 10:00. And I may actually be down in Manhattan that day. I will let you know where I am in space and time, and we'll get together, if that's okay with you all. But I'll keep you posted on that, and we'll make sure to let you know in advance. But given where you all are located, I would imagine that would not present a problem. So all right, so the 27th, at 10:00.

So in light of that, since we're here, we might as well talk about a briefing schedule. So Ms. Schwartz, and

Page 35

anybody else who wants to file something in connection with recognition, I would think if you could file those papers by the 13th, which is three weeks, does that work?

MS. SCHWARTZ: I'm looking at my colleague, Ms. Harvey, but I think we can say yes, unless she shakes her head vigorously.

THE COURT: Well, always good to talk to your colleagues who are working on it, so I applaud that.

Ms. Harvey, does that work for you?

MS. HARVEY: Yes, it does, Your Honor. Thank you.

THE COURT: All right. Thank you. And then, Ms. Sorvino, I would think that if you could file your reply on the 20th or so, does that work? A week later?

MS. SORVINO: I believe that's fine, Your Honor.

THE COURT: Okay. And so that would be on recognition. If there's a thought that there are other pleadings to be filed on issues that need to be addressed, talk amongst yourselves about that, and then we can have a conference, or you can send in a short letter with some sort of proposal. My guess is that, if I'm reading the tea leaves right, that recognition is going to be the vehicle and host organism for addressing the issues that need to be addressed. But again, you all know the case better than I do, so we'll see how it goes.

And today being Thursday, I would say maybe let me

Page 36

know by, say, noon on Monday whether you have -- like, get me whatever proposed stipulation order you've got, and I would be surprised if that wasn't satisfactory to me. And if for some reason you can't get there, then maybe send me what your proposals are. But again, I think we're -- The benefit of talking through this is my hope is that people are -- we all will have a pretty good understanding of what we're trying to accomplish, and what's an appropriate outcome for the provisional relief.

So let me circle the virtual room one more time just for anything else we need to discuss here today. So starting with you, Ms. Sorvino?

MS. SORVINO: I don't believe so, Your Honor. Thank you, again, for hearing us on such shortened time.

THE COURT: All right. Ms. Schwartz?

MS. SCHWARTZ: Nothing from our end. Thank you.

THE COURT: All right. And Mr. Goldberg?

MR. GOLDBERG: Nothing else, Your Honor. And thank you again for your time.

THE COURT: All right. And let me turn around and thank you all for making yourselves available on very short notice, and -- I know it does great violence to your schedules, so I appreciate you not only being here, but everybody being incredibly well prepared. And I, again, appreciate the ability to have conversations with Counsel to

Page 37

sort of work through the issues, hopefully in an efficient way, and look forward to seeing your papers. If anything else comes up that we need to discuss, you'll talk amongst yourselves, and then reach out to Chambers. Happy to get you on the calendar.

And the only other thing I can think of to do is if, Ms. Sorvino, you would just submit, you know, a two-sentence letter just with the schedule that we've laid out, then I'm happy to so order it just so it's on the docket.

MS. SORVINO: No problem, Your Honor. We will do that.

THE COURT: All right. With that, thank you all very much. Have yourselves a good rest of the day, and see you all soon.

MS. SCHWARTZ: Thank you, Your Honor.

MS. SORVINO: Thank you, Your Honor.

MR. GOLDBERG: Thank you, Your Honor.

MR. POWERS: Thank you.

THE COURT: Thank you. And the Court is adjourned until 2:00 this afternoon.

(Whereupon these proceedings were concluded at 11:22 AM)

10 (Pages 34 - 37)

Page 38

C E R T I F I C A T I O N

I, Lindsay Peacock, certified that the foregoing

transcript is a true and accurate record of the proceedings.



Lindsay Peacock

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  February 20, 2026

Veritext Legal Solutions
212-267-6868                www.veritext.com                516-608-2400

| & | | | |
|---|---|---|---|
| **&**   3:11 4:11,18 4:21 5:15 6:6 8:6 13:25 | **2025**   9:11 **2026**   1:15 38:25 **2027**   18:17,18 19:5 27:19 28:5 29:3 | **4** | **actions**   13:13 **actual**   7:8 **actually**   4:23 5:22,23 18:21 32:10,20 34:7 34:17 |
| **1** | **20th**   32:16 35:13 | **40**   11:2 **4e3**   3:22 | **additional** 16:12 |
| **10017**   3:14 **10019**   3:6 **10601**   1:13 **10:33**   1:16 **11**   2:2 **11501**   38:23 **11:00**   33:21 **11:22**   37:22 **11:30**   32:23 33:9 **137**   15:22 **13th**   35:3 **14**   7:7 **15**   4:5,7,9 6:20 7:25 8:8 9:9,13 10:16 11:1,22 12:23 20:4,9 20:20 24:21 29:4,8 30:2 **1519**   2:2 **16th**   31:24 32:11,15 **18th**   32:5,11 **19**   1:15 **19th**   31:21,25 32:5 | **21**   7:8 12:11,13 13:7 15:25 16:9 18:14 21:11 28:4 30:4 31:4 **22**   3:21 **24th**   32:14,18 32:21 33:9 **26-22156**   1:3 **26th**   3:13 33:17,24 34:4 34:6,10,14 **27th**   34:10,14 34:16,23 **28661**   38:7 **2:00**   33:21 37:20 | **5** | **address**   8:6 23:10 **addressed**   20:3 35:17,23 **addressing** 35:22 **adelaide**   3:21 **adjourned** 37:19 **adjusted**   22:20 **advance**   34:21 **affect**   29:2 30:12 **affiliated**   10:2 **affirmation** 5:19 **afternoon** 14:16 33:20 37:20 |
| | | **5**   2:1 **500**   3:5 | |
| | | **6** | |
| | | **675**   3:13 | |
| | | **8** | |
| | | **810**   3:5 | |
| | | **a** | |
| | | **ability**   5:24 19:18 26:14 28:10 36:25 **able**   5:9 16:25 22:15 28:13 **ably**   6:10 **absolutely** 12:13 **accommodate** 10:19 **accomplish** 23:3,4,4 36:8 **accomplishes** 30:16 **accounting** 16:24 18:5,8 18:10 **accurate**   38:4 **act**   12:4 | **agree**   26:11 28:25 **agreement** 9:24 16:25 26:17 30:8 |
| **2** | **3** | | **ah**   33:12 |
| **20**   26:9 38:25 **2017**   15:18 **2018**   15:19,20 | **30**   11:2 **300**   1:12 38:22 **305**   20:12 **30th**   26:3 **31st**   33:18,19 33:21 34:3,6,9 **330**   38:21 **37**   29:10 **3rd**   3:13 | **action**   6:7,15 6:16 9:10,14 10:14 13:14 15:7,10,11,19 15:19,20 25:12 | **ahead**   30:10 34:9 **alitalia**   6:17 |

