**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
James C. Vandermark, Esq.
Jeremiah J. Vandermark, Esq.
810 Seventh Avenue, Suite 500
New York, NY 10019
(212) 631-4417
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com
vandermarkjj@whiteandwilliams.com

*Counsel for Mr. Wei Cheong Tan and Ms.
Christina Khoo in Their Capacity as Joint
and Several Liquidators for Debtor J.G.
Jewelry Pte. Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>J.G. JEWELRY PTE. LTD.,<br><br>             Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 26-22156 (SHL) |

### SUPPLEMENTAL JOINT DECLARATION OF MR. WEI CHEONG TAN AND MS. CHRISTINA KHOO, DEBTOR'S FOREIGN REPRESENTATIVES, IN RESPONSE TO JDM ENTITIES' OBJECTION TO RECOGNITION OF FOREIGN PROCEEDING

We, Wei Cheong Tan (NRIC No. S7922708J) and Christina Khoo (NRIC No. S8128734A), hereby declare, under penalty of perjury, as follows:

1. Wei Cheong Tan and Christina Khoo[1] are the duly appointed joint and several liquidators (the "Liquidators") and authorized foreign representatives (the "Foreign Representatives") of the above-captioned debtor (the "Debtor") in the foreign proceeding before the High Court of the Republic of Singapore (the "Singapore High Court") commenced pursuant to the Insolvency Restructuring and Dissolution Act of 2018 ("IRDA"), case number HC/CWU

---

[1] Wei Cheong Tan and Christina Khoo c/o  6 Shenton Way #33-00 OUE Downtown 2, Singapore 068809.

51633016v.2

114/2025 (the "Singapore Liquidation Proceeding").  We have served as the joint and several liquidators of the Chapter 15 Debtor since our appointment by the Singapore High Court on June 16, 2025.  *See* Foreign Rep. Decl., ECF No. 4, Ex. A, Winding-Up Order.

2.    We submit this declaration (this "Supplemental Declaration") in response to *The JDM Entities' Objection to Motion of Foreign Representatives for Recognition of Foreign Proceeding* [ECF No. 24] (the "Objection") and in further support of the (i) *Motion of Foreign Representatives for an Order (I) Recognizing Foreign Main Proceeding and (II) Request for Related Relief* [ECF No. 3] (the "Recognition Motion") and (ii) *Voluntary Chapter 15 Petition* [ECF No. 1] (the "Verified Petition").

3.    Pursuant to chapter 15 of title 11 of the United States Code, we understand that the Recognition Motion seeks entry of an order recognizing the Singapore Liquidation Proceeding as a "foreign main proceeding."

4.    In our role as Foreign Representatives, we are generally familiar with the Debtor's history, business and financial affairs, books and records, and liquidation efforts based on the information provided to us since our appointment, although potentially significant information and documents have still not been provided by those who controlled or acted for the Debtor.

5.    Except as otherwise indicated, all facts and statements set forth in this Declaration are based upon: (a) our personal knowledge; (b) information supplied to us by other members of the Debtor's management or professionals; (c) our review of relevant documents; and/or (d) our opinion based upon our experience and knowledge of the Debtor.  If called upon to testify, we could and would testify to the facts and opinions set forth herein.

6.    The Debtor was formed in 2015 in the Republic of Singapore as a private limited company.  The Debtor holds a Singapore Unique Entity Number (UEN 201508580G), its

51633016v.2

registered office was situated at 80 Robinson Road, #17-02, Singapore 068898, and it is a registered tax entity in Singapore.

7.      The Debtor never operated in the United States.  The Debtor was not registered to do business in the United States, did not file tax returns in the United States and had no tax presence in the United States.

8.      Prior to its liquidation, the Debtor was principally a holding company controlled by Michael Kriss and David Kriss (the "Kriss Brothers") and engaged in wholesale trade of a variety of goods, including, but not limited to, diamonds and fine jewelry.