**alleged** 25:12 26:19
**allow** 20:4
**allows** 20:5
**amazed** 6:5
**amenable** 24:1
**amended** 12:23 15:8,9 18:20 26:1,2
**amendment** 15:13
**amount** 5:21 14:23
**announced** 20:22
**answer** 26:3 32:9
**answering** 26:13
**anybody** 35:1
**anyway** 14:18 19:4,14
**apologize** 9:1
**apparently** 22:6
**appear** 22:15
**appearance** 5:8
**appearances** 4:9
**appearing** 4:22 5:5
**appears** 19:9
**appellate** 15:22 26:7
**applaud** 35:8

**application** 5:14
**appointed** 10:3 11:25 12:5
**appointment** 17:9
**appreciate** 14:22 25:22 26:11 36:23,25
**appropriate** 9:4 11:7 20:21 23:18 24:8,20 27:23 36:8
**approve** 2:3
**argued** 14:15
**argument** 26:21 27:6 32:18 33:8
**arguments** 23:19 33:2
**arrangement** 9:23 17:6
**art** 1:25
**asked** 10:19 22:11,11
**asking** 10:18 13:15
**aspect** 6:22
**assert** 12:25 16:22
**asserted** 12:23
**assertions** 25:13
**assessing** 7:4
**assets** 6:16 18:2 29:9

**assistance** 24:18
**assume** 17:19
**attach** 14:7
**attachments** 5:17
**attempt** 18:9
**attorneys** 3:4 3:12,19
**automatically** 6:21
**available** 32:7 36:21
**ave** 3:13
**avenue** 3:5
**avoid** 15:25
**aware** 9:8,15 26:3 29:3

**b**

**b** 1:21
**back** 22:25 25:6 27:15,25
**background** 19:3 25:25
**bad** 20:14 24:5 24:7
**bankruptcy** 1:1,11,23 4:3 16:15 17:25 22:22
**bars** 11:14
**based** 13:1 17:7
**basically** 8:21 14:24 16:19,21 16:23 18:4,12

**basis** 4:15 23:25
**beginning** 15:8 15:16
**behalf** 4:9 5:3 5:15
**belabor** 8:4
**believe** 8:6 10:11,16 11:17 11:19 13:6,9 13:12,13,21 35:14 36:13
**benefit** 36:6
**best** 27:2
**better** 28:24 33:25 34:3,7 34:14 35:23
**binder** 3:11 4:18,21 5:15 6:6 8:6 13:25
**bit** 11:10 14:1 19:2
**bore** 9:16
**boy** 32:16
**bridge** 26:23
**brief** 24:25
**briefed** 14:15 24:25
**briefing** 9:4 18:18 19:22 23:23 31:9,25 34:25
**bring** 26:14,14
**brothers** 10:2
**bunch** 18:1
**business** 9:23 17:6

**busy** 22:10

**c**

**c** 3:1 4:1 38:1,1
**calendar** 18:16
19:5 22:23
23:7 24:13,23
27:13,19 28:5
28:17,19 29:2
30:13 37:5
**call** 9:23 17:7
20:1 24:16
**camping** 32:17
**canada** 3:22
**canceling**
24:17
**canvass** 8:1
**captured** 25:3
**care** 20:2,8,17
20:18
**caring** 19:17
19:18
**case** 1:3 4:5 5:1
6:21 11:22
12:4 17:19
18:22 19:7,9
20:23,25 22:4
22:20 24:22
35:23
**cases** 12:11
14:22 34:4
**cat** 7:15 34:9
**certain** 2:5
7:10 17:23
**certainly** 12:1
12:8 19:7
23:12 24:19
30:14 31:8

**certified** 38:3
**challenge**
21:20
**chambers** 37:4
**chapter** 4:5,7,9
6:20 7:25 8:8
9:9,13 10:16
11:1,22 12:23
20:4,9,20
24:21
**characterizat...**
24:7 27:5
**characterize**
28:11
**charge** 10:4
16:21
**chart** 9:17
**check** 34:5
**cheong** 1:7
**christopher**
3:8
**chunk** 27:14
**circle** 33:2
36:10
**circling** 13:24
**claim** 29:10
**claims** 12:25
15:10 20:25
26:4,5,6,7,13
26:14,18 29:15
**cleanup** 18:20
**clear** 17:2 23:5
27:18 31:2
**client** 12:21
16:2 19:12,17
19:18 21:4

**client's** 25:16
**clients** 25:25
26:8
**closed** 16:15
**cohen** 5:18
27:17
**colleague** 4:22
35:4
**colleagues** 35:8
**color** 9:24 15:4
16:12
**come** 12:25
14:7 17:20
30:22 31:14
**comes** 21:5
37:3
**commenced**
9:11
**comments** 7:18
29:25
**commercial**
18:4
**common** 16:25
**company** 3:20
5:4
**compared** 7:1
**compel** 5:19
6:4 7:2 12:20
14:3
**competing**
30:24
**complaint**
12:24 15:8,9
15:14 18:20
26:1,2
**complicated**
32:25 33:2