9.      In 2015, Shree Ramkrishna Exports Pvt., Ltd ("SRKI"), The Jewelry Company ("TJCI", collectively with SRK, the "SRK Entities") and TJC Jewelry, Inc. ("TJCNY"), on the one hand, entered into a business arrangement with the Kriss Brothers' companies: JDM Import Co., Inc. ("JDM"), MG Worldwide LLC ("MGW"), MBI, Asia Pacific Jewelry, L.L.C. ("APJ," and collectively with JDM, MGW, and MBI, the "JDM Entities"), on the other hand, wherein (i) the SRK Entities sold tens of millions of dollars' worth of diamonds and various kinds of jewelry (collectively, the "Goods") to the Chapter 15 Debtor, (ii) the SRK Entities shipped the Goods directly to the JDM Entities and TJCNY, (iii) the Chapter 15 Debtor  invoiced the JDM Entities and TJCNY for the Goods, and (iv) the JDM Entities and TJCNY would sell the Goods to third party retailers (such as Macy's, Zales and JCPenny) (the "Parties' Business Arrangement").

10.     The Chapter 15 Debtor relied on payment by the JDM Entities of the invoices JGJ issued to them for revenue to pay the invoices issued by the SRK Entities to JGJ.

11.     The Parties' Business Arrangement broke down in August 2017.  *See* Foreign Rep. Decl., ECF No. 4, Ex. C, Appellate Judgment, at ¶ 22.  The Debtor conducted no further business thereafter.  As a result of the dissolution of the Parties' Business Arrangement, the Debtor held substantial claims against (a) certain of the JDM Entities for, *inter alia*, unpaid

invoices for goods purchased by JGJ and delivered to the JDM entities, and (b) TJCNY for, *inter alia*, unpaid invoices for goods purchased by JGJ and delivered to TJCNY.

12. Starting in 2018, the Debtor spent the next seven (7) years embroiled in litigation in Singapore resulting from the Parties' Business Arrangement. On April 23, 2018, the SRK Entities brought suit in the High Court of the Republic of Singapore (the "Singapore Trial Court") under case no. HC/S 418/2018 (the "Singapore Action") seeking recovery for $25,611,534.16 worth of diamonds, jewelry, and other goods that were sold to the Debtor but delivered to the JDM Entities and other end customers pursuant to the Parties' Business Arrangement. The Kriss Brothers caused the Debtor to assert counterclaims against the SRK Entities, including, *inter alia*, breach of contract, inducement for breach and conspiracy. The Kriss Brothers asserted that the Parties' Business Arrangement was governed by a joint venture agreement wherein the invoices were not intended to obligate actual payment liability. *See* Foreign Rep. Decl., ECF No. 4, Ex. C, Appellate Judgment, at ¶ 81. The key relationships underlying the Parties' Business Arrangement were fully adjudicated in Singapore, with the documentary and financial records of JGJ produced in Singapore discovery proceedings and examined by Singapore courts. After a full trial, Justice Chua Lee Ming entered his decision (the "Trial Decision"), in January 2024, granting judgment against the Debtor and in favor of the SRK Entities and dismissing the Debtor's counterclaims. *See* Foreign Rep. Decl., ECF No. 4, Ex. B, Trial Decision.

13. On April 16, 2024, the Kriss Brothers directed that the JDM Entities and the Debtor enter into a Common Interest Agreement, upon which the JDM Entities claim that the Debtor agreed to gift the JDM Entities all of their files and materials under their six (6) yearlong joint representation.

14. Both parties appealed the Trial Decision to the Appellate Division of the High Court of Singapore (the "Singapore Appellate Division"), and, on March 7, 2025, the

-4-

Singapore Appellate Division delivered its decision and judgment (the "Appellate Judgment") finding that the invoices were enforceable and entered judgments in favor of SRK for $23.4 million and in favor of TJCI for $2.2 million, plus interest and costs. The Singapore Appellate Division found that the Debtor/Kriss Brothers, by bringing the counterclaims, were acting in the interest of the JDM Entities. *See* Foreign Rep. Decl., ECF No. 4, Ex. C, Appellate Judgment, at ¶¶ 35, 234. The Singapore Appellate Division further found that the Debtors'/Kriss Brothers' counterclaim for conspiracy "to be entirely without merit. . . . It also appears to us that given the 2017 US Proceedings brought by TJCNY against the JDM Entities were afoot at the time, [the Debtor/Kriss Brother]'s true motivation behind the conspiracy counterclaim was a retaliatory one. Such conduct not only achieves no real purpose but also wastes valuable judicial time and resources." *See* Foreign Rep. Decl., ECF No. 4, Ex. C, Appellate Judgment, at ¶ 182.