**concern** 21:10
27:12
**concerning**
25:12
**concerns** 7:16
**concluded**
37:22
**conclusions**
21:23
**conference**
22:12 35:19
**conflict** 8:7
**conform** 15:14
**conforming**
26:6
**connecticut**
33:11
**connection**
35:1
**considering**
23:13
**consistent**
28:14 30:4
**consolidated**
15:19
**contained** 5:17
**contemplating**
27:21
**contemplation**
28:18
**continue** 13:13
25:1 29:20
**control** 25:16
**conversation**
27:17
**conversations**
36:25

**correct** 12:22
**correctly** 27:9
**counsel** 4:12
9:14 13:2 16:7
25:6 26:9
36:25
**counterclaims**
12:22 18:19,21
18:21,22,24
26:4
**counting** 31:22
**country** 38:21
**couple** 6:1 13:3
**course** 24:16
**court** 1:1,11
4:2,3,13,14,16
4:24 5:7,17 6:3
6:10,25 7:13
7:21 8:4,9,11
8:12,15,16,20
9:2,5,10,14,16
9:20,22 10:14
10:21,24 11:13
11:20,22 12:15
12:18,19 13:4
13:14,23 14:17
14:18 15:4,5,7
15:17 16:13
17:3,14,22
19:1 20:4,25
21:1,2,15 22:4
22:9,15,15,16
22:17,20,22
23:2,18,22
24:3,20 25:5
25:14,18 26:3
26:7,10,20,22

26:25 27:7,7
27:11,24 28:7
28:9,9 29:11
29:17,23 30:1
30:11,13,20
31:2,19 32:3,6
32:12,23,25
33:5,12,14,19
33:24 34:5,13
34:16 35:7,11
35:15 36:15,17
36:20 37:12,19
37:19
**court's** 24:16
**courts** 12:3
**creditor** 17:21
17:22
**creditors** 18:1
18:4 29:5,6,7,9
**cues** 33:3
**currently**
33:14
**cut** 20:15
**cutting** 33:5
**czar** 11:1

**d**

**d** 4:1
**date** 17:11
18:17 28:5
29:2 31:22
32:7 38:25
**dates** 31:5,8
32:7 33:16
**day** 8:9 16:9
18:14 21:22
25:21 27:6
28:4 30:21

32:22,22 34:17
37:13
**days** 7:7,8 11:6
12:11,13 13:7
15:25 21:11
26:9 30:5 31:4
31:4
**deal** 8:16,17,17
8:22
**dealing** 5:19
6:16
**debtor** 1:9 4:9
7:11,25 8:8 9:9
9:14 10:4 11:8
12:23 13:14
16:16,16 20:4
29:15,22 31:18
**debtor's** 16:3
25:6 29:3
**debtors** 5:12
6:4 10:1 30:2
**decides** 16:2
**decision** 15:22
**decisions** 15:21
26:7
**declaration**
5:13
**defend** 6:9
**defendant**
17:19 31:19
**defendants**
13:17
**defending** 7:20
**deficit** 7:1 15:3
28:10
**definitely** 13:9

**degree** 9:6
**delay** 16:9
**deny** 31:3
**derail** 17:14
18:13
**description**
26:5
**deserves** 23:9
**designed** 6:19
**details** 25:13
**different** 9:18
16:7,8 22:13
**difficult** 28:8
**discovery** 15:9
15:13,15
**discuss** 31:5
36:11 37:3
**discussing** 31:1
**discussion** 10:5
27:19
**discussions**
28:14
**dispute** 18:4,25
**dissipated** 18:3
**distant** 28:23
**distribute** 29:9
**district** 1:2 4:4
12:12
**doc** 2:1
**docket** 37:9
**dog** 8:14
**doing** 5:20
11:14 14:21
16:8
**door** 21:7
**double** 11:3

**doubt** 6:10 7:6
**downside** 24:12,13
**dried** 20:16
**drill** 16:1
**drinking** 19:2
**due** 27:1

**e**

**e** 1:21,21 3:1,1 4:1,1 38:1
**ecro** 1:25
**effect** 22:22
**effectively** 18:6
**efficient** 19:24 21:10 37:1
**efficiently** 20:2
**eight** 15:7 16:10
**either** 7:13 11:3 24:18 34:1,12
**emergency** 4:15,23 21:12
**ends** 27:7
**engaged** 18:12
**entered** 16:25
**entire** 20:24
**entities** 5:16 9:9 16:17,17 16:19,20,21,25 17:10,15 18:8 18:11 26:12,15
**entitled** 21:24
**entity** 18:5,6
**entity's** 16:22
**essentially** 24:24 28:15

30:7
**estate** 16:3
**everybody** 5:22 21:16 23:9,20 29:11 36:24
**evidence** 15:14 28:4
**ex** 2:1
**exactly** 28:9 32:7
**exceedingly** 16:7
**exercise** 24:9
**existence** 31:14
**exited** 16:19
**explain** 4:23
**explanation** 11:4
**exports** 3:20 5:4
**extend** 19:23 31:13
**extensive** 9:4
**extent** 24:19

**f**

**f** 1:21 38:1
**fact** 23:6 31:18
**factors** 23:14
**fair** 23:20
**fairly** 7:3 19:8
**faith** 20:14
**familiar** 7:6
**far** 26:23
**favors** 13:20
**february** 1:15 31:21 38:25

**feel** 33:5,6
**feels** 19:19
**fight** 8:14 25:21 31:14,16
**figure** 19:24 21:9 24:10 28:8,24
**file** 13:25 26:1 35:1,2,12
**filed** 4:7,17 5:11 6:6,21 12:4,24 15:9 18:19 26:2,3,6 28:22 35:17
**filing** 7:17 20:14
**filings** 20:24
**find** 4:25 12:11 14:1
**findings** 21:22 23:25
**fine** 8:19,25 9:2 12:5,11,14 33:23 34:1,12 35:14
**fire** 8:21,22 16:1
**firehose** 19:2
**firm** 4:18 5:15 6:6 9:12
**first** 4:9 6:2 7:24
**fix** 29:19
**fixed** 29:19
**floor** 3:13
**focus** 22:1