15. The Kriss Brothers brought similar claims on behalf of JGJ and the JDM Entities against the SRK Entities and TJCNY before the Supreme Court of the State of New York, New York County (the "State Court"), Index No. 651469/2018 (as consolidated with Index No. 657583/2017, collectively, the "State Court Action"). The Kriss Brothers improperly abandoned the Debtor's claims against the JDM Entities. *See* Foreign Rep. Decl., ECF No. 4, Ex. C, Appellate Judgment, at ¶ 7 ("No efforts were made, however, to recover moneys owed by JDM and its related companies to JGJ").

16. On April 3, 2025, following the Appellate Judgment against the Debtor, the SRK Entities filed an originating application with the Singapore High Court for the winding up of the Debtor and a concurrent summons for the appointment of provisional liquidators. In order to stave off the provisional liquidation application, on April 8, 2025, the Debtor, at the direction of the Kriss Brothers, represented to the Singapore High Court that the Debtor would not dissipate assets and not adjust its accounts. *See* Ex. 1, Wei Cheong First Aff., Tab 7, at 272-73.

-5-

17.     Meanwhile, on April 29, 2025, in direct conflict with the representations to the Singapore High Court, the Kriss Brothers directed the Debtor and the JDM Entities to discontinue the Debtor's claims in the State Court Action and to amend the State Court complaint to effectively remove the Debtor from the State Court Action altogether. *See* Motion to Discontinue and to Amend Complaint, Index No. 651469/2018, NYSCEF 648.

18.     The Kriss Brothers, by and through the Debtor, also challenged the application for winding-up in Singapore asserting, *inter alia*, that the winding-up was sought for an ulterior purpose, namely, to influence the outcome of the US proceedings, and was accordingly an abuse of process. Justice Aidan Xu heard the matter on May 26, 2025, and issued the Winding-Up Order on June 16, 2025, rejecting the abuse of process argument, finding that the evidence of abuse had "not been done here" and the Debtor had "no answer" to the costs orders owed to the individual claimants. *See* Brief Grounds of Decision, HC/CWU 114/2025. Justice Aidan Xu further determined that "[t]he defendant has sought to fend off the winding up by trying to bring in wider circumstances. None of these go to the justice and fairness of the winding up claim." *Id.* The Winding-Up Order is a final, non-appealable adjudication on the merits by the High Court of the Republic of Singapore.

19.     Shortly after the Singapore Appellate Division entered the Winding-Up Order, Binder & Schwartz LLP withdrew as Debtor's New York counsel citing a conflict of interest.

20.     Upon entry of the Winding-Up Order, the Liquidators changed the Debtor's address to c/o 6 Shenton Way #33-00, OUE Downtown 2, Singapore 068809, reflecting the transfer of control to the Singapore-licensed Liquidators. *See* Ex. 1, Wei Cheong First Aff., at ¶ 14.

51633016v.2

21.    The Notice of Winding Up Application was published in the Government Gazette on May 2, 2025, and the Business Times on June 25, 2025, pursuant to Rule 66 of the Insolvency, Restructuring and Dissolution (Court-Ordered Winding Up) Regulations.

22.    The Liquidators immediately began to marshal the Debtor's assets.  The Liquidators wrote to all four directors of JGJ (the Kriss Brothers, Michael Ng, and Shaileshkumar Manubhai Khunt), requiring them to submit a Statement of Affairs and to surrender all money, property, books, papers and records of the Debtor.  The Liquidators also notified Binder & Schwartz (New York joint counsel at the time for the Debtor and the JDM Entities) of the Liquidators' appointment and that all authority of the directors, officers, and equity owners to act on behalf of the company was terminated under Singapore law.

23.    On July 14, 2025, the Liquidators submitted the First Affidavit of Wei Cheong to the Singapore High Court.  A true and correct copy of the First Affidavit of Wei Cheong is attached hereto as **Exhibit 1**.