**folks** 4:19 5:16 9:25,25 10:2,6 12:4 25:2 29:24 33:25
**follow** 13:23
**following** 19:11
**foregoing** 38:3
**foreign** 2:3,4 9:10,13 10:13 10:16,19 11:5 11:18 12:16 13:10,12,16 17:7 20:9,10 29:1
**foremost** 6:2
**formed** 16:17
**forward** 22:19 27:22 28:16 37:2
**found** 17:22 28:2
**four** 13:21 23:13
**fracturing** 17:8
**frankly** 8:11 9:5 10:25 23:11,25
**friday** 32:16 34:11
**front** 5:18 6:9 6:10 21:3
**full** 23:20
**fulsome** 21:24 23:10

funded 17:19
funding 17:20
further 17:8
future 28:23

**g**

g 4:1
garner 29:8
getting 4:8
27:2,15,19
gin 18:25
give 16:11
24:19 30:7,10
30:21 31:24
given 5:21 6:5
16:9 17:8
22:10 26:9
31:18 34:21
gives 5:24
19:12 28:19
giving 25:9
glad 29:19
glenn 11:1
go 12:6 14:25
22:2 27:22
31:12 32:16
goal 30:17
goes 7:7 30:10
35:24
going 6:3,25
7:20 9:5 11:18
12:7,19 14:19
15:3,4 16:9
17:1 19:3,6
20:7,11,15
21:8 22:18
23:6 24:5,7
26:21 28:9

29:24 31:3,4
31:23 33:7,10
34:9 35:21
goldberg 3:24
5:6 25:8,9,21
26:24 27:16
36:17,18 37:17
good 4:2,10,20
4:24 5:2,7,10
10:22 29:18
32:15 33:25
35:7 36:7
37:13
grant 19:5,11
granted 7:13
12:11 26:1
granting 23:12
great 32:18
36:22
ground 28:20
guardrails
14:8 27:23
guess 6:13 7:3
10:8,22 14:20
17:11 27:5
28:12 35:20
guidance 24:20
guilty 33:6

**h**

h 1:22 3:15
halfway 15:23
hamper 29:16
29:21
handle 9:3
20:5
hands 16:20

happen 6:17
7:14 10:13
14:6 17:16
18:18 22:21
23:6 24:5
26:17 28:23
happening
17:18 22:13,16
22:18 24:22
happens 6:21
happy 4:16
30:7 37:4,9
hard 24:3,10
hardship 13:17
harm 6:17,24
10:17 13:8,15
14:21 15:25
16:9 18:2
24:12,12
harmed 13:8
harvey 3:16
4:22 35:5,9,10
head 30:9 35:6
hear 10:12
25:2,6 28:10
30:20
heard 10:20
17:2 21:4,17
21:17 25:7,11
27:25 29:2
hearing 2:1
4:15 5:21 6:20
7:9,24 10:12
10:12 11:11
12:15 13:8,16
13:19 14:6
19:7 22:5 23:8

23:9 24:12,17
31:9 32:21
33:21 36:14
hearings 34:4
heels 31:2
heidi 3:7 4:10
hell 33:2
help 20:20
helpful 15:5
32:13
hey 27:12
high 13:12
history 6:9 8:4
hodgson 3:18
5:3,6
hold 29:17
32:8 33:16
hon 1:22
honor 4:10,15
4:20 5:2,5 6:9
7:20 8:2,25 9:8
9:15,21 10:12
10:18 11:17
12:10 13:2,7
13:22 14:11
15:6,12 16:11
17:2 18:14
20:7 22:4
23:15 25:3,8
25:22 27:16,23
28:3,25 29:3
29:22 32:2,10
32:20 33:18,23
34:15 35:10,14
36:13,18 37:10
37:15,16,17

**hope** 36:6
**hopefully** 27:3
  37:1
**horizon** 31:11
**horribly** 14:25
**host** 35:22
**hours** 21:12
**huge** 7:1 15:2
**hurts** 13:7

**i**

**idea** 12:8 13:24
  27:10 29:18
**imagine** 34:22
**immediate**
  8:20
**impact** 6:12
  16:3
**import** 5:16
**important** 6:23
  11:6
**imports** 3:12
**includes** 23:6
**including**
  20:25 26:4
**incredibly**
  36:24
**indiscernible**
  9:19,20 10:20
  11:8,12 15:14
  15:23 17:12
  21:14 22:10
  23:24 29:22
  33:9,11,12,13
  33:14
**inextricably**
  26:19

**information**
  7:1 15:3 24:20
  27:2
**injunctive** 7:5
  12:2 23:12
**intelligent**
  29:25
**intend** 20:24
**intended** 7:19
**interest** 16:25
**interested**
  16:14 25:14,19
**interesting**
  31:20
**intertwined**
  26:19
**investigate**
  29:15
**invoices** 17:24
**involved** 5:22
  13:2 16:8
**involvement**
  13:1
**issue** 8:13,14
  10:7,21 14:12
  17:13 18:3
  20:12 22:13,21
  23:12 27:11
**issues** 18:11
  20:9,11 24:25
  35:17,22 37:1

**j**

**j** 3:7
**j.g.** 1:7 2:4 3:4
  4:5
**james** 3:8 4:11

**january** 26:2
**jdm** 3:12
**jeremiah** 3:9
  4:12
**jewelry** 1:7 2:5
  3:4,19,20 4:5
  5:3,4
**jfk** 6:18
**jgj** 16:16,20,21
  16:23 17:1,15
  17:18,21 18:9
  18:9,19 20:18
  20:19 25:13,16
  26:4,13
**jgj's** 16:22 26:8
**job** 6:2 29:3,7
  29:15
**joined** 4:21
**joint** 5:13 9:23
  10:3,5 16:18
  16:19 17:6,7
  17:23 18:10
**joseph** 3:24 5:5
  25:8
**judge** 1:23 4:3
  5:18 6:11
  10:25 22:4,12
**judge's** 28:17
**judges** 14:22
  24:10 27:1
**judgment**
  18:18 22:19
**june** 9:11
  11:19 12:1,5
**jurisdiction**
  21:1