24.    On July 30, 2025, the Kriss Brothers submitted a Statement of Affairs and Affidavit Verifying Statement of Affairs to the Liquidators (the "Statement of Affairs").  Of the 14 unsecured creditors listed on Schedule G of the Statement of Affairs, the Kriss Brothers provided Singapore addresses for 11 of the creditors—including unpaid attorneys' fees owed to Wong Tan & Molly Lim LLC, the Kriss Brothers'/Debtor's Singapore counsel.  A true and correct copy of the Statement of Affairs is attached hereto as **Exhibit 2**.

25.    The Debtor's books and records, including but not limited to the documents handed over by the Debtor's secretary and auditors, are currently held by the Liquidators in Singapore.  Despite multiple requests made to the directors, former counsel, and the auditors, the Liquidators have not received a complete set of the Debtor's books and records.

-7-

26.     The Liquidators sought and obtained authorization from the Singapore High Court to retain Singapore solicitors and New York lawyers pursuant to section 144(1)(e) and (f) of the IRDA.  The Liquidators subsequently retained Rajah & Tann Singapore LLP, as their Singapore Solicitors, and Foley & Lardner LLP, as their New York attorneys.  The Liquidators later substituted White and Williams LLP as their New York attorneys.

27.     On September 16, 2025, the Liquidators wrote to creditors to seek funding for the administration of the Debtor's liquidation, including reviewing claims and causes of action of the Debtor's estate.  To-date, the Liquidators have received an initial funding of S$35,000.00 from the petitioning creditor.  The funds were used to pay the retainers of Rajah & Tann and Foley & Lardner.  In addition, the Liquidators made a retainer payment of US$25,000.00 to White and Williams using the Company's funds which is currently maintained with the Official Receiver.

28.     The Liquidators did a preliminary review of the Debtor's books and records, the Parties' Business Arrangement, the litigation proceedings and the extensive discovery produced therein on the Debtor's claims and causes of action.

29.     On September 30, 2025, the Liquidators issued a demand letter to JDM, MGW and APJ on behalf of the Debtor seeking recovery of nearly US$37 million of unpaid invoices for goods purchased by JGJ but delivered to such entities (the "Demand Letter").  A true and correct copy of the Demand Letter is attached hereto as **Exhibit 3**.

30.     The Liquidators made demands on Debtor's prior counsel for all materials in their possession relating to their representation of the Debtor.  A true and correct copy of the initial demand letter for the Debtor's client file and materials is attached hereto as **Exhibit 4**.

31.     The Liquidators have also requested the Debtor's books and records from the Debtor's former auditors.

-8-

51633016v.2

32.     The Liquidators have corresponded with IDB Bank on various occasions seeking to take control of the Debtor's bank account in the United States. To date, the bank has denied the Liquidators' requests.

33.     To the extent the JDM Entities, prior counsel or auditors fail to respond to the Liquidators demands, the Liquidators intend to seek relief pursuant to applicable law. The Liquidators' and their Singapore solicitors have conducted an in-depth investigation into the Debtor's claims and causes of action against the Kriss Brothers and their entities and have taken material steps to advance such claims, including preparing a detailed draft complaint.

34.     The Liquidators have also negotiated and settled claims against TJCNY for unpaid invoices and has collected an initial payment of US$700,000 for the benefit of the Debtor's estate and its creditors, with additional payments to made under the settlement agreement.

35.     The Official Receiver (statutory authority in Singapore) maintains a liquidation account on behalf of the Debtor in Singapore with a current balance of S$860,896.28 (including US$700,000 being part of the settlement sum from TJCNY via the Settlement Agreement).

36.     On March 13, 2026, the Liquidators convened the first meeting of creditors of the Debtor in accordance with the IRDA. At the creditors' meeting, a Committee of Inspection ("**COI**") was duly established pursuant to s 150 of the IRDA. The COI will be responsible for steering the conduct of the liquidation, approving the Liquidators' remuneration, and providing instructions on the exercise of the Liquidators' powers on behalf of the body of creditors.

*[Remainder of this page intentionally left blank]*

51633016v.2

Response Declaration iso Motion for Recognition of Foreign Main Proceeding

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

JOINT FOREIGN REPRESENTATIVES

Dated: March 20, 2026

_____

Wei Cheong Tan

_____

Christina Khoo

51633016v.1