**justice** 27:17
  30:19
**justice's** 28:18
**jvm** 5:16,16
  9:9,21,25 10:2
  10:6 16:17,20
  16:20,22,23,24
  17:1,9,14 18:8
  20:25 26:12,15
  29:6

**k**

**keep** 21:17
  27:10 34:19
**kick** 18:16 28:5
**kicked** 24:13
  27:13,15
**kind** 18:10
  24:6
**know** 6:3,4,9
  6:15,20,25
  10:1 14:23
  16:3,5 18:2
  19:8 20:12,13
  21:2,4,8,19,20
  21:20 23:19,22
  24:21 25:14
  27:18,20 29:5
  29:8,12,14
  30:23 31:10,17
  32:7 34:8,18
  34:20 35:23
  36:1,22 37:7
**knowledgeable**
  20:1
**kriss** 10:2

**l**

**laid** 26:10 37:8
**lane** 1:22 4:3
**large** 17:5
**law** 5:18 31:13
**lawsuit** 19:19
**lead** 8:14
**leave** 26:1
**leaves** 31:7
    35:21
**left** 16:19 18:9
    27:20
**legacies** 5:23
**legal** 6:15,16
    7:11 10:9 24:9
    38:20
**legitimate** 20:3
**lens** 30:3
**letter** 5:15
    35:19 37:8
**level** 5:25
**lift** 19:14 31:12
**light** 13:1
    34:24
**likelihood**
    13:13 24:5,11
**likely** 27:8
**lindsay** 2:25
    38:3,10
**line** 30:18
**lining** 18:2
**liquidate** 29:9
**liquidation** 2:5
    13:20 17:16
    18:6 20:19
**liquidations**
    13:11

**liquidator** 17:8
    17:17
**liquidators**
    10:3,5
**list** 32:6
**lists** 5:12
**litigate** 6:3
**litigating** 8:12
**litigation** 12:15
    15:18
**little** 9:17 19:2
**live** 25:21
**llp** 3:3,18
**located** 34:21
**long** 15:21
    18:12 27:14
**longer** 10:4
**look** 5:9,11,15
    7:5 12:3 24:11
    24:11 27:25
    30:3 31:25
    33:17 37:2
**looking** 31:22
    35:4
**looks** 33:25
**loop** 16:15
**lose** 24:13
    27:14 28:10,20
**lot** 9:18 15:24
    18:15 19:21
    31:20
**loud** 17:2

**m**

**m5h** 3:22
**magic** 30:19
**main** 2:4 4:22
    20:10,10

**make** 5:8 7:19
    7:25 11:15,17
    14:24 20:21
    21:22 23:2,16
    23:19,22 26:18
    26:20 27:1
    29:4,25 30:6
    34:16,20
**makes** 11:6
    22:1 23:5
    30:15
**making** 26:21
    36:21
**managed** 18:5
**manhattan**
    34:17
**march** 31:23
    31:25
**matter** 1:5
    5:24 9:3 22:17
**mean** 11:7
    15:18 23:11
    24:1
**mechanism**
    16:24 18:8
**meeting** 5:10
**memorandum**
    5:18
**mentioned** 6:4
    6:6
**merely** 9:24
**merit** 13:10
**merits** 30:1
**message** 30:14
**michael** 3:25
    5:6

**million** 29:10
**mineola** 38:23
**minute** 31:6
**mischaracter...**
    25:16
**modest** 27:22
**moment** 31:2
    34:9
**monday** 36:1
**months** 13:3
**moot** 14:8
**morning** 4:2
    4:10,20,24 5:2
    5:5,7,10 25:10
    34:7
**motion** 2:1,2,3
    2:3 5:13,19 6:4
    7:2 12:20 14:3
    14:13,14 16:5
    17:2 19:13
    20:23 21:19,19
    22:5,7,18 29:1
**motions** 31:12
**mouth** 19:16
**moving** 28:16

**n**

**n** 3:1 4:1 38:1
**narrow** 7:22
**near** 9:6
**necessarily**
    21:5,11
**necessary**
    24:25
**necessitated**
    15:13
**need** 8:16
    12:24 22:2,16

22:20 23:21,24 24:18 28:19 30:2,20 35:17 35:22 36:11 37:3
**needle** 31:17
**needs** 5:8 6:8 18:17 20:19,19 20:20
**never** 10:24 11:3,15
**new** 1:2 3:6,14 4:4 13:2 18:21 26:4,6
**newly** 4:7
**nice** 7:2
**non** 20:10
**nonverbal** 33:3
**noon** 36:1
**normal** 30:4 31:4
**normally** 33:15
**note** 26:16
**notice** 5:25 10:20 11:5,11 23:19 31:4 36:22
**notion** 12:1
**number** 11:2,3 25:11
**ny** 1:13 3:6,14 38:23

**o**

**o** 1:21 4:1 28:2 38:1
**obvious** 31:8

**obviously** 7:1 13:19
**occur** 10:15 12:16
**odd** 14:1 16:5 16:7
**oftentimes** 14:7
**oh** 4:24 19:21 29:17 31:15
**okay** 8:10,10 8:19 9:18 26:24 29:18 32:12 34:19 35:15
**old** 38:21
**omnibus** 33:20
**once** 4:2 6:18 9:13 22:24 28:10 29:8
**opened** 21:7
**operation** 31:13
**operative** 9:24
**opportunity** 12:25 19:13 21:16 23:20
**oppose** 25:23
**opposed** 23:5 31:19
**oral** 32:18 33:7
**order** 2:4 11:23 16:22 21:17 23:5,12 30:22 36:2 37:9

**organism** 35:22
**originally** 18:22
**outcome** 36:9
**outset** 8:3
**own** 9:14 12:6 14:13,14 17:16 22:7 24:17

**p**

**p** 3:1,1 4:1
**pages** 15:22
**pandemic** 5:23
**papers** 6:5 8:5 11:4 13:25 21:13 23:19 35:2 37:2
**part** 4:5 18:9
**parte** 2:1
**partial** 26:16
**participate** 5:24
**particular** 27:16 30:17 33:1
**particularly** 27:20 32:15
**parties** 16:15 16:24 17:5 18:11 24:23 28:13 30:8 31:15
**partner** 4:11
**party** 10:17 14:23 16:1,2 24:6

**payable** 17:24
**peacock** 2:25 38:3,10
**pearls** 27:4
**pejorative** 24:7
**pending** 12:8,9 15:7
**people** 5:24 7:2 7:9,19 14:5,7 19:20 33:6 36:6
**perfect** 33:22
**peril** 7:11 10:9
**period** 7:16
**person** 20:1 32:24 33:1,11
**petition** 5:12
**petitioners** 14:13
**phew** 29:18
**pinged** 10:25
**place** 17:20 26:12 32:18
**plains** 1:13 33:13
**plaintiff** 12:24 13:18 31:19
**plaintiffs** 9:9 9:12 22:6 25:25
**planes** 6:18
**play** 9:13
**pleading** 20:23
**pleadings** 5:11 28:22 35:17
**point** 19:8 24:21 25:14,14

26:18 27:21
**policy** 13:19
**poorly** 8:13
**position** 22:6
  25:4
**positioned**
  8:13
**possibility** 16:1
**posted** 34:20
**potential** 6:16
  16:8 18:2
  24:12
**potentially**
  8:22 10:6 14:5
  17:9 20:12
  27:14 28:20
  31:11
**powers** 3:23
  5:2,3 37:18
**practical** 7:22
  9:3 22:17 24:2
  27:22 28:12
**practicalities**
  6:22
**pragmatic**
  27:22
**precisely** 28:8
**prefer** 32:25
**prejudice**
  14:19
**premature**
  30:3
**prepared**
  36:24
**present** 6:11
  34:22

**pretty** 30:8
  33:25 36:7
**prevent** 17:23
**primarily**
  23:17
**probably** 8:13
  11:3 18:17
  24:14 30:15
  32:17
**problem** 27:10
  30:17 34:22
  37:10
**problems** 19:4
**procedural**
  21:25 27:1
  28:20
**procedurally**
  22:1,3 31:18
**procedure** 22:1
**proceed** 19:18
  22:7
**proceeding** 2:4
  5:17 9:11,13
  10:13,15,16,19
  11:5,18 12:8,9
  12:16,19 13:16
  18:23 19:11
  20:10,10,21
  29:2,4
**proceedings**
  11:24 13:10
  14:4 17:14,16
  20:15 28:15
  30:12 37:22
  38:4
**proceeds** 12:14

**process** 21:24
  27:1,3
**productive**
  19:10,24
**prompts** 6:8
**proposal** 35:20
**proposals** 36:5
**proposed** 36:2
**prospect** 28:13
**protect** 11:8
**provided** 15:12
**provisional** 2:1
  4:6 5:14 6:14
  6:14 7:4,12,23
  8:20 10:10
  11:7 12:10,13
  12:15 13:5,18
  14:1,9,12,24
  19:6,11 21:6
  21:18 23:1
  24:4 29:1
  30:10 36:9
**pte** 1:7 2:5 3:4
  4:5
**public** 13:19
**pull** 17:15
**purpose** 4:22
  10:9
**put** 18:5 19:16
  19:22 22:5
  23:18
**putative** 16:16
**puts** 27:5
**putting** 28:18
**pvt** 3:20 5:4

**q**

**quarropas**
  1:12
**question** 6:12
  7:10 10:8
  12:18 14:20
  20:13 21:15,25
  28:12 32:9
**questions**
  31:20
**quick** 8:3
**quite** 7:8 27:20
  34:8
**quo** 10:14 13:6
  21:18 23:22
  27:11

**r**

**r** 1:21 3:1 4:1
  38:1
**raised** 8:15
**ramkrishna**
  3:19 5:4
**rare** 5:22
**rarely** 24:6
**reach** 28:13
  30:8 37:4
**reaction** 6:8
**read** 21:12
**reading** 35:20
**reality** 17:18
**really** 6:13
  13:18 19:17
  24:8 32:15
**reason** 18:24
  20:17 26:25
  36:4

**reasonably**
29:25
**recently** 13:1
**recognition** 2:4
5:13 6:19 7:9
7:17 8:17,18
10:10 11:9,11
12:16 13:16
14:6 15:1 19:6
19:12,14,17,23
20:5,8,15 21:7
21:11,20 23:8
23:9 24:24
28:21 30:4
31:3,9,14 32:1
35:2,16,21
**recognized**
10:15 13:11
19:7 29:8
31:16
**record** 7:14
28:24 38:4
**refile** 18:24
**refuting** 25:13
**related** 2:5
15:10 26:22
**relief** 2:1,5 4:6
5:14 6:14,14
7:5,12,23 8:20
10:10 11:7
12:2,10,13
13:5,18 14:2,9
14:9,12,24
16:3 19:6,11
19:19 21:6,18
21:19 23:1,12
24:4 25:23

30:10 31:16
36:9
**remain** 10:14
**remember** 6:17
**remote** 32:24
**removal** 21:8
**remove** 20:24
**removes** 7:16
**reorganization**
13:20
**reply** 35:12
**represent** 17:1
**representatives**
2:3 13:12
**represented**
8:7 9:12
**representing**
8:15
**request** 4:6 7:4
7:12,22 10:24
11:8 12:14
13:5 14:1,3,4
21:12 27:10
31:3
**requested**
12:21 25:23
**requests** 14:8
24:4
**require** 26:8
**requirement**
31:5
**requirements**
13:21 23:24
**requires** 24:22
**requiring**
23:23

**reserves** 29:11
**resolved** 18:23
**respond** 26:9
**response** 6:7
18:20
**responses** 28:1
**rest** 37:13
**resulted** 15:11
**results** 15:13
**right** 4:13,16
4:24 5:7,8 8:14
9:6 11:20 13:4
13:23 15:15,18
18:7 20:3
21:16 22:8
25:5,20 27:2,4
27:24 28:1
29:14,14 30:19
31:13 32:12,23
33:2 34:5,16
34:22 35:11,21
36:15,17,20
37:12
**rights** 16:22,23
23:10 24:9
29:12
**road** 38:21
**room** 8:1 13:24
36:10
**ruling** 15:11,12
30:7 31:1
**russ** 3:18 5:3,6

**s**

**s** 3:1 4:1
**salutary** 25:24
**satisfactory**
36:3

**satisfy** 13:9,21
**save** 27:6
**saves** 32:13
**saying** 8:21
25:19,19 29:12
**schedule** 12:6
26:9 30:4 31:9
32:1 34:25
37:8
**schedules**
22:19 36:23
**scheme** 18:15
**schrodinger's**
34:8
**schwartz** 3:11
3:15 4:18,20
4:21,21 5:15
6:6 8:7 13:25
14:10,11 15:6
16:11,14 17:13
20:7 21:14
22:3,11 23:15
25:1,3,11,15
26:5,17 32:10
33:23 34:1,12
34:25 35:4
36:15,16 37:15
**schwartz's**
25:25 26:8
27:12
**scout** 32:17
**se** 20:18
**sean** 1:22 4:3
**second** 26:1,2
29:17 32:8
33:16

**section**  2:2
  20:12
**see**  4:17 8:23
  10:4 19:16,17
  23:25 27:13
  28:4,21 30:21
  33:3 35:24
  37:13
**seeing**  37:2
**seek**  13:18 16:2
**seeking**  12:1
  14:13,14
**seem**  6:24
  18:15
**seems**  8:11,12
  19:8,25 20:1
  24:14 27:7
  32:8
**seized**  6:18
**sell**  12:7
**send**  30:14,23
  35:19 36:4
**sense**  11:6,16
  11:18 22:2
  23:16 30:6,15
**sentence**  37:8
**separately**
  26:16
**serious**  20:8
**set**  5:25 8:5
  28:6
**seven**  11:6 31:3
**seventh**  3:5
**shakes**  35:5
**share**  25:9
**shl**  1:3

**shoehorn**  21:3
**short**  5:25
  10:17 35:19
  36:21
**shorten**  2:2
  12:7
**shortened**  5:21
  10:20 11:11
  12:12 36:14
**shortening**
  12:2
**shot**  27:2
**shree**  3:19 5:3
**side**  9:25 10:1
  18:5
**sides**  17:5 18:7
**signature**  38:7
**significant**
  20:11,13
**singapore**  9:11
  11:19 13:10
  15:10,11,20
  17:22 18:23
  25:12 26:6
  29:4,7
**situation**  26:12
**six**  21:12
**skinning**  7:15
**sleepy**  19:9
**soft**  30:7
**solutions**  38:20
**somebody**  4:19
**soon**  7:3 37:14
**sorry**  7:18 29:5
  32:4
**sort**  5:25 6:7
    7:9,13 10:1

  11:1,24 12:2
  14:7,8 16:2
  17:8 18:8 20:4
  20:6 23:10
  24:11,24 27:14
  28:14 30:25
  31:8 35:19
  37:1
**sorted**  23:8
**sorvino**  3:7
  4:10,11,14 8:1
  8:2,10,19,25
  9:7,8,18,21
  10:11,23 11:12
  11:17,21 12:10
  12:22 13:6
  23:3 27:25
  28:1,3,25
  29:14,21 32:2
  32:4,20,24
  33:4,10,13,18
  33:22 34:3,13
  34:14 35:12,14
  36:12,13 37:7
  37:10,16
**sought**  6:15
  25:25
**sounds**  9:5
  15:17
**southern**  1:2
  4:4 12:12
**space**  34:18
**speed**  12:3
**spend**  19:21
**spin**  28:11
**spirit**  33:20

**spot**  14:20
**srk**  9:21,25
  16:17,18 17:15
  17:19,21,21,24
  18:11,19 29:6
**srp**  20:25
**st**  3:21
**standards**  7:5
**standstill**
  24:24 26:11
**start**  4:8 7:24
  13:24
**starting**  36:12
**state**  5:17 6:3
  6:10,25 7:20
  8:12,15,16 9:5
  9:10,14 10:14
  12:14,19 13:14
  14:17 15:3,5,6
  17:14 20:24
  21:1 22:4,15
  22:15,16,17,20
  23:21 24:16,20
  26:10,22 27:7
  27:11 28:9,9
  30:1,11,12
  31:2,19
**statements**
  7:14
**states**  1:1,11
  4:3
**status**  10:14
  13:6 21:18
  23:22 25:12
  27:11 30:12
**statute**  11:23

stay   6:20 10:18
   13:15,22 14:7
   14:13,14 18:14
   19:9,14,19
   21:19 23:7
   25:24 27:10,21
   28:4 29:1
   31:12,13,16
staying   28:15
step   21:9 31:8
steps   24:8
   30:11 31:8
stipulate   23:21
stipulation
   23:5,16 24:2
   28:15 30:22
   36:2
stop   22:14
strategy   18:12
street   1:12
strong   21:4
stuff   11:25
stunned   6:5
stunning   22:9
   22:9
submit   37:7
substantive
   30:11
succeed   13:9
success   13:13
successful
   13:20
suffer   13:14
suggestion
   23:2
suing   10:6

suite   3:5 38:22
suits   9:17
summary
   18:18 22:19
suppose   14:18
supposed
   14:15
supreme   30:20
sure   4:18 7:25
   14:24 16:13
   23:22 27:1
   29:4 34:20
surprised
   10:25 36:3
swine   27:4
switch   18:7

t

t   38:1,1
take   5:9,11,14
   21:1,9 24:8
   28:17
talk   10:22
   34:25 35:7,18
   37:3
talking   21:6,8
   36:6
tan   1:7
tea   35:20
tee   20:2
teed   7:3 14:2
tell   12:6 22:7
   22:15 30:9,25
tells   11:23
term   9:6 18:12
terms   7:22
   19:2 23:1,13
   28:16 29:25

30:11,13,19
   31:18 32:1
tessa   3:16 4:22
test   13:9,21
thank   4:14 8:2
   14:11 25:4,5,9
   28:3 32:12
   35:10,11 36:14
   36:16,19,21
   37:12,15,16,17
   37:18,19
thing   6:25 14:2
   17:17 18:17
   20:22 22:10,18
   24:3,6 37:6
things   4:17
   7:10 8:3 9:17
   12:3,6 16:8
   18:15 20:6
   21:3 23:8,9
   25:11 28:16
think   8:4 11:1
   11:14 12:20
   14:21 19:3
   20:7,8,13,15
   23:15,23 24:10
   24:18 25:3,24
   27:21 29:24
   30:6,8,15,17
   31:10,15,23,24
   32:17 33:1,19
   33:21 34:6
   35:2,5,12 36:5
   37:6
thinking   10:5
thinks   27:23

thoroughly   8:5
thought   11:7
   35:16
thoughts   6:1
   15:2 25:1 28:2
thread   31:17
three   31:22
   35:3
thursday   35:25
tier   13:10
time   2:2 5:21
   7:16 10:22
   12:2,7 13:11
   14:6 16:22
   21:9 23:18
   25:9,20 27:15
   27:17 32:13
   34:18 36:10,14
   36:19
timing   11:24
tjc   3:19 5:3
today   4:23
   7:22 8:9,22
   10:7 21:22
   22:5 24:17
   25:15,19 26:21
   28:14,25 29:24
   31:21 35:25
   36:11
today's   5:20
together   16:17
   17:1 33:8
   34:19
toronto   3:22
totally   25:15
tough   12:7

**town** 31:23
32:4,11
**tracks** 17:3
**training** 5:10
**transcribed**
2:25
**transcript** 38:4
**travis** 3:23 5:2
**trial** 17:11
18:16,17 19:4
22:23 23:7
24:13,23 26:6
27:13 28:5,17
28:18 29:2
30:13
**tro** 7:7 19:22
19:23
**trouble** 16:6
**true** 11:20 30:1
38:4
**try** 18:13,25
20:24,25
**trying** 11:15
19:24 21:9
23:3,4,17 27:3
27:15 30:14
36:8
**turn** 36:20
**two** 8:3 15:21
16:24 17:5
30:21 37:7
**twofold** 6:13
**typical** 7:5
17:25

**u**

**u.s.** 1:23 6:16
7:6 13:11 14:5
15:20 20:21
**u.s.c.** 2:2
**uncomfortable**
27:5
**uncommon**
14:4
**under** 2:2
10:16
**understand**
9:22 11:10,13
11:15,25 13:4
15:17,23 17:4
17:4
**understanding**
27:9 36:7
**understood**
14:2
**unintentional...**
22:23
**united** 1:1,11
4:3
**unpack** 11:9
**unusual** 20:12
**update** 22:12
**use** 5:23 30:18
31:4
**used** 14:24
**usually** 7:9
11:5

**v**

**vandermark**
3:8,9 4:12,12

**various** 5:12
9:17 12:3 17:4
17:5 31:15
**vehicle** 18:6
35:21
**venture** 9:23
16:18,19 17:6
17:23 18:10
**veritext** 38:20
**versions** 30:24
**versus** 20:25
**view** 19:8
**views** 14:10
21:4
**vigorously**
35:6
**violence** 36:22
**virtual** 8:1
13:24 36:10
**vis** 24:20,21

**w**

**w** 3:21
**wait** 13:7
**waiting** 15:25
**walking** 30:18
**want** 7:19 8:3
17:6 18:7,11
19:16,20,20
22:7,14,21,21
23:1,17,17,25
25:7 27:12
29:21 32:16
**wants** 17:15,17
35:1
**way** 7:15 9:3
15:21 18:16
19:10,21,24

20:2,5 21:10
21:13,16 23:3
23:3,10 24:19
25:24 28:16
30:16 31:17
32:5 33:6 37:2
**ways** 17:5
**we've** 7:22
10:19 13:2
21:6 31:1 37:8
**week** 32:14
35:13
**weeks** 31:22
35:3
**wendy** 3:15
4:21
**whatnot** 29:7
**white** 1:13 3:3
4:11 33:13
**williams** 3:3
4:11
**wish** 26:14
**wishes** 27:24
**withdraw**
14:19
**wondering**
6:23
**words** 19:16
23:16 30:19
**wordsmith**
30:16
**work** 7:9 31:24
32:19,23 33:9
34:7 35:3,9,13
37:1
**working** 35:8

| |
|---|
| **worried**  6:24  10:9 14:5 |
| **worry**  7:19 |
| **worrying**  6:18 |
| **wrap**  18:10  20:20 |
| **write**  19:13,13 |
| **wrong**  14:25  19:15 |

| **x** |
|---|
| **x**  1:4,10 |

| **y** |
|---|
| **yeah**  9:16  11:20 22:3  24:3 25:20 |
| **year**  22:24  24:14 |
| **years**  15:7  16:10 |
| **yesterday**  12:4 |
| **york**  1:2 3:6,14  4:4 |

| **z** |
|---|
| **zahler**  3:25 5:6 |
| **zoom**  5:21 33:1 |

| **à** |
|---|
| **à**  24:21 |